**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone:   (805) 270-7100
Facsimile:    (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
         kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff, JOSE GONZALEZ
(*Additional Counsel listed on next page*)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>CARDINAL HEALTH 200, LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>       Defendants. | Case No. EDCV 5:2018-1574-GW(SPx)<br><br>**SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay All Wages;**<br>2. **Failure to Pay Overtime Compensation (*Welfare Commission Orders* and California *Labor Code* §§ 510, 1194);**<br>3. **Failure to Pay Paid Time Off in Violation of California *Labor Code* § 227.3;**<br>4. **Failure to Pay Wages at the Time of Termination (California *Labor Code* §§ 201-203);**<br>5. **Failure to Provide Proper Wage Statement (California *Labor Code* § 226(a));**<br>6. **Unfair Business Practices (*Business and Professions Code* § 17200);**<br>7. **Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA");**<br>8. **Violation of California Labor Code §§ 2698, et. seq.;**<br>9. **Failure to Provide Meal Periods; and,**<br>10. **Failure to Provide Rest Breaks**<br><br>**DEMAND FOR JURY TRIAL** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:   (818) 609-0807
Facsimile:   (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, JOSE GONZALEZ

1    Plaintiff JOSE GONZALEZ (hereinafter referred to as "Plaintiff"), hereby
2  submits his Class and Collective Action Second Amended Complaint
3  ("Complaint") against Defendants CARDINAL HEALTH 200, LLC, a Delaware
4  limited liability company and Does 1-20 (hereinafter collectively referred to as
5  "Defendants") on behalf of himself and the class of all other similarly situated
6  current and former employees and common law employees of Defendants as
7  follows:

8                            **INTRODUCTION**

9    1.    This class action is within the Court's jurisdiction under California
10 Labor Code §§ 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, 2698-
11 2699 California Business and Professions Code § 17200, et seq., (Unfair Practices
12 Act), and Fair Labor Standards Act.

13   2.    This complaint challenges systemic illegal employment practices
14 resulting in violations of the California Labor Code, California Business and
15 Professions Code, and Fair Labor Standards Act against employees of Defendants.

16   3.    Plaintiff seeks relief on behalf of himself and the members of the
17 plaintiff class as a result of employment policies, practices and procedures more
18 specifically described below, which violate the California Labor Code, and the
19 orders and standards promulgated by the California Department of Industrial
20 Relations, Industrial Welfare Commission, and Division of Labor Standards, and
21 which have resulted in the failure of Defendants to pay Plaintiff and members of
22 the plaintiff class all wages due to them.

23   4.    Plaintiff is informed and believes and based thereon alleges
24 Defendants have engaged in, among other things a system of willful violations of
25 the California Labor Code, California Business and Professions Code, and
26 applicable IWC wage orders by creating and maintaining policies, practices and
27 customs that knowingly deny employees the above stated rights and benefits.
28 / / /

1    5.    The policies, practices and customs of Defendants described above
2  and below have resulted in unjust enrichment of Defendants and an unfair business
3  advantage over businesses that routinely adhere to the structures of the California
4  Labor Code, California Business and Professions Code, and Fair Labor Standards
5  Act.

6                    **JURISDICTION AND VENUE**

7    6.    The Court has jurisdiction over the violations of the California Labor
8  Code §§ 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, 2698-2699 and
9  California Business and Professions Code § 17200, et seq., (Unfair Practices Act).

10    7.    Venue is proper because the Defendants do business in California and
11  in San Bernardino County and the actions that gave rise to this action occurred in
12  San Bernardino County.

13                          **PARTIES**
14  **PLAINTIFF**

15    8.    Plaintiff JOSE GONZALEZ is a resident of Riverside, California.

16    9.    Plaintiff was employed full-time by Defendants as a non-exempt
17  hourly employee from approximately 1989 to June 2, 2017.  From approximately
18  2014 to June 2, 2017, Plaintiff's job title was "Receiving" and he made
19  approximately $20.15 an hour.  Prior to 2014, Plaintiff worked as a non-exempt
20  employee for Defendants as a "Picker."

21    10.    Plaintiff worked for Defendants at 4551 E. Philadelphia Street,
22  Ontario, San Bernardino California location.

23    11.    Plaintiff was a victim of the policies, practices and customs of
24  Defendants complained of in this action in ways that have deprived him of the
25  rights guaranteed to him by California Labor Code §§200, 201-203, 226(a), 227.3,
26  500, 510, 1194, 1197, 1198 and California Business and Professions Code §17200,
27  et seq., (Unfair Practices Act).
28  / / /

**DEFENDANTS**

12.     Plaintiff is informed and believes and based thereon alleges Defendant CARDINAL HEALTH 200, LLC, a Delaware limited liability company was and still is a Delaware corporation doing business in the State of California.

13.     According to https://www.cardinalhealth.com/en/about-us.html (Searched on 05.29.18) CARDINAL HEALTH 200, LLC is based in Dublin, Ohio, but has approximately 50,000 employees in nearly 60 countries.

14.     Based upon information and belief, CARDINAL HEALTH 200, LLC engages in the marketing of pharmaceutical preparations, hospital gowns, surgical appliances and supplies, and medical instruments. It also distributes medical laboratory equipment. In addition, it provides a range of integrated services, such as clinical and productivity consulting, procedure-based supply packaging, just-in-time delivery, and other services.

15.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

16.      As such and based upon information and belief, since Defendants' do business in California, Defendants are subject to California Labor Code §§ 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, and California Business and Professions Code §17200, et seq., (Unfair Practices Act).

17.      Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 20, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general

public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

18.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

19.    Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

20.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

21.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS

22.　Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

23.　This class action is brought on behalf of all California-based non-exempt employees who were not paid all hourly wages, including overtime wages during the course of employment or paid time off wages at termination of employment as required by the California Labor Code.  In addition, they were not provided final wages in a timely manner and the wage statements contained on the face violations.

24.　Plaintiff and the members of the plaintiff class seek unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants improperly:

  a.　Rounded employee time as a result of which Plaintiff and said members of the plaintiff class were not paid all wages due to them, including overtime wages;

  b.　Failed to pay Plaintiff and the other members of the plaintiff class overtime pay for all overtime hours worked;

  c.　Failed to pay Plaintiff and the other members of the plaintiff class all wages owed at termination;

  d.　Failed to pay Plaintiff and the other members of the plaintiff class all paid time off ("PTO") owed upon termination;

  e.　Failed to maintain accurate wage statements for Plaintiff and the other members of the plaintiff class pursuant to California Labor Code §226(a);

  f.　Failed to provide adequate meal breaks; and

  g.　Failed to provide adequate rest breaks.

/ / /

/ / /

25.     Plaintiff alleges that the following violations occurred on a routine basis to him and the members of the plaintiff class during his employment with Defendants:

- Defendants had a uniform policy of rounding their hourly employees' time resulting in Plaintiff and the members of the plaintiff class not being compensated for all the time that they worked, including overtime compensation.

- Plaintiff's last day of work was June 1, 2017 and he was terminated on June 2, 2017.  Defendants did not issue his final pay until June 3, 2017.  At that time, Plaintiff had an available balance of 197 of PTO available, but only 37 hours was pay out on the June 3, 2017 pay stub.

### Defendants' Failure to Pay for All Hours Worked

26.     Defendants' intentional payroll policies and procedures did not compensate its hourly non-exempt employees for all the minutes that they worked, including but not limited to the time that the employees were subject to the control and direction of Defendants; and/or the time that the employees were suffered or permitted to work.  Defendants' timekeeping system systematically shaved time off his actual time worked, by rounding her time stamps.  The system had a bias toward the employer, typically shaving minutes per day off of Plaintiff's "hours worked."  Therefore, Plaintiff alleges that Defendants' intentional payroll policies and procedures illegally rounded or "shaved" minutes from its hourly non-exempt employees' daily time worked at the beginning and end of their shift. Defendants' intentional payroll policies and procedure illegally and/or improperly "rounded" its hourly non-exempt employees' daily worked hours. Defendants' illegal "shaving" of time per day from each hourly employee's time worked and/or illegal "rounding" resulted in Defendants' failure to compensate each employee for all time actually worked every day worked in violation of California Labor Code § 1194.

Defendants owe each of its hourly employees for the unpaid "shaved" time and/or illegally "rounded" time.

***Defendants' Failure to Pay Overtime Compensation***

27.     Plaintiff alleges that he and the members of the plaintiff class were not paid for overtime on a routine basis.

28.     California <u>Labor Code</u> § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

29.     California <u>Labor Code</u> § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  California <u>Labor Code</u> § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."  California <u>Labor Code</u> § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

30.     Throughout the Class Period, in the applicable wage order, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

/ / /

31.     Defendants classified Plaintiff and the members of the plaintiff class were non-exempt employees, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

***Defendants' Failure to Pay All Paid Time Off Due Upon Termination of Employment***

32.     Plaintiff's last day of work was June 1, 2017 and he was terminated on June 2, 2017.  Defendants did not issue his final pay until June 3, 2017.  At that time, Plaintiff had an available balance of 197 of PTO available, but only 37 hours was pay out on the June 3, 2017 pay stub.

***Defendants' Failure to Pay All Wages Due at Termination of Employment***

33.     At all times, relevant hereto, California Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

34.     Defendants willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation.

***Defendants' Failure to Provide Accurate Wage Statements***

35.     California Labor Code Section 226(a) provides that, (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check

or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission… (5) net wages earned,…and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment..."

36.     As a result of the failure to pay all hours worked, failure to pay overtime and all paid time off wages due, as described above, Plaintiff, members of the plaintiff class and terminated sub class were, and are, routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them.

***Defendants Failure to Provide Timely Meal Periods and Provide Second Meal Break***

37.     Plaintiff and members of the plaintiff class allege they were routinely given late or shortened lunch periods and denied second meal breaks, despite the fact that Plaintiff and members of the plaintiff class did not sign meal waivers.

38.     At all times relevant to this Complaint, each Defendant failed, and has continued to fail, to timely provide Plaintiff and the members of the plaintiff class with meal periods. Plaintiff contends that when they and members of the plaintiff class worked shifts over (5) hours or more in duration, meal breaks were either cut short, interrupted, late, or entirely missed.

39.     Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendants routinely failed to provide Plaintiff and the members of the plaintiff class, with meal periods during which they were relieved of all duties by requiring them to remain on duty.

40.    Throughout the Class Period, Defendants regularly:

41.    Failed to provide Plaintiffs and the members of the plaintiff class with a meal period of not less than thirty (30) minutes during which they are relieved of all duties before working more than five (5) hours;

42.    Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

43.    Failed to accurately record all meal periods.

**Defendants Failure to Provide Rest Periods**

44.    Plaintiff and members of the plaintiff class allege they were routinely denied or unable to take rest breaks as provided by Cal. Lab. Code § 226.7.

45.    At all times, relevant hereto, California *Labor Code* § 226.7 and IWC Wage Order, number 4, section 12, requires employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

46.    At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, number 4, section 12 requires employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

47.    Plaintiff is further informed and believe, and based thereon allege, that Defendants failed to effectively communicate California rest period requirements to Plaintiffs and the members of the plaintiff class. Plaintiff is further informed and believes, and based thereon allege that throughout the Class Period Defendants failed to provide rest periods.

48.    Throughout the Class Period, Plaintiff and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

/ / /

49.    Specifically, throughout the Class Period, Defendants regularly:

a.    Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the plaintiff class were relieved of all duties for each four (4) hours of work and able to take rest periods within the middle of the shift; and

b.    Failed to pay Plaintiff and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

**Facts Regarding Willfulness**

50.    Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

51.    Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff for all hours worked, including overtime and accrued PTO.

**Plaintiff's Exhaustion of Administrative Remedies**

52.    Plaintiff is currently complying with the procedures for bringing suit specified in California Labor Code § 2699.3.  By letter dated May 31, 2018, required notice to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

53.    More than 65 days has passed since the Notice was sent and no response from the LWDA has been received.

/ / /

/ / /

/ / /

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

1

## CLASS ACTION ALLEGATIONS

2
3

54.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

4
5
6

55.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California <u>Code of Civil Procedure</u> §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

7

<u>Plaintiff Class:</u>

8
9
10
11
12
13
14

**All employees who were or are employed by Defendants during the Class Period (The Class Period is the period from May 31, 2014, through and including the date judgment is rendered in this matter) in California as "non-exempt employees."  As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the California <u>Labor Code</u>.**

15

<u>Terminated Sub Class:</u>

16
17
18
19

**All members of the Plaintiff Class whose employment ended during the Class Period (The Class Period is the period from May 31, 2014, through and including the date judgment is rendered in this matter).**

20

**(collectively "Plaintiff Class" or "Class Members")**

21
22
23
24
25

56.    The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

26
27
28

57.    Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class

member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    a.  Whether Plaintiff and the members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

    b.  Whether Defendants maintained accurate records of the hours worked by Plaintiff and the members of the Plaintiff Class;

    c.  Whether Defendants failed to compensate Plaintiff and the members of the Plaintiff Class for all paid time off accrued at the time of termination;

    d.  Whether Plaintiff and the members of the Plaintiff Class are entitled to overtime compensation;

    e.  Whether Defendants failed to maintain accurate records of work performed by Plaintiff and the members of the Plaintiff Class in violation of California Labor Code section 1174;

    f.  Whether Defendants unlawfully and/or willfully deprived failed to compensate Plaintiff and the members of the Plaintiff Class for all hours worked;

    g.  Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and the members of the Terminated Sub Class upon termination of their employment, in violation of California Labor Code §§ 201-203;

    h.  Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and the members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California Labor Code section 226(a);

    i.  Whether Plaintiff and the members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as

interest, penalties, costs, attorneys' fees, and equitable relief; and,

j.   Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, <u>Bus. & Prof. Code</u> § 17200, *et seq.*

58.   The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class.  Plaintiff and the members of the Plaintiff Class sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

59.   Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

60.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.
/ / /

61.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California <u>Code of Civil Procedure</u> § 382 because:

a.      The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

b.      The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

62.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

63.     Plaintiff brings this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of the "FLSA Class" defined as:

**<u>FLSA Class:</u>**

**All persons who were or are employed by Defendants as non-exempt employees in the United States within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.**

**(hereinafter, "FLSA Class" or "FLSA Collective Class")**

64.     Plaintiff alleges that during the FLSA Class Period, they are and were:

(A.) individuals who resided in the United States of America;

(B.) were employed as "non-exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

(C.) worked more than 40 hours in any given week;

(D.) did not receive all overtime compensation for all hours worked over 40 hours in any given week;

(E.) did not receive reimbursement for expenses that were paid for the primary benefit of the named Defendants;

(F.) worked regular hours for which they received no pay whatsoever;

(G.) are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

(H.) have signed a consent to sue that shall have been filed in this court.

65.     All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

## **FIRST CAUSE OF ACTION**

## **FAILURE TO PAY FOR ALL HOURS WORKED**

### **(By Plaintiff and the Members of the Plaintiff Class Against All Defendants)**

66.     Plaintiff incorporates herein by reference the allegations set forth above.

67.     At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work

at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California <u>Labor Code</u> §§200, 226, 500, 510, 1197, and 1198.

68.    For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants implemented policies that actively prevented employees from being compensated for all time worked by employing the use of a rounding program that rounded the actual recorded start and stop time of hourly employees when calculating their wages. In addition, Defendants failed to pay hourly employees for all time worked when the timekeeping system malfunctioned, by recording the time that employees' timecards were manually corrected, rather than the time they actually began work.

69.    Under the above-mentioned wage order and state regulations, § are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with California <u>Labor Code</u> § 218.5, and penalties pursuant to California <u>Labor Code</u> §§203 and 206.

70.    Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the members of the Plaintiff Class for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiff and the members of the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, in accordance with Plaintiff's and the Plaintiff Classes' respective damage amounts according to proof at time of trial.

71.    Defendants committed such actions alleged knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of

Plaintiff's and the Plaintiff Class' rights.

72.     Plaintiff and the members of the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, exemplary damages in amounts according to proof at time of trial.

73.     As a proximate result of the above-mentioned violations. Plaintiff and the members of the Plaintiff Class have been damaged in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

74.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

75.     California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."  California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

76.     Defendants have failed and refused to pay to Plaintiff and each member of the Plaintiff Class all overtime wages due to them in compliance with California Labor Code including, but not limited to, failing to pay all overtime accrued.  Based upon information and belief, Plaintiff and the other members of the Plaintiff Class were not routinely paid overtime when they worked in excess of eight (8) hours in a given day.

1     77.    As a direct and proximate result of the acts and/or omissions of each

2 Defendants, Plaintiff and each member of the Plaintiff Class has been deprived of

3 overtime wages due in amounts to be determined at trial.

4     78.    The applicable overtime requirements fixed by the commission for

5 Plaintiff and the members of the Plaintiff Class, are found in the applicable wage order.

6     79.    Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of

7 Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all overtime

8 wages due, Plaintiff and members of the Plaintiff Class are entitled to each recover the

9 unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid,

10 plus interest, fees and costs thereon.

11 **THIRD CAUSE OF ACTION**

12 **FORFEITURE OF VACATION PAY (CALIFORNIA *LABOR CODE* § 227.3)**

13 **(By Plaintiff and the members of the Plaintiff Class Against All Defendants)**

14     80.    Plaintiff re-alleges and incorporates all preceding paragraphs as

15 though fully set forth herein.

16     81.    This cause of action is brought pursuant to California Labor Code §

17 227.3, which prohibits employers from forfeiting payment of the vested vacation

18 wages of their employees.

19     82.    Plaintiff's employment by Defendants has been terminated. Plaintiff

20 had unused vested vacation wages (including, but not limited to, vacation pay, paid

21 time off pay, personal day pay, personal holiday pay, incidental time off, and/or

22 floating holiday pay) that were not paid out to him in a timely fashion at the end of

23 his employment in violation of California Labor Code § 227.3.

24     83.    As a matter of uniform corporate policy, procedure and practice

25 Defendants violated California Labor Code § 227.3 by failing to pay Plaintiff and

26 members of the Plaintiff Class all vested vacation wages, including the vested

27 vacation wages at the time of termination. The uniform policy of not paying

28 Plaintiff and members of the Plaintiff Class all vested vacation wages at the end of

1  their employment resulted in a forfeiture of vested vacation wages in violation of

2  California <u>Labor Code</u> § 227.3.

3      84.    The conduct of Defendants and their agents and employees as

4  described herein was willful and was taken in conscious disregard of the rights of

5  Plaintiff and the rights of the individual members of the Plaintiff Class.  Such

6  conduct, taken by Defendants' managerial employees, supports an award of up to

7  thirty (30) days of pay, pursuant to California <u>Labor Code</u> § 203, as penalties for

8  Plaintiff and each member of the Plaintiff Class who were not compensated for all

9  vested vacation time at the conclusion of their employment with Defendants.

10      85.    Such a pattern, practice and uniform administration of unlawful

11  corporate policy regarding employee compensation as described herein creates an

12  entitlement to recovery by

13  Plaintiff and each member of the Plaintiff Class for damages and wages owed and

14  for penalties, interest, costs and attorney's fees.

15  **<u>FOURTH CAUSE OF ACTION</u>**

16  **<u>FAILURE TO PAY WAGES AT TIME OF</u>**

17  **<u>TERMINATION (California *Labor Code* §§ 201-203)</u>**

18  **(By Plaintiff and Members of the Terminated Sub Class Against All Defendants)**

19      86.    Plaintiff re-alleges and incorporates all preceding paragraphs as

20  though fully set forth herein.

21      87.    At all times, relevant herein, Defendants were required to pay their

22  employees all wages owed in a timely fashion during and at the end of their

23  employment, pursuant to California <u>Labor Code</u> §§ 201-203.

24      88.    As a pattern and practice, Defendants regularly failed to pay Plaintiff

25  and the members of the Terminated Sub Class their final wages pursuant to

26  California <u>Labor Code</u> §§ 201-203, and accordingly owe waiting time penalties

27  pursuant to California <u>Labor Code</u> § 203.

28  / / /

89.     The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub Class.

90.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to California Labor Code § 203.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (Violation of California Labor Code 226(a))

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

91.     Plaintiff incorporates all preceding paragraphs as though fully set for herein.

92.     California Labor Code Section 226(a) provides that, (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission…(5) net wages earned…and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The

deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, copy includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

93.     In addition, the wage statements were incorrect since the hours worked were incorrect resulting in a violation of California <u>Labor Code</u> Section 226(a).

94.     California <u>Code of Civil Procedure</u> 226(a), Section (e) provides:
"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

95.     Plaintiff and members of the Plaintiff Class were damaged by this failure to provide accurate wage statements because, among other things, Plaintiff and members of the Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

96.     Plaintiff and members of the Plaintiff Class request recovery of California <u>Labor Code</u> §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California <u>Labor Code</u> §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

/ / /

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION: CALIFORNIA *BUSINESS AND PROFESSIONS CODE* § 17200, etc.

**(By Plaintiff, the Members of the Plaintiff Class, Against All Defendants)**

97.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

98.     Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

99.     Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.   Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

100.   The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.   As such, said conduct amounts to unfair business practices in violation of California Business and Professions Code § 17200, *et seq*.

101.   Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

102.   Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the plaintiff class.

103.   All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined

from Defendants' records.  The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

104.   During the Class Period, Defendants committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq*., of the <u>Business and Professions Code</u>, by and among other things, engaging in the acts and practices described above.

105.   Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the <u>Business and Professions Code</u>.

106.   The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of <u>Business and Professions Code</u> § 17200.

107.   Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

108.   Defendants' course of conduct described herein further violates California <u>Business and Professions</u> Code § 17200 in that it is fraudulent, improper, and unfair.

109.   The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

/ / /

/ / /

/ / /

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME

## COMPENSATION IN VIOLATION OF THE FAIR LABOR

## STANDARDS ACT

**(Against Defendants on behalf of Plaintiff**

**and Members of the FLSA Class)**

110.   Plaintiff re-allege and incorporate all preceding paragraphs as though fully set forth herein.

111.   The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation.  (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)  This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

112.   Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants in an non-exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked.  To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

113.   This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based upon the failure of the named Defendants to reimburse the named Plaintiff and the FLSA Plaintiff Class for certain transportation expenses that the named Plaintiff and the FLSA Plaintiff Class seek to represent paid when those expenses were primarily for the benefit of the named Defendants.

/ / /

114.    Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

a.    Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

b.    Whether Defendants failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendants as required by the FLSA;

c.    Whether Defendants' policies and practices were to write down the time worked by Plaintiff and collective employees;

d.    Whether Defendants failed to include all remuneration in calculating the appropriate rates overtime and straight time;

e.    Whether Defendants should be should be enjoined from continuing the practices which violate the FLSA; and

f.    Whether Defendants are liable to the collective employees.

115.    The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

116.    Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

117.    Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

118.   29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA.   The conduct by Defendants which violated the FLSA was willful.

119.   Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

120.   Plaintiff and collective employees were all paid to Defendants on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.   Defendants also failed to pay Plaintiff, and collective employees, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal and rest periods.

121.   For the purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

122.   Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

123.   As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

124.   Plaintiff, therefore, demand that they and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, compensation for miscalculation of

1  overtime and straight time, plus liquidated damages, interest and statutory costs as

2  provided by law.

3       125.   As a result of the willful actions of the named Defendants in reckless

4  disregard of the rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff

5  and the members of the FLSA Class have suffered damages.

6                        **EIGHTH CAUSE OF ACTION**

7  **VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq*. (PAGA)**

8                   **(By Plaintiff Against All Defendants)**

9       126.   Plaintiff incorporates all preceding paragraphs as though fully set for

10  herein.

11      127.   PAGA permits Plaintiff to recover civil penalties for the violation(s)

12  of the Labor Code sections enumerated in California <u>Labor Code</u> §2699.5.

13      128.   PAGA provides as follows: "[n]otwithstanding any other provision of

14  law, a Plaintiff may as a matter of right amend an existing complaint to add a cause

15  of action arising under this part at any time within 60 days of the time periods

16  specified in this part."

17      129.   Defendant's conduct, as alleged herein, violates numerous sections of

18  the California <u>Labor Code</u> including, but not limited to, the following:

19          a)  Rounded employee time as a result of which Plaintiff and said

20              members of the plaintiff class were not paid all wages due to them,

21              including overtime wages;

22          b)  Failed to pay Plaintiff and the other members of the plaintiff class

23              overtime pay for all overtime hours worked;

24          c)  Failed to pay Plaintiff and the other members of the plaintiff class all

25              wages owed at termination;

26          d)  Failed to pay Plaintiff and the other members of the plaintiff class all

27              paid time off ("PTO") owed upon termination; and,

28

e)   Failed to maintain accurate wage statements for Plaintiff and the other members of the plaintiff class pursuant to California <u>Labor Code</u> §226(a).

130.   California <u>Labor Code</u> § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California <u>Labor Code</u> section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.   The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

131.   California <u>Labor Code</u> §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . ."

Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

132.   California <u>Labor Code</u> § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages

paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

133.   California Labor Code § 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."  California Labor Code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

134.   Defendant, at all times relevant to this complaint, was employers or persons acting on behalf of an employer(s) who violated Plaintiff and other aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

135.   As set forth above, Defendant has violated numerous provisions of both the California Labor Code sections regulating hours and days of work as well as the applicable order of the IWC.  Accordingly, Plaintiff seeks the remedies set forth in California Labor Code § 558 for himself, the State of California, and all other aggrieved employees.

136.   Pursuant to PAGA, and in particular California Labor Code §§ 2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California

against Defendants, in addition to other remedies, for violations of California Labor Code §§ sections 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198.

137.   California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code § 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

138.   During the relevant time period, Defendant failed to pay Plaintiff and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California Labor Code § 204.  During the relevant time period, Defendant failed to pay Plaintiff and other aggrieved employees all wages due to them including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, within any time period specified by California Labor Code § 204.

139.   Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3 and SB 836. By letter dated May 31, 2018, Plaintiff, on behalf of himself and the other aggrieved employees, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

/ / /

/ / /

/ / /

/ / /

/ / /

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

## EIGHTH CAUSE OF ACTION

## MISSED MEAL PERIODS IN VIOLATION OF

## CALIFORNIA *LABOR CODE* §§ 200, 226.7, 512

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

140.   Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

141.   For at least the four (4) years preceding the filing of this action, Defendant failed to provide meal breaks and second meal breaks as required by law.

142.   There is no evidence that Plaintiff or members of the putative class signed a waiver for a second meal break.

143.   Plaintiff and members of the plaintiff class were routinely denied meal breaks, second meal breaks or took late meal breaks and suffered an underpayment of wages as a result.

144.   California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

145.   California *Labor Code* § 512 provides that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

146.   Section 11(A) of Wage Order No. 4-2001 provides that: "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an on duty meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall

state that the employee may, in writing, revoke the agreement at any time."

147. California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

148. Throughout the Class Period, Plaintiff and the members of the Plaintiff Class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

149. Throughout the Class Period, Plaintiff and members of the Plaintiff Class did not waive their meal periods, by mutual consent with Defendant or otherwise.

150. Defendant failed to comply with the required meal periods established by California *Labor Code* § 226.7, California *Labor Code* § 512, and the applicable Wage Order.

151. Defendant failed to compensate Plaintiff and members of the Plaintiff Class with premium wages when meal periods were missed.

152. Pursuant to Sections 11 and 12 of Wage Order No. 4-2001, and California *Labor Code* § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

153. At all times relevant to this Complaint, Defendant failed, and has continued to fail, to timely provide Plaintiff and the members of the Plaintiff Class with meal periods.

154.   Thus, throughout the Class Period, Defendant regularly:

    a.   Failed to provide timely, 30-minute uninterrupted meal periods during which Plaintiff and the members of the Plaintiff Class were relieved of all duty for each five (5) hours of work;

    b.   Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not permitted.

155.   Specifically, Plaintiff and Plaintiff Class members' meal breaks were routinely cut short, late, or entirely missed. Defendant did not provide second meal breaks for shifts in excess of ten (10) hours.

156.   As a direct and proximate result of the acts and/or omissions of Defendant, Plaintiff and the members of the Plaintiff Class have been deprived of meal period wages due in amounts to be determined at trial.

157.   Pursuant to California *Labor Code* §§ 226.7, 512, and applicable wage order, as a result of Defendant's failure to pay Plaintiff and the members of the Plaintiff Class for all meal periods and rest periods, Plaintiff and members of the Plaintiff Class are entitled to recover the unpaid meal period wages, plus interest, fees and costs thereon.

<u>**NINTH CAUSE OF ACTION**</u>

<u>**MISSED REST BREAKS IN VIOLATION OF**</u>

<u>**CALIFORNIA *LABOR CODE* §§ 200, 226.7, 512**</u>

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

158.   Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

159.   For at least the four (4) years preceding the filing of this action, Defendant failed to provide meal and rest breaks as required by law.

160.   Plaintiff and members of the plaintiff class were routinely denied rest breaks.

161.   California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

162.   California *Labor Code* § 512 provides that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

163.   Section 11(A) of Wage Order No. 4-2001 provides that: "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an on duty meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

164.   California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

165.   Throughout the Class Period, Plaintiff and members of the Plaintiff Class did not waive their rest periods, by mutual consent with Defendant or otherwise.

166.   Defendant failed to comply with the required meal periods established by California *Labor Code* § 226.7, California *Labor Code* § 512, and the applicable Wage Order.

167.   Defendant failed to compensate Plaintiff and members of the Plaintiff Class with premium wages when meal periods were missed.

168.   Pursuant to Sections 11 and 12 of Wage Order No. 4-2001, and California *Labor Code* § 226.7(b) (which requires, in the event that "an employer

1  fails to provide an employee a meal or rest period in accordance with an applicable

2  order of the industrial Welfare Commission, the employer shall the employee one

3  additional hour of pay at the employee's regular rate of compensation for each work

4  day that the meal or rest period is not provided"), the members of the Class are

5  entitled to damages in an amount equal to one (1) hour of wages per missed meal

6  period, in a sum to be proven at trial.

7       169.   At all times relevant to this Complaint, Defendant failed, and has

8  continued to fail, to timely provide Plaintiff and the members of the Plaintiff Class

9  with rest periods.

10      170.   As a direct and proximate result of the acts and/or omissions of

11  Defendant, Plaintiff and the members of the Plaintiff Class have been deprived of

12  meal period wages due in amounts to be determined at trial.

13      171.   Pursuant to California *Labor Code* §§ 226.7, 512, and applicable

14  wage order, as a result of Defendant's failure to pay Plaintiff and the members of

15  the Plaintiff Class for all meal periods and rest periods, Plaintiff and members of

16  the Plaintiff Class are entitled to recover the unpaid meal period wages, plus

17  interest, fees and costs thereon.

18                          **<u>PRAYER FOR RELIEF</u>**

19      WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members

20  of the Plaintiff Class and FLSA Class, prays for judgment against Defendants as

21  follows:

22      1.      For an order certifying the Plaintiff Class and FLSA Class;

23      2.      For nominal damages;

24      3.      That the Court issue an order certifying this action is a collective

25  action brought pursuant to the FLSA, 29 U.S.C. §216 (b);

26      4.      Designation of the Plaintiff as the collective class representative of the

27  FLSA Class;

28

5.      Certification of this class action on behalf of the proposed Plaintiff Class;

6.      Designation of Plaintiff as the class representative of the Plaintiff Class and FLSA Class;

7.      A temporary, preliminary, and permanent injunction requiring Defendants to pay Plaintiff and members of the Plaintiff Class and FLSA Class proper overtime wages, computed based upon the actual regular rate;

8.      A temporary, preliminary, and permanent injunction requiring Defendants to refrain from committing unlawful and unfair business practices proscribed by the California Business & Professions Code § 17200 et seq.;

9.      Equitable tolling of the applicable statute of limitations on claims of Plaintiff and members of the classes;

10.     A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law and have willfully violated the FLSA for purposes of calculating the applicable statute of limitations period:

    a.      the FLSA, 29 U.S.C. §207 (a), by failing to provide compensation at time and a half rates for work in excess of 40 hours per workweek;

    b.      California Labor Code §§ 510, 550-556, 1194 (a) and the applicable IWC Wage Order, by failing to pay all premium wages due for work in excess of 8 hours per workday, 12 hours per workday and/or 40 hours per workweek, and/or for work on the 7th day of a 7-day workweek;

    d.      California Labor Code § 226, by failing to provide the information required with each payment of wages;

    e.      California Labor Code §§ 201-203 and 227.3 by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

f.      California Business & Professions Code §§ 17200-08 by violating the provisions set forth herein above;

g.      the FLSA, 29 U.S.C. §206, by failing to provide minimum wages;

11.     An award of unpaid overtime premiums plus liquidated damages and interest pursuant to 29 U.S.C. §255 (a).

12.     An award of restitution or damages in the amount of unpaid overtime, minimum wage compensation (plus liquidated damages pursuant to California Labor Code §1194.2), including interest thereon, subject to proof at trial.

13.     An award of statutory penalties pursuant to California Labor Code §§ 203, 1174.5, and 2698-99 and California Business & Professions Code §17206, subject proof at trial.

14.     An award of waiting time penalties as to those class members who quit or have been discharged, pursuant to California Labor Code §203, subject proof at trial.

15.     An award of restitution of all amounts owed and unpaid overtime, minimum wage compensation and interest thereon, in an amount to be proved at trial, pursuant to California Business & Professions Code §17203.

16.     Disgorgement of profits and all other appropriate equitable relief authorized by California Business & Professions Code § 17203.

17.     Prejudgment and post judgment interest on all sums awarded.

18.     Attorneys' fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to 29 U.S.C. §216 (b), Labor Code §§ 226 (g), 1194 (a), 2699 (g) (1) and California Code of Civil Procedure §1021.5, and any other such provision as may be applicable.

19.     For penalties as permitted by the California Labor Code, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, penalties permitted by California Labor

1    <u>Code</u> §§ 203, 226(a), 226.3, 226.7, 510, 512, 512(a), 1174, 1194.2, 1194.5, 1197

2    and 1198.

3         20.    Costs of suit.

4         21.    Such other and further relief as is equitable, just, and proper.

5

6    Dated:  January 24, 2020              **BRADLEY/GROMBACHER, LLP**

7                                          **LAW OFFICES OF SAHAG MAJARIAN II**

8                                          By: <u>*/s/Marcus J. Bradley*</u>

9                                              Marcus J. Bradley, Esq.
                                               Kiley L. Grombacher, Esq.
10                                             Attorneys for Plaintiff

11                              **<u>JURY DEMAND</u>**

12        Plaintiff demands a trial by jury on all issues so triable as a matter of right.

13

14

15   Dated:  January 24, 2020              **BRADLEY/GROMBACHER, LLP**

                                           **LAW OFFICES OF SAHAG MAJARIAN II**
16

17                                         By: <u>*/s/Marcus J. Bradley*</u>
                                               Marcus J. Bradley, Esq.
18                                             Kiley L. Grombacher, Esq.

19                                             Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF LOS ANGELES   )

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address 31365 Oak Crest Drive, Suite 240, Westlake Village, California, 91361.

     On **January 24, 2020,** I served the foregoing documents described **CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT**  on all interested parties in this action as follows: **SEE ATTACHED SERVICE LIST**

[ X ]  **(VIA US MAIL)** I caused such envelope(s) to be deposited in the mail at Westlake Village, California with postage thereon fully prepaid.
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(VIA FEDERAL EXPRESS)** I caused to have served such document(s) by depositing them in the drop box at Westlake Village, California, for priority overnight next day delivery.

[ ]  **(VIA FACSIMILE)** I caused such document to be faxed to the persons identified with fax numbers on the attached Mailing List.

[ ]  **(VIA PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee.

[ ]  **(BY ELECTRONIC FILING SERVICE PROVIDER)** I electronically filed the document(s) with the Clerk of the Court by using one of the court's approved electronic filing service providers (EFSP).  Participants in the case will be electronically served by the court's electronic filing service provider.  Participants in the case, who are required by statute or rule, will be served by mail or by other means permitted by the court rules.  My email address is sboucher@bradleygrombacher.com.  Said document(s) were served by email on _____.  The names and email addresses of the persons served are set forth in the service list.

[ ]  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed **January 24, 2020** at Westlake Village, California.

Suzette Boucher

-42-

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

1
2
3

***GONZALEZ v. CARDINAL HEALTH, LLC***
***UNITED STATES DISTRICT COURT***
***CENTRAL DISTRICT CASE NO.: EDCV 18-1574-GW(SPx)***

4

**<u>Service List</u>**

| Chad D. Bernard (SBN 194162) <br> John P. Nordlund (SBN 286153) <br> **JACKSON LEWIS P.C.** <br> 225 Broadway, Suite 2000 <br> San Diego, California 92101 <br> Telephone: (619) 73-4900 <br> Facsimile: (619) 573-4901 <br> Chad.bernard@jacksonlewis.com <br> John.nordlund@jacksonlewis.com | Attorney for the Defendants |
|---|---|

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT