**BRADLEY/GROMBACHER LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361-3089
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
kgrombacher@bradleygrombacher.com
mbradley@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, Jose Gonzalez, on his own
Behalf and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, an individual on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDINAL HEALTH 200, L.L.C., a Delaware limited liability company, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. ED 5:18-CV-01574-GW (SPx)<br>Hon. George H. Wu<br><br>**SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: May 14, 2020<br>Time: 8:30 a.m.<br>Location: United States District Court<br>　　　　　Central District<br>　　　　　350 W. 1st Street<br>　　　　　Floor, Courtroom<br>　　　　　Los Angeles. CA 90012 |

1

SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. ED 5:18 CV 18-1574-GW (SPx)

On May 13, 2020, this Court issued a tentative ruling on Plaintiff Jose Gonzalez's Unopposed Motion for Preliminary Approval of Class Action Settlement. In that tentative ruling, this Court found "that Plaintiff had satisfied most of the requirements for preliminary class certification and class action approval. However, the Court cannot certify the class without adequate analysis of the predominance and superiority requirements. . . [T]he Court requests supplemental briefing from Plaintiff on that issue before the Court rules on Plaintiff's Motion." (Tentative Ruling, p. 17). Plaintiff Jose Gonzalez respectfully submits this additional briefing.

1. Predominance

As to the predominance factor, the United States Supreme Court has explained that it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products v. Windsor*, (1997) 521 U.S. 591, 623. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (1998). Central to this inquiry is "the notion that the adjudication of common issues will help achieve judicial economy." *Zinser v. Accufix Research Inst, Inc,* 253 F.3d. 1180, 1189 (9th. Cir. 2001) (quoting *Valentino v. Carter-Wallace, Inc*., 97 F.3d 1227, 1234 (9th Cir. 1996)). Here, there are 1,820 affected employees (proposed class members). All proposed class members worked for Cardinal within their supply operations, primarily as warehouse operation associates (Motion for Preliminary Authority, p. 2:6-12).

Courts have held that the interrelated commonality and predominance requirements are satisfied if common issues predominate. At its heart, this is a procedural inquiry asking "whether... the issues which may be jointly tried, when compared with those requiring separate adjudication, are so numerous or

2

SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. ED 5:18 CV 18-1574-GW (SPx)

substantial that the maintenance of a class action would be advantageous to the judicial process and to the litigants." (*Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 326 (citing *Collins v. Rocha* (1972) 7 Cal.3d 232, 238).) Further, in the lower threshold of the settlement context, "commonality of issues only makes a difference if the non-representative class members would do much better by litigating on their own." (*Dunk v. Ford Motor Co.* 48 Cal.App.4th at p. 1807, fn. 19. (1996))

Due to the expense of litigation and the difficulty of proving such claims, it is likely that individual employees would not "do much better" litigating the claims in this lawsuit on their own.  Here, Plaintiff's Motion for Preliminary Authority addresses the common questions of facts including:

1. Defendant rounded its employees' start and stop time entries;
2. Defendant's common practice of failing to provide or permit its employees to take meal breaks and failing to pay all premiums for missed and late meal breaks;
3. Defendant's common practice of apparently permitting employees to take rest breaks;
4. Defendant's common practice of failing to pay employees all wages due immediately on termination; and
5. Defendant's failure to provide proper wage statements (Plaintiff's Motion for Preliminary Authority, p. 11:1-20, fns 2-4).

"Because trial courts are ideally situated to evaluate the efficiencies and practicalities of permitting group action, they are afforded great discretion in granting or denying certification." A certification order generally will not be disturbed unless (1) it is unsupported by substantial evidence, (2) it rests on improper criteria, or (3) it rests on erroneous legal assumptions. [Citations omitted]" (*Fireside Bank v. Superior Court,* 40 Cal.4th 1069, 1089 (2007); *see also Hamwi v. Citinational–Buckeye Inv. Co.* (1977) 72 Cal.App.3d 462, 472,

3

SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. ED 5:18 CV 18-1574-GW (SPx)

["So long as [the trial] court applies proper criteria and its action is founded on a rational basis, its ruling must be upheld."].) *Brinker Rest. Corp. v. Superior Court*, (2012) 53 Cal. 4th 1004, 1022.

Here, as the Court had noted in its Tentative Ruling, Plaintiff has established commonality (Tentative Ruling, p. 6).  Predominance is a factual question; and in this case, there was substantial evidence to demonstrate predominance of the claims including a 25% class sample of class data supporting class damages for the claims of rounding, meal break damages, waiting time penalties, and wage statements violations  (Bradley Decl. ISO Motion for Preliminary Authority, ¶¶8, 12-22)

A court will "[p]resum [e] in favor of the certification order ... the existence of every fact the trial court could reasonably deduce from the record...." *Brinker Rest. Corp. v. Superior Court*, (2012) 53 Cal. 4th 1004, 1022.  Here, substantial evidence demonstrated the likelihood that such claims were predominant to all class members.  On the flipside, however, each class member could anticipate the same arguments that Defendant presented regarding the merits of those claims (Bradley Decl.  ¶¶20-25).  As discussed above, common questions predominate over such individual issues, specifically in whether such violations enumerated were widespread.

2. <u>Superiority</u>

Under Rule 23(b)(3) a class action is superior to other methods available for adjudication of the other parties' disputes.  It provides, (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. Proc. 23(b). "Where classwide litigation of common

4

SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. ED 5:18 CV 18-1574-GW (SPx)

issues will reduce litigation costs and promote greater efficiency, a class action may be superior to other methods of litigation. *Valentino v. Carter-Wallace,* 97 F.3d 1227, 1234 (9th Cir. 1996).

In considering whether a class action is superior, the court must focus on whether the interests of "efficiency and economy be advanced by class treatment. *Zinsner v. Accufix Research Institute Inc.,* 253 F.3d 1180, 1189 (9th Cir. 2001). Although not necessarily determinative, a court's analysis of the predominance issue is closely related to whether or not class action treatment is "superior." *See Haley v Medtronic, Inc.,* 169 F.R.D. 643, 651-52 (C.D. Cal. 1996).

As stated in Plaintiff's MPA, "the fact that more than 1,000 individual claims "would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs" weighs heavily in favor of a class action." *See Hanlon v. Chrysler Corp.*(1998) 150 F. 3 1011 at 1023 (*See* Plaintiff's MPA, p.14:6-9). In addition, Plaintiff undertook statistical sampling to calculate damage models on a classwide basis (Bradley Decl. ¶¶8-9). Case law is clear that classwide treatment using several classwide procedural mechanisms is appropriate and superior to 1,820 individual lawsuits.

3. <u>Settlement Claims Release</u>

Due to an error, an additional edit to the settlement release paragraph was not captured. However, the class period provisions and class notice capture the change to the release period to September 28, 2016 through preliminary approval.

//
//
//
//
//
//

SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No. ED 5:18 CV 18-1574-GW (SPx)

| | | |
|---|---|---|
| 1 | Dated: May 13, 2020 | **BRADLEY/GROMBACHER, LLP** |
| 2 | | **LAW OFFICES OF SAHAG MAJARIAN, II** |

By: */s/ Marcus J. Bradley*
       Marcus J. Bradley, Esq.
       Kiley L. Grombacher, Esq.
       Sahag Marjarian, II, Esq.

Attorneys for Plaintiff

6

SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. ED 5:18 CV 18-1574-GW (SPx)