1  David K. Montgomery (SBN 120066)
2  JACKSON LEWIS P.C.
   PNC Center, 26th Floor
3  201 E. Fifth Street
   Cincinnati, Ohio  45202
4  Telephone:   (513) 898-0050
   Facsimile:    (513) 898-0051
5  david.montgomery@jacksonlewis.com

6
   Christine M. Fitzgerald (SBN 259014)
7  John P. Nordlund (SBN 286153)
   JACKSON LEWIS P.C.
8  225 Broadway, Suite 2000
   San Diego, California  92101
9  Telephone:   (619) 573-4900
   Facsimile:    (619) 573-4901
10 Christine.fitzgerald@jacksonlewis.com
   John.nordlund@jacksonlewis.com
11

12
13 Attorneys for Defendant
   CARDINAL HEALTH 200, LLC
14                    UNITED STATES DISTRICT COURT

15                   CENTRAL DISTRICT OF CALIFORNIA

16 JOSE GONZALEZ, an individual, on his      Case No.:   5:18-cv-1574 GW (SPx)
17 own behalf and on behalf of all others
   similarly situated,                       **DECLARATION OF JOHN P.**
18                                           **NORDLUND REGARDING**
              Plaintiff,                     **COMPLIANCE WITH 28 U.S.C. § 1715**
19                                           **PER THE COURT'S ORDER [Dkt. 36]**
20        v.

21 CARDINAL HEALTH 200, LLC, a
   Delaware limited liability company; and
22 DOES 1 through 20, inclusive,             State Court Complaint filed:    5/31/18
                                             Trial Date:                     Not Set
23            Defendants.

24

25

26

27

28
                                        1

## <u>DECLARATION OF JOHN P. NORDLUND</u>

I, John P. Nordlund, hereby declare:

1.    I am an attorney with the law firm of Jackson Lewis P.C., counsel of record for Defendant CARDINAL HEALTH 200, LLC (Defendant).  I have personal knowledge of the facts stated in this Declaration and if called upon to do so, I could and would competently testify to them.  I submit this Declaration regarding Compliance with 28 U.S.C. § 1715 pursuant to the Court's order dated May 15, 2020 [Dkt. 36].

2.    On April 9, 2020, I provided appropriate notice to appropriate government officials of the proposed class action settlement in this matter pursuant to 28 U.S.C. § 1715.  A true and correct copy of the April 9, 2020 notice to government officials is attached hereto as **EXHIBIT A**, and is incorporated herein by reference.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 18th day of May, 2020, at San Diego, California.

*/s/ John P. Nordlund*
John P. Nordlund

DECLARATION OF JOHN P. NORDLUND
CASE NO. 5:18-cv-1574 GW (SPx)

# EXHIBIT A

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson|lewis.

**Jackson Lewis P.C.**
**225 Broadway**
**Suite 2000**
**San Diego CA 92101**
**Tel 619 573-4900**
**Fax 619 573-4901**
**www.jacksonlewis.com**

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | RALEIGH, NC |
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RAPID CITY, SD |
| ATLANTA, GA | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| BALTIMORE, MD | HONOLULU, HI | NEW YORK, NY | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | HOUSTON, TX | NORFOLK, VA | SAN DIEGO, CA |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN FRANCISCO, CA |
| BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN JUAN, PR |
| CHARLOTTE, NC | KANSAS CITY REGION | ORLANDO, FL | SEATTLE, WA |
| CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | SILICON VALLEY, CA |
| CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON DC REGION |
| DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |

April 9, 2020

**<u>VIA USPS PRIORITY MAIL</u>**

United States Attorney General
and Other Attorneys General

William Pelham Barr, Esq.
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-00001

CAFA Coordinator
Office of the Attorney General Xavier Becerra
Consumer Law Section
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

*See* attached Distribution List (Exhibit 8) for Additional Recipients

Re:   CAFA Notice for the Proposed Settlement in *Jose Gonzalez v. Cardinal Health 200, LLC,* United States District Court for the Central District of California, Case No. 5:18 CV 18-1574-GW (SPx)

Dear Attorneys General:

Defendant Cardinal Health 200, LLC (hereinafter "Cardinal Health") provides this notice in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1711, *et seq.,* to advise you that a proposed class action settlement has been filed in the matter of *Jose Gonzalez v. Cardinal Health 200, LLC,* United States District Court for the Central District of California, Case No. 5:18 CV 18-1574-GW (SPx).

Plaintiff Jose Gonzalez, individually and as a putative class member, filed a motion seeking preliminary approval of the parties' proposed class action settlement on April 1, 2020. The preliminary approval hearing is scheduled for May 7, 2020 at 8:30 a.m. before The Honorable George H. Wu, United States District Judge of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, CA 90012. A final approval motion will follow. Complete details regarding the terms of the proposed settlement are contained within the proposed Stipulation and Agreement of Compromise And Class Settlement enclosed herewith as Exhibit 4.

Pursuant to 28 U.S.C. § 1715(b), Cardinal Health encloses a copy of each of the following documents:

(1)     Plaintiff's Complaint filed in State Court (**Exhibit 1**);

(2)     Plaintiff's First Amended Complaint (**Exhibit 2**);

(3)     Plaintiff's Second Amended Complaint (**Exhibit 3**);

(4)     Proposed Stipulation and Agreement of Compromise And Class Settlement, including the Proposed Notice to the Class Members (**Exhibit 4**);

(5)     The Unopposed Motion for Preliminary Approval of Class Action Settlement (**Exhibit 5**);

(6)     Plaintiff's Notice of Corrected Hearing Date Re: Unopposed Motion for Preliminary Approval of Class Action Settlement (**Exhibit 6);**

(7)     A chart, based on records currently available, setting forth a reasonable estimate of the number of putative class members residing in each state. (**Exhibit 7**); and

(8)     A Distribution List of Recipients of CAFA Notice (**Exhibit 8**).

In addition, 28 U.S.C. § 1715(b)(7) requires Cardinal Health to notify the United States Attorney General and the appropriate official of each State in which a putative class member resides of the estimated proportionate share of the claims for those State's residents. This is a putative class action for past and present employees of Cardinal Health who were employed in California only. There were approximately 1,820 potential class members as of February 4, 2020. The names of the putative class members and their estimated proportionate share will depend on: (1) how many putative class members opt-out of the settlement; (2) how much the court awards for attorneys' fees, costs, and an enhancement award; (3) the actual amount of settlement administration expenses; and (4) the number of workweeks worked by each putative class member during the relevant class period.  Based on the approximate 1,820 potential class members, potential class members are estimated to each receive a raw average of approximately $480.00 (*i.e.*, Net Settlement Amount / 1,820). Each individual putative class member's settlement amounts may be more or less than this raw

April 9, 2020
Page 3

average, depending on the factors listed above. The claims administration process following preliminary approval will confirm the identity of the putative class members and calculate each participating class member's estimated settlement share.

Lastly, there are no additional settlements or agreements contemporaneously made between class counsel and defense counsel. No final judgment or notice of dismissal has yet been filed in this action. There are no additional written judicial opinions relating to the materials described above.

Should you have any questions, please feel free to contact us at (619) 573-4900.

Sincerely,

JACKSON LEWIS P.C.

David K. Montgomery
John P. Nordlund
Christine M. Fitzgerald
Counsel for Defendant Cardinal Health
200, LLC

Enclosures (exhibits as noted)

4831-0857-6185, v. 1

# EXHIBIT 1

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** CARDINAL HEALTH 200, LLC, a Delaware
*(AVISO AL DEMANDADO):* limited liability company; and DOES
1 through 20, inclusive,

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
>
> MAY 31 2018
>
> BY

**YOU ARE BEING SUED BY PLAINTIFF:** JOSE GONZALEZ, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, on his
own behalf and on behalf of all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* **CIVDS1813181** |
|---|---|

Superior Court of California, County of San Bernardino
247 West Third Street
San Bernardino, California 92415-0210

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcus J. Bradley, SBN 174156
Kiley L. Grombacher, SBN 245960
Bradley/Grombacher LLP
2815 Townsgate Road, Suite 130, Westlake Village, California 91361 (805) 212-7100

| DATE: *(Fecha)* MAY 3 0 2018 | Clerk, by *(Secretario)* JASMIN CASILLAS | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

    ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

1  | **BRADLEY/GROMBACHER, LLP**
2  | Marcus J. Bradley, Esq. (SBN 174156)
   | Kiley L. Grombacher, Esq. (SBN 245960)
3  | Taylor L. Emerson, Esq. (SBN 225303)
   | 2815 Townsgate Road, Suite 130
4  | Westlake Village, California 91361
   | Telephone:     (805) 270-7100
5  | Facsimile:      (805) 270-7589
   | E-Mail: mbradley@bradleygrombacher.com
6  |            kgrombacher@bradleygrombacher.com

7  | **LAW OFFICES OF SAHAG MAJARIAN II**
8  | Sahag Majarian II, Esq. (SBN 146621)
   | 18250 Ventura Boulevard
9  | Tarzana, California 91356
   | Telephone:     (818) 609-0807
10 | Facsimile:      (818) 609-0892
   | Email: sahagii@aol.com

12 | Attorneys for Plaintiff, JOSE GONZALEZ

14 | **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

15 | **COUNTY OF SAN BERNARDINO**

16 |                                              CIVDS1813181

17 | JOSE GONZALEZ, an individual, on his own        Case No.
   | behalf and on behalf of all others similarly
18 | situated,                                       **CLASS AND COLLECTIVE ACTION**
   |                                                 **COMPLAINT FOR:**
19 |            Plaintiff,

20 | v.                                              1.  **Failure to Pay All Wages;**
   |                                                 2.  **Failure to Pay Overtime Compensation**
21 |                                                     (*Welfare Commission Orders* **and**
   | CARDINAL HEALTH 200, LLC, a Delaware                California *Labor Code* §§ 510, 1194);
22 | limited liability company; and DOES 1           3.  **Failure to Pay Paid Time Off in**
   | through 20, inclusive,                              **Violation of California** *Labor Code* §
23 |                                                     **227.3;**
   |            Defendants.                           4.  **Failure to Pay Wages at the Time of**
24 |                                                     **Termination (California** *Labor Code* §§
   |                                                     **201-203);**
25 |                                                 5.  **Failure to Provide Proper Wage**
   |                                                     **Statement (California** *Labor Code* §
26 |                                                     **226(a));**
   |                                                 6.  **Unfair Business Practices (***Business*
27 |                                                     *and Professions Code* **§ 17200); and,**

28 |

-1-
CLASS AND COLLECTIVE ACTION COMPLAINT

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 3 1 2018

BY_____ , DEPUTY
JASMIN CAREAGA, DEPUTY

**7. Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA")**

**DEMAND FOR JURY TRIAL**

Plaintiff JOSE GONZALEZ (hereinafter referred to as "Plaintiff"), hereby submits his Class and Collective Action Complaint against Defendants CARDINAL HEALTH 200, LLC, a Delaware limited liability company and Does 1-20 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees and common law employees of Defendants as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California Labor Code §§ 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, California Business and Professions Code § 17200, et seq., (Unfair Practices Act), and Fair Labor Standards Act.

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, California Business and Professions Code, and Fair Labor Standards Act against employees of Defendants.

3. Plaintiff seeks relief on behalf of himself and the members of the plaintiff class as a result of employment policies, practices and procedures more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and members of the plaintiff class all wages due to them.

4. Plaintiff is informed and believes and based thereon alleges Defendants have engaged in, among other things a system of willful violations of the California Labor Code, California Business and Professions Code, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5. The policies, practices and customs of Defendants described above and below

-2-

1  have resulted in unjust enrichment of Defendants and an unfair business advantage over

2  businesses that routinely adhere to the structures of the California Labor Code, California

3  Business and Professions Code, and Fair Labor Standards Act.

4  **JURISDICTION AND VENUE**

5        6.      The Court has jurisdiction over the violations of the California Labor Code §§

6  200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, and California Business and

7  Professions Code § 17200, et seq., (Unfair Practices Act).

8        7.      Venue is proper because the Defendants do business in California and in San

9  Bernardino County and the actions that gave rise to this action occurred in San Bernardino

10  County.

11  **PARTIES**

12  **PLAINTIFF**

13        8.      Plaintiff JOSE GONZALEZ is a resident of Riverside, California.

14        9.      Plaintiff was employed full-time by Defendants as a non-exempt hourly employee

15  from approximately 1989 to June 2, 2017. From approximately 2014 to June 2, 2017, Plaintiff's

16  job title was "Receiving" and he made approximately $20.15 an hour. Prior to 2014, Plaintiff

17  worked as a non-exempt employee for Defendants as a "Picker."

18        10.     Plaintiff worked for Defendants at 4551 E. Philadelphia Street, Ontario, San

19  Bernardino California location.

20        11.     Plaintiff was a victim of the policies, practices and customs of Defendants

21  complained of in this action in ways that have deprived him of the rights guaranteed to him by

22  California Labor Code §§200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198 and California

23  Business and Professions Code §17200, et seq., (Unfair Practices Act).

24  **DEFENDANTS**

25        12.     Plaintiff is informed and believes and based thereon alleges Defendant

26  CARDINAL HEALTH 200, LLC, a Delaware limited liability company was and still is a

27  Delaware corporation doing business in the State of California.

28        13.     According to https://www.cardinalhealth.com/en/about-us.html (Searched on

05.29.18) CARDINAL HEALTH 200, LLC is based in Dublin, Ohio, but has approximately 50,000 employees in nearly 60 countries.

14.    Based upon information and belief, CARDINAL HEALTH 200, LLC engages in the marketing of pharmaceutical preparations, hospital gowns, surgical appliances and supplies, and medical instruments. It also distributes medical laboratory equipment. In addition, it provides a range of integrated services, such as clinical and productivity consulting, procedure-based supply packaging, just-in-time delivery, and other services.

15.    Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

16.    As such and based upon information and belief, since Defendants' do business in California, Defendants are subject to California Labor Code §§ 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, and California Business and Professions Code §17200, et seq., (Unfair Practices Act).

17.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 20, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

18.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

19.   Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

20.   At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

21.   At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

**FACTUAL ALLEGATIONS**

22.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

23.   This class action is brought on behalf of all California-based exempt employees who were not paid all hourly wages, including overtime wages during the course of employment or paid time off wages at termination of employment as required by the California Labor Code. In addition, they were not provided final wages in a timely manner and the wage statements contained on the face violations.

24.   Plaintiff and the members of the plaintiff class seek unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants improperly:

a.   Rounded employee time as a result of which Plaintiff and said members of the

1　　　plaintiff class were not paid all wages due to them, including overtime wages;

2　　b. Failed to pay Plaintiff and the other members of the plaintiff class overtime pay

3　　　for all overtime hours worked;

4　　c. Failed to pay Plaintiff and the other members of the plaintiff class all wages owed

5　　　at termination;

6　　d. Failed to pay Plaintiff and the other members of the plaintiff class all paid time

7　　　off ("PTO") owed upon termination; and,

8　　e. Failed to maintain accurate wage statements for Plaintiff and the other members

9　　　of the plaintiff class pursuant to California Labor Code §226(a).

10　　25.　　Plaintiff alleges that the following violations occurred on a routine basis to him

11　and the members of the plaintiff class during his employment with Defendants:

12　　　• Defendants had a uniform policy of rounding their hourly employees' time

13　　　　resulting in Plaintiff and the members of the plaintiff class not being

14　　　　compensated for all the time that they worked, including overtime

15　　　　compensation.

16　　　• Plaintiff's last day of work was June 1, 2017 and he was terminated on June

17　　　　2, 2017. Defendants did not issue his final pay until June 3, 2017. At that

18　　　　time, Plaintiff had an available balance of 197 of PTO available, but only 37

19　　　　hours was pay out on the June 3, 2017 pay stub.

20　**Defendants' Failure to Pay for All Hours Worked**

21　　26.　　Defendants' intentional payroll policies and procedures did not compensate its

22　hourly non-exempt employees for all the minutes that they worked, including but not limited to

23　the time that the employees were subject to the control and direction of Defendants; and/or the

24　time that the employees were suffered or permitted to work. Defendants' timekeeping system

25　systematically shaved time off his actual time worked, by rounding her time stamps. The system

26　had a bias toward the employer, typically shaving minutes per day off of Plaintiff's "hours

27　worked." Therefore, Plaintiff alleges that Defendants' intentional payroll policies and

28　procedures illegally rounded or "shaved" minutes from its hourly non-exempt employees' daily

1   time worked at the beginning and end of their shift. Defendants' intentional payroll policies and

2   procedure illegally and/or improperly "rounded" its hourly non-exempt employees' daily worked

3   hours. Defendants' illegal "shaving" of time per day from each hourly employee's time worked

4   and/or illegal "rounding" resulted in Defendants' failure to compensate each employee for all

5   time actually worked every day worked in violation of California <u>Labor Code</u> § 1194. Defendants

6   owe each of its hourly employees for the unpaid "shaved" time and/or illegally "rounded" time.

7   ***Defendants' Failure to Pay Overtime Compensation***

8       27.    Plaintiff alleges that he and the members of the plaintiff class were not paid for

9   overtime on a routine basis.

10      28.    California <u>Labor Code</u> § 1194 provides that an employee receiving less than the

11  legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full

12  amount of this minimum wage or overtime compensation, including interest thereon, reasonable

13  attorney's fees, and costs of suit.

14      29.    California <u>Labor Code</u> § 510(a) states: "Any work in excess of eight hours in one

15  workday and any work in excess of 40 hours in any one workweek and the first eight hours

16  worked on the seventh day of work in any one workweek shall be compensated at the rate of no

17  less than one and one-half times the regular rate of pay for an employee." California <u>Labor Code</u>

18  § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the

19  rate of no less than twice the regular rate of pay for an employee." California <u>Labor Code</u> §

20  510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek

21  shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

22      30.    Throughout the Class Period, in the applicable wage order, Section (3) provided

23  for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular

24  rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a

25  workweek, and/or for payment of overtime wages equal to double the employee's regular rate of

26  pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours

27  worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

28      31.    Defendants classified Plaintiff and the members of the plaintiff class were non-

1  exempt employees, therefore they were entitled to overtime compensation for all hours worked
2  in excess of the hours and time specified in the Wage Order, statutes and regulations identified
3  herein.

4  ***Defendants' Failure to Pay All Paid Time Off Due Upon Termination of Employment***

5       32.    Plaintiff's last day of work was June 1, 2017 and he was terminated on June 2,
6  2017. Defendants did not issue his final pay until June 3, 2017. At that time, Plaintiff had an
7  available balance of 197 of PTO available, but only 37 hours was pay out on the June 3, 2017
8  pay stub.

9  ***Defendants' Failure to Pay All Wages Due at Termination of Employment***

10       33.    At all times, relevant hereto, California Labor Code § 201 required an employer
11  that discharges an employee to pay compensation due and owing to said employee immediately
12  upon discharge. California Labor Code § 202 requires an employer to pay an employee who quits
13  any compensation due and owing to said employee within seventy-two (72) hours of an
14  employee's resignation. California Labor Code § 203 provides that if an employer willfully fails
15  to pay compensation promptly upon discharge or resignation, as required under Sections 201 and
16  202, then the employer is liable for waiting time penalties in the form of continued compensation
17  for up to thirty (30) work days.

18       34.    Defendants willfully and knowingly failed to pay Plaintiff and the members of the
19  plaintiff class, upon termination of employment, all accrued compensation.

20  ***Defendants' Failure to Provide Accurate Wage Statements***

21       35.    California Labor Code Section 226(a) provides that, (a) Every employer shall,
22  semimonthly or at the time of each payment of wages, furnish each of his or her employees,
23  either as a detachable part of the check, draft, or voucher paying the employee s wages, or
24  separately when wages are paid by personal check or cash, an accurate itemized statement in
25  writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any
26  employee whose compensation is solely based on a salary and who is exempt from payment of
27  overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare
28  Commission... (5) net wages earned,...and (9) all applicable hourly rates in effect during the pay

period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment..."

36. As a result of the failure to pay all hours worked, failure to pay overtime and all paid time off wages due, as described above, Plaintiff, members of the plaintiff class and terminated sub class were, and are, routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them.

***Facts Regarding Willfulness***

37. Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

38. Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff for all hours worked, including overtime and accrued PTO.

***Plaintiff's Exhaustion of Administrative Remedies***

39. Plaintiff is currently complying with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated May 31, 2018, required notice to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

40. Assuming that the LWDA declines to investigate or fails to respond to such notice, this Complaint will be amended when more than sixty-five (65) days have passed since the date the notice was mailed to Defendants and the LWDA.

## CLASS ACTION ALLEGATIONS

41. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

42. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California Code of Civil Procedure §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

<u>Plaintiff Class:</u>

All employees who were or are employed by Defendants during the Class Period (The Class Period is the period from May 31, 2014, through and including the date judgment is rendered in this matter) in California as "non-exempt employees." As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the California <u>Labor Code</u>.

<u>Terminated Sub Class:</u>

All members of the Plaintiff Class whose employment ended during the Class Period (The Class Period is the period from May 31, 2014, through and including the date judgment is rendered in this matter).

(collectively "Plaintiff Class" or "Class Members")

43.   The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

44.   Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.   Whether Plaintiff and the members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b.   Whether Defendants maintained accurate records of the hours worked by Plaintiff and the members of the Plaintiff Class;

c.   Whether Defendants failed to compensate Plaintiff and the members of the Plaintiff Class for all paid time off accrued at the time of termination;

d. Whether Plaintiff and the members of the Plaintiff Class are entitled to overtime compensation;

e. Whether Defendants failed to maintain accurate records of work performed by Plaintiff and the members of the Plaintiff Class in violation of California Labor Code section 1174;

f. Whether Defendants unlawfully and/or willfully deprived failed to compensate Plaintiff and the members of the Plaintiff Class for all hours worked;

g. Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and the members of the Terminated Sub Class upon termination of their employment, in violation of California Labor Code §§ 201-203;

h. Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and the members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California Labor Code section 226(a);

i. Whether Plaintiff and the members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and,

j. Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code § 17200, *et seq.*

45. The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Plaintiff and the members of the Plaintiff Class sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

46. Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intends to prosecute this action vigorously

1   for the benefit of the classes. The interests of the Class Members will fairly and adequately be
2   protected by Plaintiff and his attorneys.

3       47.    A class action is superior to other available methods for the fair and efficient
4   adjudication of this litigation since individual litigation of the claims of all Class Members is
5   impracticable. It would be unduly burdensome to the courts if these matters were to proceed on
6   an individual basis, because this would potentially result in hundreds of individuals, repetitive
7   lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory
8   judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of
9   recovery among those with equally meritorious claims. By contrast, the class action device
10   presents far fewer management difficulties, and provides the benefit of a single adjudication,
11   economics of scale, and comprehensive supervision by a single court.

12       48.    The various claims asserted in this action are additionally or alternatively
13   certifiable under the provisions of the California Code of Civil Procedure § 382 because:

         a.    The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

         b.    The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## COLLECTIVE ACTION ALLEGATIONS

      49.    Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

      50.    Plaintiff brings this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of the "FLSA Class" defined as:

**FLSA Class:**

**All persons who were or are employed by Defendants as non-exempt employees in the United States within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.**

**(hereinafter, "FLSA Class" or "FLSA Collective Class")**

51.    Plaintiff alleges that during the FLSA Class Period, they are and were:

      (A.) individuals who resided in the United States of America;

      (B.) were employed as "exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

      (C.) worked more than 40 hours in any given week;

      (D.) did not receive all overtime compensation for all hours worked over 40 hours in any given week;

      (E.) did not receive reimbursement for expenses that were paid for the primary benefit of the named Defendants;

      (F.) worked regular hours for which they received no pay whatsoever;

      (G.) are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

      (H.) have signed a consent to sue that shall have been filed in this court.

52.    All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY FOR ALL HOURS WORKED

**(By Plaintiff and the Members of the Plaintiff Class Against All Defendants)**

53.    Plaintiff incorporates herein by reference the allegations set forth above.

54.     At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California Labor Code §§200, 226, 500, 510, 1197, and 1198.

55.     For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants implemented policies that actively prevented employees from being compensated for all time worked by employing the use of a rounding program that rounded the actual recorded start and stop time of hourly employees when calculating their wages. In addition, Defendants failed to pay hourly employees for all time worked when the timekeeping system malfunctioned, by recording the time that employees' timecards were manually corrected, rather than the time they actually began work.

56.     Under the above-mentioned wage order and state regulations, § are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with California Labor Code § 218.5, and penalties pursuant to California Labor Code §§203 and 206.

57.     Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the members of the Plaintiff Class for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiff and the members of the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, in accordance with Plaintiff's and the Plaintiff Classes' respective damage amounts according to proof at time of trial.

58.     Defendants committed such actions alleged knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's and the Plaintiff Class' rights.

59.     Plaintiff and the members of the Plaintiff Class are thus entitled to recover

nominal, actual, compensatory, punitive, exemplary damages in amounts according to proof at time of trial.

60.     As a proximate result of the above-mentioned violations. Plaintiff and the members of the Plaintiff Class have been damaged in an amount according to proof at time of trial.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

61.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

62.     California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

63.     Defendants have failed and refused to pay to Plaintiff and each member of the Plaintiff Class all overtime wages due to them in compliance with California Labor Code including, but not limited to, failing to pay all overtime accrued. Based upon information and belief, Plaintiff and the other members of the Plaintiff Class were not routinely paid overtime when they worked in excess of eight (8) hours in a given day.

64.     As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and each member of the Plaintiff Class has been deprived of overtime wages due in amounts to be determined at trial.

65.     The applicable overtime requirements fixed by the commission for Plaintiff and the members of the Plaintiff Class, are found in the applicable wage order.

66.     Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendants'

-15-

1   failure to pay Plaintiff and the members of the Plaintiff Class all overtime wages due, Plaintiff and

2   members of the Plaintiff Class are entitled to each recover the unpaid overtime wages in an amount

3   equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

4                              **THIRD CAUSE OF ACTION**

5       **FORFEITURE OF VACATION PAY (CALIFORNIA *LABOR CODE* § 227.3)**

6           **(By Plaintiff and the members of the Plaintiff Class Against All Defendants)**

7           67.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

8   forth herein.

9           68.    This cause of action is brought pursuant to California Labor Code § 227.3, which

10  prohibits employers from forfeiting payment of the vested vacation wages of their employees.

11          69.    Plaintiff's employment by Defendants has been terminated. Plaintiff had unused

12  vested vacation wages (including, but not limited to, vacation pay, paid time off pay, personal

13  day pay, personal holiday pay, incidental time off, and/or floating holiday pay) that were not paid

14  out to him in a timely fashion at the end of his employment in violation of California Labor Code

15  § 227.3.

16          70.    As a matter of uniform corporate policy, procedure and practice Defendants

17  violated California Labor Code § 227.3 by failing to pay Plaintiff and members of the Plaintiff

18  Class all vested vacation wages, including the vested vacation wages at the time of termination.

19  The uniform policy of not paying Plaintiff and members of the Plaintiff Class all vested vacation

20  wages at the end of their employment resulted in a forfeiture of vested vacation wages in violation

21  of California Labor Code § 227.3.

22          71.    The conduct of Defendants and their agents and employees as described herein

23  was willful and was taken in conscious disregard of the rights of Plaintiff and the rights of the

24  individual members of the Plaintiff Class. Such conduct, taken by Defendants' managerial

25  employees, supports an award of up to thirty (30) days of pay, pursuant to California Labor Code

26  § 203, as penalties for Plaintiff and each member of the Plaintiff Class who were not compensated

27  for all vested vacation time at the conclusion of their employment with Defendants.

28          72.    Such a pattern, practice and uniform administration of unlawful corporate policy

1   regarding employee compensation as described herein creates an entitlement to recovery by

2   Plaintiff and each member of the Plaintiff Class for damages and wages owed and for penalties,

3   interest, costs and attorney's fees.

4   ## FOURTH CAUSE OF ACTION

5   ## FAILURE TO PAY WAGES AT TIME OF

6   ## TERMINATION (California *Labor Code* §§ 201-203)

7   **(By Plaintiff and Members of the Terminated Sub Class Against All Defendants)**

8   73.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

9   forth herein.

10  74.    At all times, relevant herein, Defendants were required to pay their employees all

11  wages owed in a timely fashion during and at the end of their employment, pursuant to California

12  Labor Code §§ 201-203.

13  75.    As a pattern and practice, Defendants regularly failed to pay Plaintiff and the

14  members of the Terminated Sub Class their final wages pursuant to California Labor Code §§

15  201-203, and accordingly owe waiting time penalties pursuant to California Labor Code § 203.

16  76.    The conduct of Defendants and their agents and managerial employees as

17  described herein was willful, and in violation of the rights of Plaintiff and the individual members

18  of the Terminated Sub Class.

19  77.    Plaintiff is informed and believes, and based thereon alleges, that Defendants'

20  willful failure to pay wages due and owing them upon separation from employment results in a

21  continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore,

22  Plaintiff and class members who have separated from employment are entitled to compensation

23  pursuant to California Labor Code § 203.

24  ## FIFTH CAUSE OF ACTION

25  ## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

26  **(Violation of California Labor Code 226(a))**

27  **(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

28  78.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

-17-

79.     California Labor Code Section 226(a) provides that, (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission...(5) net wages earned...and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, copy includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

80.     In addition, the wage statements were incorrect since the hours worked were incorrect resulting in a violation of California Labor Code Section 226(a).

81.     California Code of Civil Procedure 226(a), Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

82.     Plaintiff and members of the Plaintiff Class were damaged by this failure to

-18-

1  provide accurate wage statements because, among other things, Plaintiff and members of the

2  Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether

3  they had received full compensation therefore.

4       83.    Plaintiff and members of the Plaintiff Class request recovery of California <u>Labor</u>

5  <u>Code</u> §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant

6  to California <u>Labor Code</u> §226(e), and all other damages, attorneys' fees, costs, expenses and

7  interest permitted by statute.

8                          **SIXTH CAUSE OF ACTION**

9              **UNFAIR COMPETITION: CALIFORNIA *BUSINESS AND***

10                   ***PROFESSIONS CODE* § 17200, etc.**

11        **(By Plaintiff, the Members of the Plaintiff Class, Against All Defendants)**

12       84.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

13  forth herein.

14       85.    Section 17200 of the California <u>Business and Professions Code</u> prohibits any

15  unlawful, unfair or fraudulent business act or practice.

16       86.    Plaintiff brings this cause of action in a representative capacity on behalf of the

17  general public and the persons affected by the unlawful and unfair conduct described herein.

18  Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact

19  and monetary damages because of Defendants' actions.

20       87.    The actions by Defendants as herein alleged amount to conduct which is unlawful

21  and a violation of law.  As such, said conduct amounts to unfair business practices in violation

22  of California <u>Business and Professions</u> Code § 17200, *et seq*.

23       88.    Defendants' conduct as herein alleged has damaged Plaintiff and the members of

24  the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal

25  and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination

26  (for the Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff

27  and the members of the Plaintiff Class, causing them injury in fact and loss of money.

28       89.    Because of such conduct, Defendants have unlawfully and unfairly obtained

1  monies due to the Plaintiff and the members of the plaintiff class.

2       90.    All members of the Plaintiff Class can be identified by reference to payroll and

3  related records in the possession of the Defendants. The amount of wages due Plaintiff and

4  members of the Plaintiff Class can be readily determined from Defendants' records.  The Class

5  Members are entitled to restitution of monies due and obtained by Defendants during the Class

6  Period as a result of Defendants' unlawful and unfair conduct.

7       91.    During the Class Period, Defendants committed, and continues to commit, acts of

8  unfair competition as defined by § 17200, *et seq.*, of the Business and Professions Code, by and

9  among other things, engaging in the acts and practices described above.

10       92.    Defendants' course of conduct, acts, and practices in violation of the California

11  law as mentioned in each paragraph above constitutes a separate and independent violation of §

12  17200, etc., of the Business and Professions Code.

13       93.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully

14  denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies

15  and practices and, therefore, Defendants' actions described herein constitute an unfair business

16  practice or act within the meaning of Business and Professions Code § 17200.

17       94.    Defendants' conduct described herein threatens an incipient violation of

18  California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise

19  significantly threatens or harms competition.

20       95.    Defendants' course of conduct described herein further violates California

21  Business and Professions Code § 17200 in that it is fraudulent, improper, and unfair.

22       96.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as

23  described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were

24  wrongfully denied the timely and full payment of wages due to them.

25  ///

26  ///

27  ///

28  ///

CLASS AND COLLECTIVE ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (Against Defendants on behalf of Plaintiff

### and Members of the FLSA Class)

97.    Plaintiff re-allege and incorporate all preceding paragraphs as though fully set forth herein.

98.    The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation.   (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)   This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

99.    Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants in an exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked.  To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

100.    This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based upon the failure of the named Defendants to reimburse the named Plaintiff and the FLSA Plaintiff Class for certain transportation expenses that the named Plaintiff and the FLSA Plaintiff Class seek to represent paid when those expenses were primarily for the benefit of the named Defendants.

101.    Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

a.    Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

-21-

b.    Whether Defendants failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendants as required by the FLSA;

c.    Whether Defendants' policies and practices were to write down the time worked by Plaintiff and collective employees;

d.    Whether Defendants failed to include all remuneration in calculating the appropriate rates overtime and straight time;

e.    Whether Defendants should be should be enjoined from continuing the practices which violate the FLSA; and

f.    Whether Defendants are liable to the collective employees.

102.    The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

103.    Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

104.    Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

105.    29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA. The conduct by Defendants which violated the FLSA was willful.

106.    Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also

1  entitled to wages at a rate not less than one and one-half times their regular rate of pay for all

2  hours worked in excess of forty (40) hours in any workweek.

3      107.    Plaintiff and collective employees were all paid to Defendants on an hourly basis

4  for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees

5  worked more than forty (40) hours per workweek, and were not paid compensation for all hours

6  worked, including overtime hours.  Defendants also failed to pay Plaintiff, and collective

7  employees, compensation for the hours they worked performing duties primarily for the benefit

8  of the employer during meal and rest periods.

9      108.    For the purposes of the Fair Labor Standards Act, the employment practices of

10  Defendants were and are uniform throughout the United States in all respects material to the

11  claims asserted in this Complaint.

12      109.    Defendants violated the Fair Labor Standards Act by failing to pay hourly

13  employees for all hours worked, including overtime hours, as alleged herein above.

14      110.    As a result of Defendants' failure to pay overtime compensation for hours worked,

15  as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be

16  proved at trial.

17      111.    Plaintiff, therefore, demand that they and collective employees be paid overtime

18  compensation as required by the FLSA for every hour of overtime in any workweek for which

19  he was not compensated, compensation for miscalculation of overtime and straight time, plus

20  liquidated damages, interest and statutory costs as provided by law.

21      112.    As a result of the willful actions of the named Defendants in reckless disregard of

22  the rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the

23  FLSA Class have suffered damages.

24                         **PRAYER FOR RELIEF**

25      WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the

26  Plaintiff Class and FLSA Class, prays for judgment against Defendants as follows:

27      1.    For an order certifying the Plaintiff Class and FLSA Class;

28      2.    For nominal damages;

3.      That the Court issue an order certifying this action is a collective action brought pursuant to the FLSA, 29 U.S.C. §216 (b);

4.      Designation of the Plaintiff as the collective class representative of the FLSA Class;

5.      Certification of this class action on behalf of the proposed Plaintiff Class;

6.      Designation of Plaintiff as the class representative of the Plaintiff Class and FLSA Class;

7.      A temporary, preliminary, and permanent injunction requiring Defendants to pay Plaintiff and members of the Plaintiff Class and FLSA Class proper overtime wages, computed based upon the actual regular rate;

8.      A temporary, preliminary, and permanent injunction requiring Defendants to refrain from committing unlawful and unfair business practices proscribed by the California Business & Professions Code § 17200 et seq.;

9.      Equitable tolling of the applicable statute of limitations on claims of Plaintiff and members of the classes;

10.     A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law and have willfully violated the FLSA for purposes of calculating the applicable statute of limitations period:

      a.      the FLSA, 29 U.S.C. §207 (a), by failing to provide compensation at time and a half rates for work in excess of 40 hours per workweek;

      b.      California Labor Code §§ 510, 550-556, 1194 (a) and the applicable IWC Wage Order, by failing to pay all premium wages due for work in excess of 8 hours per workday, 12 hours per workday and/or 40 hours per workweek, and/or for work on the 7th day of a 7-day workweek;

      d.      California Labor Code § 226, by failing to provide the information required with each payment of wages;

      e.      California Labor Code §§ 201-203 and 227.3 by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due

-24-

1      to workers who quit or have been discharged;

2          f.      California Business & Professions Code §§ 17200-08 by violating the

3      provisions set forth herein above;

4          g.      the FLSA, 29 U.S.C. §206, by failing to provide minimum wages;

5      11.    An award of unpaid overtime premiums plus liquidated damages and interest

6  pursuant to 29 U.S.C. §255 (a).

7      12.    An award of restitution or damages in the amount of unpaid overtime, minimum

8  wage compensation (plus liquidated damages pursuant to California Labor Code §1194.2),

9  including interest thereon, subject to proof at trial.

10      13.    An award of statutory penalties pursuant to California Labor Code §§ 203,

11  1174.5, and 2698-99 and California Business & Professions Code §17206, subject proof at trial.

12      14.    An award of waiting time penalties as to those class members who quit or have

13  been discharged, pursuant to California Labor Code §203, subject proof at trial.

14      15.    An award of restitution of all amounts owed and unpaid overtime, minimum

15  wage compensation and interest thereon, in an amount to be proved at trial, pursuant to California

16  Business & Professions Code §17203.

17      16.    Disgorgement of profits and all other appropriate equitable relief authorized by

18  California Business & Professions Code § 17203.

19      17.    Prejudgment and post judgment interest on all sums awarded.

20      18.    Attorneys' fees and litigation expenses in an amount the Court determines to be

21  reasonable, pursuant to 29 U.S.C. §216 (b), Labor Code §§ 226 (g), 1194 (a), 2699 (g) (1) and

22  California Code of Civil Procedure §1021.5, and any other such provision as may be applicable.

23      19.    For penalties as permitted by the California Labor Code, and the regulations,

24  standards and applicable wage orders promulgated thereunder, specifically including, but not

25  limited to, penalties permitted by California Labor Code §§ 203, 226(a), 226.3, 226.7, 510, 512,

26  512(a), 1174, 1194.2, 1194.5, 1197 and 1198.

27      20.    Costs of suit.

28      21.    Such other and further relief as is equitable, just, and proper.

Dated: May 31, 2018

BRADLEY/GROMBACHER, LLP
LAW OFFICES OF SAHAG MAJARIAN II

By: _____
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: May 31, 2018

BRADLEY/GROMBACHER, LLP
LAW OFFICES OF SAHAG MAJARIAN II

By: _____
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
Attorneys for Plaintiff

-26-
CLASS AND COLLECTIVE ACTION COMPLAINT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JOSE GONZALEZ

CASE NO.: _____ CIVDS1813181

vs.

**CERTIFICATE OF ASSIGNMENT**

CARDINAL HEALTH 200, LLC

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino District of the Superior Court under Rule 404 of this court for the
checked reason:
[X] General                    [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [ ] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [x] | 20. Other  Class Action | The Injury Occurred Within the District |
| [ ] | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:
CARDINAL HEALTH 200, LLC                                    4551 East Philadelphia Street
NAME—INDICATE TITLE OR OTHER QUALIFYING FACTOR              ADDRESS
Ontario                                    CA                    91761
CITY                                       STATE                 ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed
on May 31, 2018 _____ at Westlake Village _____, California

_____
Signature of Attorney/Party

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Marcus J. Bradley, SBN 174156
Kiley L. Grombacher, SBN 245960
Bradley/Grombacher LLP
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
TELEPHONE NO.: (805) 270-7100    FAX NO.: (805) 270-7589
ATTORNEY FOR *(Name):* Plaintiff, Jose Gonzalez

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, California 92415-0210
BRANCH NAME: Civil Division

**CASE NAME:** Jose Gonzalez v. Cardinal Health 200, LLC

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 31 2018

BY _____
DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVDS1813181 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [X] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

**4.** Number of causes of action *(specify):* Six (6)

**5.** This case [X] is [ ] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 31, 2018

Marcus J. Bradley
(TYPE OR PRINT NAME)                                ► _____
                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach—Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief from Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**



## Superior Court of California–County of San Bernardino

# ALTERNATIVE DISPUTE RESOLUTION

### What is Alternative Dispute Resolution?

There are different processes available to settle lawsuits that do not require a trial. In Alternative Dispute Resolutions (ADR) a trained, impartial person decides disputes or helps the parties reach resolutions of their disputes for themselves. These persons are *neutrals*, who are normally chosen by the disputing parties or the court.

### Advantages of ADR

- Often faster than going to trial.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing the parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- ADR can be used, even after a lawsuit, if the result is appealed.

### Disadvantages of ADR – ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error if by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

### The Most Common Types of ADR: Mediation and Arbitration

#### Mediation

In mediation, the mediator (*a neutral*) assists the parties in reaching a mutually acceptable resolution of their dispute.

- Unlike lawsuits or some other types of ADR, the parties, rather the mediator decide how the dispute is to be resolved.
- ADR is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other.
- ADR can be particularly effective when parties have a continuing relationship, such as neighbors or businesses.
- ADR can be also very effective where personal feelings are getting in the way of a resolution.

#### Arbitration

In arbitration, the arbitrator (*a neutral*) reviews evidence, hears arguments, and makes a decision (*award*) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration may be more informal, quicker, and less expensive than a trial.

There are two types of arbitration in California:

• Private arbitration by agreement of the parties involved in the dispute. This type takes place outside of the court and normally is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

• Judicial arbitration ordered by the court. The arbitrator's decision is not binding unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not receive a more favorable award at trial, the party may have to pay a penalty.

## More Information

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender Reconciliation Program, and summary trial jury. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most likely to resolve your particular dispute.

The selection of a neutral is also an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals.

Agreements reached through ADR normally are put into writing and, if the parties wish, may become binding contracts that can be enforced by the court.

ADR can be used to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral. ADR has also been used to resolve disputes even after trial, when the result is appealed.

You may wish to seek the advice of an attorney as to your legal rights and matters relating to the dispute before pursuing ADR.

To locate a dispute resolution program or neutral in your community:

• Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;

• Contact the local bar association, or;

• Look in a phone directory under mediation or arbitration services.

The following alternate dispute resolution service providers are under contract with the County of San Bernardino to provide services for the listed types of matters under referral by the Court at no or low cost. The contractors may also provide additional mediation services outside of their contracts with the County.

*Civil, family law (except custody and support)*
*Landlord-tenant, unlawful detainers, small claims:*
Program Director: Lynne Anderson, Executive Director
City Center Building
Inland Fair Housing & Mediation Board
10681 Foothill Boulevard, Suite 101
Rancho Cucamonga, CA 91730
909-984-2254 or 800-321-0911
Fax: 909-460-0274
*www.inmedbd.com*

**

EXHIBIT 2

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:      (805) 270-7100
Facsimile:      (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
          kgrombacher@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:      (818) 609-0807
Facsimile:      (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, JOSE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDINAL HEALTH 200, LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. EDCV 18-1574-GW(SPx)<br><br>**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1. **Failure to Pay All Wages;**<br>2. **Failure to Pay Overtime Compensation (*Welfare Commission Orders* and California *Labor Code* §§ 510, 1194);**<br>3. **Failure to Pay Paid Time Off in Violation of California *Labor Code* § 227.3;**<br>4. **Failure to Pay Wages at the Time of Termination (California *Labor Code* §§ 201-203);**<br>5. **Failure to Provide Proper Wage Statement (California *Labor Code* § 226(a));**<br>6. **Unfair Business Practices (*Business** |

*and Professions Code* § 17200);

7. **Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA"); and,**

8. **Violation of California Labor Code §§ 2698, et. seq.**

**DEMAND FOR JURY TRIAL**

Plaintiff JOSE GONZALEZ (hereinafter referred to as "Plaintiff"), hereby submits his Class and Collective Action First Amended Complaint ("Complaint") against Defendants CARDINAL HEALTH 200, LLC, a Delaware limited liability company and Does 1-20 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees and common law employees of Defendants as follows:

## **INTRODUCTION**

1.      This class action is within the Court's jurisdiction under California <u>Labor Code</u> §§ 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, 2698-2699 California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act), and Fair Labor Standards Act.

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California <u>Labor Code</u>, California <u>Business and Professions Code</u>, and Fair Labor Standards Act against employees of Defendants.

3.      Plaintiff seeks relief on behalf of himself and the members of the plaintiff class as a result of employment policies, practices and procedures more specifically described below, which violate the California <u>Labor Code</u>, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and members of the plaintiff class all wages due to them.

4.      Plaintiff is informed and believes and based thereon alleges Defendants have engaged in, among other things a system of willful violations of the California <u>Labor Code</u>,

California <u>Business and Professions Code,</u> and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

5.     The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California <u>Labor Code</u>, California <u>Business and Professions Code</u>, and Fair Labor Standards Act.

## **JURISDICTION AND VENUE**

6.     The Court has jurisdiction over the violations of the California <u>Labor Code</u> §§ 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, 2698-2699 and California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act).

7.     Venue is proper because the Defendants do business in California and in San Bernardino County and the actions that gave rise to this action occurred in San Bernardino County.

## **PARTIES**

**<u>PLAINTIFF</u>**

8.     Plaintiff JOSE GONZALEZ is a resident of Riverside, California.

9.     Plaintiff was employed full-time by Defendants as a non-exempt hourly employee from approximately 1989 to June 2, 2017.  From approximately 2014 to June 2, 2017, Plaintiff's job title was "Receiving" and he made approximately $20.15 an hour.  Prior to 2014, Plaintiff worked as a non-exempt employee for Defendants as a "Picker."

10.     Plaintiff worked for Defendants at 4551 E. Philadelphia Street, Ontario, San Bernardino California location.

11.     Plaintiff was a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed to him by California <u>Labor Code</u> §§200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198 and California <u>Business and Professions Code</u> §17200, et seq., (Unfair Practices Act).

**<u>DEFENDANTS</u>**

12.     Plaintiff is informed and believes and based thereon alleges Defendant CARDINAL HEALTH 200, LLC, a Delaware limited liability company was and still is a Delaware corporation doing business in the State of California.

13.     According to https://www.cardinalhealth.com/en/about-us.html (Searched on 05.29.18) CARDINAL HEALTH 200, LLC is based in Dublin, Ohio, but has approximately 50,000 employees in nearly 60 countries.

14.     Based upon information and belief, CARDINAL HEALTH 200, LLC engages in the marketing of pharmaceutical preparations, hospital gowns, surgical appliances and supplies, and medical instruments. It also distributes medical laboratory equipment. In addition, it provides a range of integrated services, such as clinical and productivity consulting, procedure-based supply packaging, just-in-time delivery, and other services.

15.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

16.     As such and based upon information and belief, since Defendants' do business in California, Defendants are subject to California Labor Code §§ 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, and California Business and Professions Code §17200, et seq., (Unfair Practices Act).

17.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 20, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

18.     At all times herein mentioned, each of said Defendants participated in the doing

of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

19.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

20.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

21.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS

22.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

23.     This class action is brought on behalf of all California-based non-exempt employees who were not paid all hourly wages, including overtime wages during the course of employment or paid time off wages at termination of employment as required by the California Labor Code.  In addition, they were not provided final wages in a timely manner and the wage statements contained on the face violations.

24. Plaintiff and the members of the plaintiff class seek unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants improperly:

    a. Rounded employee time as a result of which Plaintiff and said members of the plaintiff class were not paid all wages due to them, including overtime wages;

    b. Failed to pay Plaintiff and the other members of the plaintiff class overtime pay for all overtime hours worked;

    c. Failed to pay Plaintiff and the other members of the plaintiff class all wages owed at termination;

    d. Failed to pay Plaintiff and the other members of the plaintiff class all paid time off ("PTO") owed upon termination; and,

    e. Failed to maintain accurate wage statements for Plaintiff and the other members of the plaintiff class pursuant to California Labor Code §226(a).

25. Plaintiff alleges that the following violations occurred on a routine basis to him and the members of the plaintiff class during his employment with Defendants:

- Defendants had a uniform policy of rounding their hourly employees' time resulting in Plaintiff and the members of the plaintiff class not being compensated for all the time that they worked, including overtime compensation.

- Plaintiff's last day of work was June 1, 2017 and he was terminated on June 2, 2017. Defendants did not issue his final pay until June 3, 2017. At that time, Plaintiff had an available balance of 197 of PTO available, but only 37 hours was pay out on the June 3, 2017 pay stub.

***Defendants' Failure to Pay for All Hours Worked***

26. Defendants' intentional payroll policies and procedures did not compensate its hourly non-exempt employees for all the minutes that they worked, including but not limited to the time that the employees were subject to the control and direction of Defendants; and/or the time that the employees were suffered or permitted to work. Defendants' timekeeping system

systematically shaved time off his actual time worked, by rounding her time stamps. The system had a bias toward the employer, typically shaving minutes per day off of Plaintiff's "hours worked." Therefore, Plaintiff alleges that Defendants' intentional payroll policies and procedures illegally rounded or "shaved" minutes from its hourly non-exempt employees' daily time worked at the beginning and end of their shift. Defendants' intentional payroll policies and procedure illegally and/or improperly "rounded" its hourly non-exempt employees' daily worked hours. Defendants' illegal "shaving" of time per day from each hourly employee's time worked and/or illegal "rounding" resulted in Defendants' failure to compensate each employee for all time actually worked every day worked in violation of California Labor Code § 1194. Defendants owe each of its hourly employees for the unpaid "shaved" time and/or illegally "rounded" time.

***Defendants' Failure to Pay Overtime Compensation***

27.    Plaintiff alleges that he and the members of the plaintiff class were not paid for overtime on a routine basis.

28.    California Labor Code § 1194 provides that an employee receiving less than the legal overtime compensation is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

29.    California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

30.    Throughout the Class Period, in the applicable wage order, Section (3) provided for payment of overtime wages equal to one and one-half (1 1/2) times an employee's regular rate of pay for all hours worked over eight (8) hours per day and/or forty (40) hours in a

workweek, and/or for payment of overtime wages equal to double the employee's regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and/or for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any one workweek.

31.　Defendants classified Plaintiff and the members of the plaintiff class were non-exempt employees, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

***Defendants' Failure to Pay All Paid Time Off Due Upon Termination of Employment***

32.　Plaintiff's last day of work was June 1, 2017 and he was terminated on June 2, 2017.  Defendants did not issue his final pay until June 3, 2017.  At that time, Plaintiff had an available balance of 197 of PTO available, but only 37 hours was pay out on the June 3, 2017 pay stub.

***Defendants' Failure to Pay All Wages Due at Termination of Employment***

33.　At all times, relevant hereto, California <u>Labor Code</u> § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California <u>Labor Code</u> § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California <u>Labor Code</u> § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

34.　Defendants willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation.

***Defendants' Failure to Provide Accurate Wage Statements***

35.　California <u>Labor Code</u> Section 226(a) provides that, (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in

writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission… (5) net wages earned,…and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment...”

36.     As a result of the failure to pay all hours worked, failure to pay overtime and all paid time off wages due, as described above, Plaintiff, members of the plaintiff class and terminated sub class were, and are, routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them.

**Facts Regarding Willfulness**

37.     Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

38.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff for all hours worked, including overtime and accrued PTO.

**Plaintiff's Exhaustion of Administrative Remedies**

39.     Plaintiff is currently complying with the procedures for bringing suit specified in California Labor Code § 2699.3.  By letter dated May 31, 2018, required notice to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

40.     More than 65 days has passed since the Notice was sent and no response from the LWDA has been received.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

42.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California <u>Code of Civil Procedure</u> §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

**<u>Plaintiff Class:</u>**

**All employees who were or are employed by Defendants during the Class Period (The Class Period is the period from May 31, 2014, through and including the date judgment is rendered in this matter) in California as "non-exempt employees."  As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the California <u>Labor Code</u>.**

**<u>Terminated Sub Class</u>:**

**All members of the Plaintiff Class whose employment ended during the Class Period (The Class Period is the period from May 31, 2014, through and including the date judgment is rendered in this matter).**

**(collectively "Plaintiff Class" or "Class Members")**

43.     The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

44.     Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.     Whether Plaintiff and the members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b.     Whether Defendants maintained accurate records of the hours worked by Plaintiff

-10-

CLASS AND COLLECTIVE ACTION COMPLAINT

and the members of the Plaintiff Class;

c.   Whether Defendants failed to compensate Plaintiff and the members of the Plaintiff Class for all paid time off accrued at the time of termination;

d.   Whether Plaintiff and the members of the Plaintiff Class are entitled to overtime compensation;

e.   Whether Defendants failed to maintain accurate records of work performed by Plaintiff and the members of the Plaintiff Class in violation of California Labor Code section 1174;

f.   Whether Defendants unlawfully and/or willfully deprived failed to compensate Plaintiff and the members of the Plaintiff Class for all hours worked;

g.   Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and the members of the Terminated Sub Class upon termination of their employment, in violation of California Labor Code §§ 201-203;

h.   Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and the members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California Labor Code section 226(a);

i.   Whether Plaintiff and the members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and,

j.   Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code § 17200, *et seq*.

45.   The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class.   Plaintiff and the members of the Plaintiff Class sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.   Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

46.   Plaintiff is an adequate representative of the proposed classes because he is a

member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intends to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

47.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

48.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure § 382 because:

      a.     The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

      b.     The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

///

///

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

50.     Plaintiff brings this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of the "FLSA Class" defined as:

**FLSA Class:**

**All persons who were or are employed by Defendants as non-exempt employees in the United States within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.**

**(hereinafter, "FLSA Class" or "FLSA Collective Class")**

51.     Plaintiff alleges that during the FLSA Class Period, they are and were:

(A.) individuals who resided in the United States of America;

(B.) were employed as "non-exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

(C.) worked more than 40 hours in any given week;

(D.) did not receive all overtime compensation for all hours worked over 40 hours in any given week;

(E.) did not receive reimbursement for expenses that were paid for the primary benefit of the named Defendants;

(F.) worked regular hours for which they received no pay whatsoever;

(G.) are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

(H.) have signed a consent to sue that shall have been filed in this court.

52.     All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily

ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY FOR ALL HOURS WORKED

### (By Plaintiff and the Members of the Plaintiff Class Against All Defendants)

53.     Plaintiff incorporates herein by reference the allegations set forth above.

54.     At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California Labor Code §§200, 226, 500, 510, 1197, and 1198.

55.     For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants implemented policies that actively prevented employees from being compensated for all time worked by employing the use of a rounding program that rounded the actual recorded start and stop time of hourly employees when calculating their wages. In addition, Defendants failed to pay hourly employees for all time worked when the timekeeping system malfunctioned, by recording the time that employees' timecards were manually corrected, rather than the time they actually began work.

56.     Under the above-mentioned wage order and state regulations, § are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with California Labor Code § 218.5, and penalties pursuant to California Labor Code §§203 and 206.

57.     Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the members of the Plaintiff Class for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiff and the members of the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel

Defendants to fully perform their obligation under state law, in accordance with Plaintiff's and the Plaintiff Classes' respective damage amounts according to proof at time of trial.

58. Defendants committed such actions alleged knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff's and the Plaintiff Class' rights.

59. Plaintiff and the members of the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, exemplary damages in amounts according to proof at time of trial.

60. As a proximate result of the above-mentioned violations. Plaintiff and the members of the Plaintiff Class have been damaged in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

61. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

62. California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

63. Defendants have failed and refused to pay to Plaintiff and each member of the Plaintiff Class all overtime wages due to them in compliance with California Labor Code including, but not limited to, failing to pay all overtime accrued. Based upon information and belief, Plaintiff and the other members of the Plaintiff Class were not routinely paid overtime when they worked in excess of

eight (8) hours in a given day.

64.     As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and each member of the Plaintiff Class has been deprived of overtime wages due in amounts to be determined at trial.

65.     The applicable overtime requirements fixed by the commission for Plaintiff and the members of the Plaintiff Class, are found in the applicable wage order.

66.     Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all overtime wages due, Plaintiff and members of the Plaintiff Class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

## THIRD CAUSE OF ACTION

## FORFEITURE OF VACATION PAY (CALIFORNIA *LABOR CODE* § 227.3)

### (By Plaintiff and the members of the Plaintiff Class Against All Defendants)

67.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

68.     This cause of action is brought pursuant to California Labor Code § 227.3, which prohibits employers from forfeiting payment of the vested vacation wages of their employees.

69.     Plaintiff's employment by Defendants has been terminated.  Plaintiff had unused vested vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or floating holiday pay) that were not paid out to him in a timely fashion at the end of his employment in violation of California Labor Code § 227.3.

70.     As a matter of uniform corporate policy, procedure and practice Defendants violated California Labor Code § 227.3 by failing to pay Plaintiff and members of the Plaintiff Class all vested vacation wages, including the vested vacation wages at the time of termination. The uniform policy of not paying Plaintiff and members of the Plaintiff Class all vested vacation wages at the end of their employment resulted in a forfeiture of vested vacation wages in violation of California Labor Code § 227.3.

71.     The conduct of Defendants and their agents and employees as described herein was willful and was taken in conscious disregard of the rights of Plaintiff and the rights of the individual members of the Plaintiff Class.  Such conduct, taken by Defendants' managerial employees, supports an award of up to thirty (30) days of pay, pursuant to California Labor Code § 203, as penalties for Plaintiff and each member of the Plaintiff Class who were not compensated for all vested vacation time at the conclusion of their employment with Defendants.

72.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by Plaintiff and each member of the Plaintiff Class for damages and wages owed and for penalties, interest, costs and attorney's fees.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY WAGES AT TIME OF

## TERMINATION (California *Labor Code* §§ 201-203)

**(By Plaintiff and Members of the Terminated Sub Class Against All Defendants)**

73.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

74.     At all times, relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California Labor Code §§ 201-203.

75.     As a pattern and practice, Defendants regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to California Labor Code §§ 201-203, and accordingly owe waiting time penalties pursuant to California Labor Code § 203.

76.     The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub Class.

77.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore,

Plaintiff and class members who have separated from employment are entitled to compensation pursuant to California Labor Code § 203.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(Violation of California Labor Code 226(a))**

**(By Plaintiff and Members of the Plaintiff Class Against All Defendants)**

78.     Plaintiff incorporates all preceding paragraphs as though fully set for herein.

79.     California Labor Code Section 226(a) provides that, (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission…(5) net wages earned…and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, copy includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

80.     In addition, the wage statements were incorrect since the hours worked were incorrect resulting in a violation of California Labor Code Section 226(a).

81.     California Code of Civil Procedure 226(a), Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by

-18-

an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

82.     Plaintiff and members of the Plaintiff Class were damaged by this failure to provide accurate wage statements because, among other things, Plaintiff and members of the Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

83.     Plaintiff and members of the Plaintiff Class request recovery of California <u>Labor Code</u> §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California <u>Labor Code</u> §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

**<u>SIXTH CAUSE OF ACTION</u>**

**<u>UNFAIR COMPETITION: CALIFORNIA *BUSINESS AND PROFESSIONS CODE* § 17200, etc.</u>**

**(By Plaintiff, the Members of the Plaintiff Class, Against All Defendants)**

84.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

85.     Section 17200 of the California <u>Business and Professions Code</u> prohibits any unlawful, unfair or fraudulent business act or practice.

86.     Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

87.     The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation

of California <u>Business and Professions</u> Code § 17200, *et seq.*

88.     Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

89.     Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the plaintiff class.

90.     All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records. The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

91.     During the Class Period, Defendants committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the <u>Business and Professions Code</u>, by and among other things, engaging in the acts and practices described above.

92.     Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the <u>Business and Professions Code</u>.

93.     The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of <u>Business and Professions Code</u> § 17200.

94.     Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

95.     Defendants' course of conduct described herein further violates California <u>Business and Professions</u> Code § 17200 in that it is fraudulent, improper, and unfair.

96.     The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (Against Defendants on behalf of Plaintiff
### and Members of the FLSA Class)

97.     Plaintiff re-allege and incorporate all preceding paragraphs as though fully set forth herein.

98.     The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation.   (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)   This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

99.     Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants in an non-exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked.  To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

100.     This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based upon the failure of the named Defendants to reimburse the named Plaintiff and the FLSA Plaintiff Class for certain transportation expenses that the named Plaintiff and the FLSA Plaintiff Class seek to represent paid when those expenses were primarily for the benefit of the named Defendants.

101.     Questions of law and fact common to collective employees as a whole include,

but are not limited to the following:

       a.     Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

       b.     Whether Defendants failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendants as required by the FLSA;

       c.     Whether Defendants' policies and practices were to write down the time worked by Plaintiff and collective employees;

       d.     Whether Defendants failed to include all remuneration in calculating the appropriate rates overtime and straight time;

       e.     Whether Defendants should be should be enjoined from continuing the practices which violate the FLSA; and

       f.     Whether Defendants are liable to the collective employees.

102.    The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

103.    Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

104.    Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

105.    29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA. The conduct by Defendants which violated the FLSA was willful.

106.     Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

107.     Plaintiff and collective employees were all paid to Defendants on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.  Defendants also failed to pay Plaintiff, and collective employees, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal and rest periods.

108.     For the purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

109.     Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

110.     As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

111.     Plaintiff, therefore, demand that they and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

112.     As a result of the willful actions of the named Defendants in reckless disregard of the rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the FLSA Class have suffered damages.

///

///

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq*. (PAGA)

### (By Plaintiff Against All Defendants)

113. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

114. PAGA permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in California Labor Code §2699.5.

115. PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

116. Defendant's conduct, as alleged herein, violates numerous sections of the California Labor Code including, but not limited to, the following:

    a) Rounded employee time as a result of which Plaintiff and said members of the plaintiff class were not paid all wages due to them, including overtime wages;

    b) Failed to pay Plaintiff and the other members of the plaintiff class overtime pay for all overtime hours worked;

    c) Failed to pay Plaintiff and the other members of the plaintiff class all wages owed at termination;

    d) Failed to pay Plaintiff and the other members of the plaintiff class all paid time off ("PTO") owed upon termination; and,

    e) Failed to maintain accurate wage statements for Plaintiff and the other members of the plaintiff class pursuant to California Labor Code §226(a).

117. California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

118. California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

> "Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . ."

Section (e) provides:

> "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

119.    California <u>Labor Code</u> § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

120.    California <u>Labor Code</u> § 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." California <u>Labor Code</u> section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

121.    Defendant, at all times relevant to this complaint, was employers or persons acting

on behalf of an employer(s) who violated Plaintiff and other aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

122.    As set forth above, Defendant has violated numerous provisions of both the California Labor Code sections regulating hours and days of work as well as the applicable order of the IWC.  Accordingly, Plaintiff seeks the remedies set forth in California Labor Code § 558 for himself, the State of California, and all other aggrieved employees.

123.    Pursuant to PAGA, and in particular California Labor Code §§ 2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California Labor Code §§ sections 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198.

124.    California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code § 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

125.    During the relevant time period, Defendant failed to pay Plaintiff and the aggrieved employees all wages due them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California Labor Code § 204.  During the relevant time period, Defendant failed to pay Plaintiff and other aggrieved employees all wages due to them including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, within any time period specified by California Labor Code § 204.

126.    Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3 and SB 836. By letter dated May 31, 2018, Plaintiff, on behalf of himself and the other aggrieved employees, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and

theories to support the alleged violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the Plaintiff Class and FLSA Class, prays for judgment against Defendants as follows:

1.     For an order certifying the Plaintiff Class and FLSA Class;

2.     For nominal damages;

3.     That the Court issue an order certifying this action is a collective action brought pursuant to the FLSA, 29 U.S.C. §216 (b);

4.     Designation of the Plaintiff as the collective class representative of the FLSA Class;

5.     Certification of this class action on behalf of the proposed Plaintiff Class;

6.     Designation of Plaintiff as the class representative of the Plaintiff Class and FLSA Class;

7.     A temporary, preliminary, and permanent injunction requiring Defendants to pay Plaintiff and members of the Plaintiff Class and FLSA Class proper overtime wages, computed based upon the actual regular rate;

8.     A temporary, preliminary, and permanent injunction requiring Defendants to refrain from committing unlawful and unfair business practices proscribed by the California Business & Professions Code § 17200 et seq.;

9.     Equitable tolling of the applicable statute of limitations on claims of Plaintiff and members of the classes;

10.    A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law and have willfully violated the FLSA for purposes of calculating the applicable statute of limitations period:

a.     the FLSA, 29 U.S.C. §207 (a), by failing to provide compensation at time and a half rates for work in excess of 40 hours per workweek;

b.     California Labor Code §§ 510, 550-556, 1194 (a) and the applicable IWC Wage Order, by failing to pay all premium wages due for work in excess of 8

hours per workday, 12 hours per workday and/or 40 hours per workweek, and/or for work on the 7th day of a 7-day workweek;

d.　California Labor Code § 226, by failing to provide the information required with each payment of wages;

e.　California Labor Code §§ 201-203 and 227.3 by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

f.　California Business & Professions Code §§ 17200-08 by violating the provisions set forth herein above;

g.　the FLSA, 29 U.S.C. §206, by failing to provide minimum wages;

11.　An award of unpaid overtime premiums plus liquidated damages and interest pursuant to 29 U.S.C. §255 (a).

12.　An award of restitution or damages in the amount of unpaid overtime, minimum wage compensation (plus liquidated damages pursuant to California Labor Code §1194.2), including interest thereon, subject to proof at trial.

13.　An award of statutory penalties pursuant to California Labor Code §§ 203, 1174.5, and 2698-99 and California Business & Professions Code §17206, subject proof at trial.

14.　An award of waiting time penalties as to those class members who quit or have been discharged, pursuant to California Labor Code §203, subject proof at trial.

15.　An award of restitution of all amounts owed and unpaid overtime, minimum wage compensation and interest thereon, in an amount to be proved at trial, pursuant to California Business & Professions Code §17203.

16.　Disgorgement of profits and all other appropriate equitable relief authorized by California Business & Professions Code § 17203.

17.　Prejudgment and post judgment interest on all sums awarded.

18.　Attorneys' fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to 29 U.S.C. §216 (b), Labor Code §§ 226 (g), 1194 (a), 2699 (g) (1) and California Code of Civil Procedure §1021.5, and any other such provision as may be applicable.

19.     For penalties as permitted by the California <u>Labor Code</u>, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, penalties permitted by California <u>Labor Code</u> §§ 203, 226(a), 226.3, 226.7, 510, 512, 512(a), 1174, 1194.2, 1194.5, 1197 and 1198.

20.     Costs of suit.

21.     Such other and further relief as is equitable, just, and proper.

Dated: November 11, 2018              **BRADLEY/GROMBACHER, LLP**
                                      **LAW OFFICES OF SAHAG MAJARIAN II**


                                      By:   /s/Kiley L. Grombacher
                                            Marcus J. Bradley, Esq.
                                            Kiley L. Grombacher, Esq.
                                            Taylor L. Emerson, Esq.
                                            Attorneys for Plaintiff


**<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.


Dated: November 11, 2018              **BRADLEY/GROMBACHER, LLP**
                                      **LAW OFFICES OF SAHAG MAJARIAN II**


                                      By:   /s/Kiley L. Grombacher
                                            Marcus J. Bradley, Esq.
                                            Kiley L. Grombacher, Esq.
                                            Taylor L. Emerson, Esq.
                                            Attorneys for Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT

EXHIBIT 3

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone:   (805) 270-7100
Facsimile:    (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
          kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff, JOSE GONZALEZ
(*Additional Counsel listed on next page*)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, an individual, on his own behalf and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CARDINAL HEALTH 200, LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. EDCV 5:2018-1574-GW(SPx) <br><br> **SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT FOR:** |

1. **Failure to Pay All Wages;**
2. **Failure to Pay Overtime Compensation (*Welfare Commission Orders* and California *Labor Code* §§ 510, 1194);**
3. **Failure to Pay Paid Time Off in Violation of California *Labor Code* § 227.3;**
4. **Failure to Pay Wages at the Time of Termination (California *Labor Code* §§ 201-203);**
5. **Failure to Provide Proper Wage Statement (California *Labor Code* § 226(a));**
6. **Unfair Business Practices (*Business and Professions Code* § 17200);**
7. **Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA");**
8. **Violation of California Labor Code §§ 2698, et. seq.;**
9. **Failure to Provide Meal Periods; and,**
10. **Failure to Provide Rest Breaks**

**DEMAND FOR JURY TRIAL**

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:   (818) 609-0807
Facsimile:    (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, JOSE GONZALEZ

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

Plaintiff JOSE GONZALEZ (hereinafter referred to as "Plaintiff"), hereby submits his Class and Collective Action Second Amended Complaint ("Complaint") against Defendants CARDINAL HEALTH 200, LLC, a Delaware limited liability company and Does 1-20 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees and common law employees of Defendants as follows:

## **INTRODUCTION**

1.     This class action is within the Court's jurisdiction under California Labor Code §§ 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, 2698-2699 California Business and Professions Code § 17200, et seq., (Unfair Practices Act), and Fair Labor Standards Act.

2.     This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, California Business and Professions Code, and Fair Labor Standards Act against employees of Defendants.

3.     Plaintiff seeks relief on behalf of himself and the members of the plaintiff class as a result of employment policies, practices and procedures more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and members of the plaintiff class all wages due to them.

4.     Plaintiff is informed and believes and based thereon alleges Defendants have engaged in, among other things a system of willful violations of the California Labor Code, California Business and Professions Code, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

/ / /

5.    The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California <u>Labor Code</u>, California <u>Business and Professions Code</u>, and Fair Labor Standards Act.

## JURISDICTION AND VENUE

6.    The Court has jurisdiction over the violations of the California <u>Labor Code</u> §§ 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, 2698-2699 and California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act).

7.    Venue is proper because the Defendants do business in California and in San Bernardino County and the actions that gave rise to this action occurred in San Bernardino County.

## PARTIES

**PLAINTIFF**

8.    Plaintiff JOSE GONZALEZ is a resident of Riverside, California.

9.    Plaintiff was employed full-time by Defendants as a non-exempt hourly employee from approximately 1989 to June 2, 2017.  From approximately 2014 to June 2, 2017, Plaintiff's job title was "Receiving" and he made approximately $20.15 an hour.  Prior to 2014, Plaintiff worked as a non-exempt employee for Defendants as a "Picker."

10.    Plaintiff worked for Defendants at 4551 E. Philadelphia Street, Ontario, San Bernardino California location.

11.    Plaintiff was a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed to him by California <u>Labor Code</u> §§200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198 and California <u>Business and Professions Code</u> §17200, et seq., (Unfair Practices Act).

/ / /

**DEFENDANTS**

12.     Plaintiff is informed and believes and based thereon alleges Defendant CARDINAL HEALTH 200, LLC, a Delaware limited liability company was and still is a Delaware corporation doing business in the State of California.

13.     According to https://www.cardinalhealth.com/en/about-us.html (Searched on 05.29.18) CARDINAL HEALTH 200, LLC is based in Dublin, Ohio, but has approximately 50,000 employees in nearly 60 countries.

14.     Based upon information and belief, CARDINAL HEALTH 200, LLC engages in the marketing of pharmaceutical preparations, hospital gowns, surgical appliances and supplies, and medical instruments. It also distributes medical laboratory equipment. In addition, it provides a range of integrated services, such as clinical and productivity consulting, procedure-based supply packaging, just-in-time delivery, and other services.

15.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

16.     As such and based upon information and belief, since Defendants' do business in California, Defendants are subject to California Labor Code §§ 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198, and California Business and Professions Code §17200, et seq., (Unfair Practices Act).

17.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 20, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general

public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

18.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

19.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

20.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

21.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## **FACTUAL ALLEGATIONS**

22.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

23.     This class action is brought on behalf of all California-based non-exempt employees who were not paid all hourly wages, including overtime wages during the course of employment or paid time off wages at termination of employment as required by the California <u>Labor Code</u>.  In addition, they were not provided final wages in a timely manner and the wage statements contained on the face violations.

24.     Plaintiff and the members of the plaintiff class seek unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants improperly:

    a.  Rounded employee time as a result of which Plaintiff and said members of the plaintiff class were not paid all wages due to them, including overtime wages;

    b.  Failed to pay Plaintiff and the other members of the plaintiff class overtime pay for all overtime hours worked;

    c.  Failed to pay Plaintiff and the other members of the plaintiff class all wages owed at termination;

    d.  Failed to pay Plaintiff and the other members of the plaintiff class all paid time off ("PTO") owed upon termination;

    e.  Failed to maintain accurate wage statements for Plaintiff and the other members of the plaintiff class pursuant to California <u>Labor Code</u> §226(a);

    f.  Failed to provide adequate meal breaks; and

    g.  Failed to provide adequate rest breaks.

/ / /

/ / /

25.     Plaintiff alleges that the following violations occurred on a routine basis to him and the members of the plaintiff class during his employment with Defendants:

- Defendants had a uniform policy of rounding their hourly employees' time resulting in Plaintiff and the members of the plaintiff class not being compensated for all the time that they worked, including overtime compensation.

- Plaintiff's last day of work was June 1, 2017 and he was terminated on June 2, 2017. Defendants did not issue his final pay until June 3, 2017. At that time, Plaintiff had an available balance of 197 of PTO available, but only 37 hours was pay out on the June 3, 2017 pay stub.

**Defendants' Failure to Pay for All Hours Worked**

26.     Defendants' intentional payroll policies and procedures did not compensate its hourly non-exempt employees for all the minutes that they worked, including but not limited to the time that the employees were subject to the control and direction of Defendants; and/or the time that the employees were suffered or permitted to work. Defendants' timekeeping system systematically shaved time off his actual time worked, by rounding her time stamps. The system had a bias toward the employer, typically shaving minutes per day off of Plaintiff's "hours worked." Therefore, Plaintiff alleges that Defendants' intentional payroll policies and procedures illegally rounded or "shaved" minutes from its hourly non-exempt employees' daily time worked at the beginning and end of their shift. Defendants' intentional payroll policies and procedure illegally and/or improperly "rounded" its hourly non-exempt employees' daily worked hours. Defendants' illegal "shaving" of time per day from each hourly employee's time worked and/or illegal "rounding" resulted in Defendants' failure to compensate each employee for all time actually worked every day worked in violation of California Labor Code § 1194.

1  Defendants owe each of its hourly employees for the unpaid "shaved" time and/or
2  illegally "rounded" time.

3  ***Defendants' Failure to Pay Overtime Compensation***

4      27.    Plaintiff alleges that he and the members of the plaintiff class were not
5  paid for overtime on a routine basis.

6      28.    California <u>Labor Code</u> § 1194 provides that an employee receiving
7  less than the legal overtime compensation is entitled to recover in a civil action the
8  unpaid balance of the full amount of this minimum wage or overtime
9  compensation, including interest thereon, reasonable attorney's fees, and costs of
10 suit.

11     29.    California <u>Labor Code</u> § 510(a) states: "Any work in excess of eight
12 hours in one workday and any work in excess of 40 hours in any one workweek
13 and the first eight hours worked on the seventh day of work in any one workweek
14 shall be compensated at the rate of no less than one and one-half times the regular
15 rate of pay for an employee." California <u>Labor Code</u> § 510(a) further states: "Any
16 work in excess of 12 hours in one day shall be compensated at the rate of no less
17 than twice the regular rate of pay for an employee." California <u>Labor Code</u> § 510(a)
18 further states: "[A]ny work in excess of eight hours on any seventh day of a
19 workweek shall be compensated at the rate of no less than twice the regular rate of
20 pay of an employee."

21     30.    Throughout the Class Period, in the applicable wage order, Section (3)
22 provided for payment of overtime wages equal to one and one-half (1 1/2) times an
23 employee's regular rate of pay for all hours worked over eight (8) hours per day
24 and/or forty (40) hours in a workweek, and/or for payment of overtime wages equal
25 to double the employee's regular rate of pay for all hours worked in excess of
26 twelve (12) hours in any workday and/or for all hours worked in excess of eight (8)
27 hours on the seventh (7th) day of work in any one workweek.

28 / / /

31.     Defendants classified Plaintiff and the members of the plaintiff class were non-exempt employees, therefore they were entitled to overtime compensation for all hours worked in excess of the hours and time specified in the Wage Order, statutes and regulations identified herein.

***Defendants' Failure to Pay All Paid Time Off Due Upon Termination of Employment***

32.     Plaintiff's last day of work was June 1, 2017 and he was terminated on June 2, 2017.  Defendants did not issue his final pay until June 3, 2017.  At that time, Plaintiff had an available balance of 197 of PTO available, but only 37 hours was pay out on the June 3, 2017 pay stub.

***Defendants' Failure to Pay All Wages Due at Termination of Employment***

33.     At all times, relevant hereto, California Labor Code § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California Labor Code § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

34.     Defendants willfully and knowingly failed to pay Plaintiff and the members of the plaintiff class, upon termination of employment, all accrued compensation.

***Defendants' Failure to Provide Accurate Wage Statements***

35.     California Labor Code Section 226(a) provides that, (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check

or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission… (5) net wages earned,…and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment..."

36. As a result of the failure to pay all hours worked, failure to pay overtime and all paid time off wages due, as described above, Plaintiff, members of the plaintiff class and terminated sub class were, and are, routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them.

***Defendants Failure to Provide Timely Meal Periods and Provide Second Meal Break***

37. Plaintiff and members of the plaintiff class allege they were routinely given late or shortened lunch periods and denied second meal breaks, despite the fact that Plaintiff and members of the plaintiff class did not sign meal waivers.

38. At all times relevant to this Complaint, each Defendant failed, and has continued to fail, to timely provide Plaintiff and the members of the plaintiff class with meal periods. Plaintiff contends that when they and members of the plaintiff class worked shifts over (5) hours or more in duration, meal breaks were either cut short, interrupted, late, or entirely missed.

39. Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendants routinely failed to provide Plaintiff and the members of the plaintiff class, with meal periods during which they were relieved of all duties by requiring them to remain on duty.

40.     Throughout the Class Period, Defendants regularly:

41.     Failed to provide Plaintiffs and the members of the plaintiff class with a meal period of not less than thirty (30) minutes during which they are relieved of all duties before working more than five (5) hours;

42.     Failed to pay Plaintiff and the members of the plaintiff class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

43.     Failed to accurately record all meal periods.

***Defendants Failure to Provide Rest Periods***

44.     Plaintiff and members of the plaintiff class allege they were routinely denied or unable to take rest breaks as provided by Cal. Lab. Code § 226.7.

45.     At all times, relevant hereto, California *Labor Code* § 226.7 and IWC Wage Order, number 4, section 12, requires employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

46.     At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, number 4, section 12 requires employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

47.     Plaintiff is further informed and believe, and based thereon allege, that Defendants failed to effectively communicate California rest period requirements to Plaintiffs and the members of the plaintiff class. Plaintiff is further informed and believes, and based thereon allege that throughout the Class Period Defendants failed to provide rest periods.

48.     Throughout the Class Period, Plaintiff and the members of the plaintiff class were routinely denied the rest breaks they were entitled to under California law.

/ / /

49.  Specifically, throughout the Class Period, Defendants regularly:

a.  Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the plaintiff class were relieved of all duties for each four (4) hours of work and able to take rest periods within the middle of the shift; and

b.  Failed to pay Plaintiff and the members of the plaintiff class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

**Facts Regarding Willfulness**

50.  Plaintiff is informed and believes and based thereon alleges that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

51.  Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the plaintiff class members, including Plaintiff for all hours worked, including overtime and accrued PTO.

**Plaintiff's Exhaustion of Administrative Remedies**

52.  Plaintiff is currently complying with the procedures for bringing suit specified in California Labor Code § 2699.3.  By letter dated May 31, 2018, required notice to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

53.  More than 65 days has passed since the Notice was sent and no response from the LWDA has been received.

/ / /

/ / /

/ / /

## CLASS ACTION ALLEGATIONS

54.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

55.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California Code of Civil Procedure §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

**Plaintiff Class:**

**All employees who were or are employed by Defendants during the Class Period (The Class Period is the period from May 31, 2014, through and including the date judgment is rendered in this matter) in California as "non-exempt employees."  As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the California Labor Code.**

**Terminated Sub Class:**

**All members of the Plaintiff Class whose employment ended during the Class Period (The Class Period is the period from May 31, 2014, through and including the date judgment is rendered in this matter).**

**(collectively "Plaintiff Class" or "Class Members")**

56.     The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

57.     Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting only individual members of the class.  These common legal and factual questions, which do not vary from class

member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a. Whether Plaintiff and the members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

b. Whether Defendants maintained accurate records of the hours worked by Plaintiff and the members of the Plaintiff Class;

c. Whether Defendants failed to compensate Plaintiff and the members of the Plaintiff Class for all paid time off accrued at the time of termination;

d. Whether Plaintiff and the members of the Plaintiff Class are entitled to overtime compensation;

e. Whether Defendants failed to maintain accurate records of work performed by Plaintiff and the members of the Plaintiff Class in violation of California Labor Code section 1174;

f. Whether Defendants unlawfully and/or willfully deprived failed to compensate Plaintiff and the members of the Plaintiff Class for all hours worked;

g. Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and the members of the Terminated Sub Class upon termination of their employment, in violation of California Labor Code §§ 201-203;

h. Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and the members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California Labor Code section 226(a);

i. Whether Plaintiff and the members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as

-15-

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

1    interest, penalties, costs, attorneys' fees, and equitable relief; and,

2    j. Whether Defendants' conduct as alleged herein violates the Unfair

3    Business Practices Act of California, <u>Bus. & Prof. Code</u> § 17200, *et seq.*

4    58.    The claims of the named Plaintiff are typical of the claims of the

5    members of the Plaintiff Class.  Plaintiff and the members of the Plaintiff Class

6    sustained losses, injuries and damages arising from Defendants' common policies,

7    practices, procedures, protocols, routines, and rules which were applied to other

8    class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of

9    losses, injuries, and damages as were suffered by other members of the proposed

10    class.

11    59.    Plaintiff is an adequate representative of the proposed classes because

12    he is a member of the class, and his interests do not conflict with the interests of

13    the members he seeks to represent. Plaintiff has retained competent counsel,

14    experienced in the prosecution of complex class actions, and together Plaintiff and

15    his counsel intends to prosecute this action vigorously for the benefit of the classes.

16    The interests of the Class Members will fairly and adequately be protected by

17    Plaintiff and his attorneys.

18    60.    A class action is superior to other available methods for the fair and

19    efficient adjudication of this litigation since individual litigation of the claims of

20    all Class Members is impracticable.  It would be unduly burdensome to the courts

21    if these matters were to proceed on an individual basis, because this would

22    potentially result in hundreds of individuals, repetitive lawsuits. Further, individual

23    litigation presents the potential for inconsistent or contradictory judgments, and the

24    prospect of a "race to the courthouse," and an inequitable allocation of recovery

25    among those with equally meritorious claims.  By contrast, the class action device

26    presents far fewer management difficulties, and provides the benefit of a single

27    adjudication, economics of scale, and comprehensive supervision by a single court.

28    / / /

61. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California <u>Code of Civil Procedure</u> § 382 because:

      a.    The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

      b.    The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

63. Plaintiff brings this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of the "FLSA Class" defined as:

**FLSA Class:**

**All persons who were or are employed by Defendants as non-exempt employees in the United States within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.**

**(hereinafter, "FLSA Class" or "FLSA Collective Class")**

64.     Plaintiff alleges that during the FLSA Class Period, they are and were:

(A.) individuals who resided in the United States of America;

(B.) were employed as "non-exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

(C.) worked more than 40 hours in any given week;

(D.) did not receive all overtime compensation for all hours worked over 40 hours in any given week;

(E.) did not receive reimbursement for expenses that were paid for the primary benefit of the named Defendants;

(F.) worked regular hours for which they received no pay whatsoever;

(G.) are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

(H.) have signed a consent to sue that shall have been filed in this court.

65.     All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY FOR ALL HOURS WORKED

**(By Plaintiff and the Members of the Plaintiff Class Against All Defendants)**

66.     Plaintiff incorporates herein by reference the allegations set forth above.

67.     At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work

at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California Labor Code §§200, 226, 500, 510, 1197, and 1198.

68.   For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked. Defendants implemented policies that actively prevented employees from being compensated for all time worked by employing the use of a rounding program that rounded the actual recorded start and stop time of hourly employees when calculating their wages. In addition, Defendants failed to pay hourly employees for all time worked when the timekeeping system malfunctioned, by recording the time that employees' timecards were manually corrected, rather than the time they actually began work.

69.   Under the above-mentioned wage order and state regulations, § are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with California Labor Code § 218.5, and penalties pursuant to California Labor Code §§203 and 206.

70.   Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the members of the Plaintiff Class for all wages earned and all hours worked, in violation of state law. As a direct result, Plaintiff and the members of the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, in accordance with Plaintiff's and the Plaintiff Classes' respective damage amounts according to proof at time of trial.

71.   Defendants committed such actions alleged knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of

Plaintiff's and the Plaintiff Class' rights.

72.     Plaintiff and the members of the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, exemplary damages in amounts according to proof at time of trial.

73.     As a proximate result of the above-mentioned violations. Plaintiff and the members of the Plaintiff Class have been damaged in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
### (By Plaintiff and Members of the Plaintiff Class Against All Defendants)

74.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

75.     California Labor Code § 510(a) states: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." California Labor Code § 510(a) further states: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." California Labor Code § 510(a) further states: "[A]ny work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

76.     Defendants have failed and refused to pay to Plaintiff and each member of the Plaintiff Class all overtime wages due to them in compliance with California Labor Code including, but not limited to, failing to pay all overtime accrued. Based upon information and belief, Plaintiff and the other members of the Plaintiff Class were not routinely paid overtime when they worked in excess of eight (8) hours in a given day.

77.     As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and each member of the Plaintiff Class has been deprived of overtime wages due in amounts to be determined at trial.

78.     The applicable overtime requirements fixed by the commission for Plaintiff and the members of the Plaintiff Class, are found in the applicable wage order.

79.     Pursuant to California Labor Code §§ 1194 and 1194.2 as a result of Defendants' failure to pay Plaintiff and the members of the Plaintiff Class all overtime wages due, Plaintiff and members of the Plaintiff Class are entitled to each recover the unpaid overtime wages in an amount equal to the overtime wages unlawfully unpaid, plus interest, fees and costs thereon.

## THIRD CAUSE OF ACTION

## FORFEITURE OF VACATION PAY (CALIFORNIA *LABOR CODE* § 227.3)

## (By Plaintiff and the members of the Plaintiff Class Against All Defendants)

80.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

81.     This cause of action is brought pursuant to California Labor Code § 227.3, which prohibits employers from forfeiting payment of the vested vacation wages of their employees.

82.     Plaintiff's employment by Defendants has been terminated. Plaintiff had unused vested vacation wages (including, but not limited to, vacation pay, paid time off pay, personal day pay, personal holiday pay, incidental time off, and/or floating holiday pay) that were not paid out to him in a timely fashion at the end of his employment in violation of California Labor Code § 227.3.

83.     As a matter of uniform corporate policy, procedure and practice Defendants violated California Labor Code § 227.3 by failing to pay Plaintiff and members of the Plaintiff Class all vested vacation wages, including the vested vacation wages at the time of termination. The uniform policy of not paying Plaintiff and members of the Plaintiff Class all vested vacation wages at the end of

their employment resulted in a forfeiture of vested vacation wages in violation of California Labor Code § 227.3.

84.     The conduct of Defendants and their agents and employees as described herein was willful and was taken in conscious disregard of the rights of Plaintiff and the rights of the individual members of the Plaintiff Class.  Such conduct, taken by Defendants' managerial employees, supports an award of up to thirty (30) days of pay, pursuant to California Labor Code § 203, as penalties for Plaintiff and each member of the Plaintiff Class who were not compensated for all vested vacation time at the conclusion of their employment with Defendants.

85.     Such a pattern, practice and uniform administration of unlawful corporate policy regarding employee compensation as described herein creates an entitlement to recovery by

Plaintiff and each member of the Plaintiff Class for damages and wages owed and for penalties, interest, costs and attorney's fees.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY WAGES AT TIME OF

## TERMINATION (California *Labor Code* §§ 201-203)

**(By Plaintiff and Members of the Terminated Sub Class Against All Defendants)**

86.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

87.     At all times, relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California Labor Code §§ 201-203.

88.     As a pattern and practice, Defendants regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to California Labor Code §§ 201-203, and accordingly owe waiting time penalties pursuant to California Labor Code § 203.

/ / /

89.   The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub Class.

90.   Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to California Labor Code § 203.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (Violation of California Labor Code 226(a))

### (By Plaintiff and Members of the Plaintiff Class Against All Defendants)

91.   Plaintiff incorporates all preceding paragraphs as though fully set for herein.

92.   California Labor Code Section 226(a) provides that, (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee s wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission…(5) net wages earned…and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The

deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, copy includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

93.     In addition, the wage statements were incorrect since the hours worked were incorrect resulting in a violation of California Labor Code Section 226(a).

94.     California Code of Civil Procedure 226(a), Section (e) provides:
        "An employee suffering injury as a result of a knowing and intentional
        failure by an employer to comply with subdivision (a) shall be entitled
        to recover the greater of all actual damages or fifty dollars ($50) for
        the initial pay period in which a violation occurs and one hundred
        dollars ($100) per employee for each violation in a subsequent pay
        period,  not exceeding an aggregate penalty of four thousand dollars
        ($4000), and shall be entitled to an award of costs and reasonable
        attorneys' fees."

95.     Plaintiff and members of the Plaintiff Class were damaged by this failure to provide accurate wage statements because, among other things, Plaintiff and members of the Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

96.     Plaintiff and members of the Plaintiff Class request recovery of California Labor Code §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California Labor Code §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

/ / /

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION: CALIFORNIA *BUSINESS AND PROFESSIONS CODE* § 17200, etc.

**(By Plaintiff, the Members of the Plaintiff Class, Against All Defendants)**

97.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

98.    Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

99.    Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.   Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

100.   The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.   As such, said conduct amounts to unfair business practices in violation of California Business and Professions Code § 17200, *et seq*.

101.   Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper meal and rest breaks, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

102.   Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the plaintiff class.

103.   All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff and members of the Plaintiff Class can be readily determined

from Defendants' records.  The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

104.   During the Class Period, Defendants committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq*., of the <u>Business and Professions Code</u>, by and among other things, engaging in the acts and practices described above.

105.   Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the <u>Business and Professions Code</u>.

106.   The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of <u>Business and Professions Code</u> § 17200.

107.   Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

108.   Defendants' course of conduct described herein further violates California <u>Business and Professions</u> Code § 17200 in that it is fraudulent, improper, and unfair.

109.   The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

/ / /

/ / /

/ / /

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND OVERTIME

## COMPENSATION IN VIOLATION OF THE FAIR LABOR

## STANDARDS ACT

### (Against Defendants on behalf of Plaintiff
### and Members of the FLSA Class)

110.   Plaintiff re-allege and incorporate all preceding paragraphs as though fully set forth herein.

111.   The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation.  (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)  This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

112.   Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants in an non-exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked.  To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

113.   This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based upon the failure of the named Defendants to reimburse the named Plaintiff and the FLSA Plaintiff Class for certain transportation expenses that the named Plaintiff and the FLSA Plaintiff Class seek to represent paid when those expenses were primarily for the benefit of the named Defendants.

/ / /

114.   Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

    a.   Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

    b.   Whether Defendants failed to adequately compensate collective employees for expenses incurred for the direct benefit of Defendants as required by the FLSA;

    c.   Whether Defendants' policies and practices were to write down the time worked by Plaintiff and collective employees;

    d.   Whether Defendants failed to include all remuneration in calculating the appropriate rates overtime and straight time;

    e.   Whether Defendants should be should be enjoined from continuing the practices which violate the FLSA; and

    f.   Whether Defendants are liable to the collective employees.

115.   The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

116.   Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

117.   Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

118.   29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA.   The conduct by Defendants which violated the FLSA was willful.

119.   Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

120.   Plaintiff and collective employees were all paid to Defendants on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.   Defendants also failed to pay Plaintiff, and collective employees, compensation for the hours they worked performing duties primarily for the benefit of the employer during meal and rest periods.

121.   For the purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

122.   Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

123.   As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

124.   Plaintiff, therefore, demand that they and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which he was not compensated, compensation for miscalculation of

overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

125.   As a result of the willful actions of the named Defendants in reckless disregard of the rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the FLSA Class have suffered damages.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq*. (PAGA)

### (By Plaintiff Against All Defendants)

126.   Plaintiff incorporates all preceding paragraphs as though fully set for herein.

127.   PAGA permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in California Labor Code §2699.5.

128.   PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

129.   Defendant's conduct, as alleged herein, violates numerous sections of the California Labor Code including, but not limited to, the following:

a)   Rounded employee time as a result of which Plaintiff and said members of the plaintiff class were not paid all wages due to them, including overtime wages;

b)   Failed to pay Plaintiff and the other members of the plaintiff class overtime pay for all overtime hours worked;

c)   Failed to pay Plaintiff and the other members of the plaintiff class all wages owed at termination;

d)   Failed to pay Plaintiff and the other members of the plaintiff class all paid time off ("PTO") owed upon termination; and,

e) Failed to maintain accurate wage statements for Plaintiff and the other members of the plaintiff class pursuant to California Labor Code §226(a).

130.  California Labor Code § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

131.  California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . ."

Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

132.  California Labor Code § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages

paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

133. California <u>Labor Code</u> § 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." California <u>Labor Code</u> section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

134. Defendant, at all times relevant to this complaint, was employers or persons acting on behalf of an employer(s) who violated Plaintiff and other aggrieved employees' rights by violating various sections of the California <u>Labor Code</u> as set forth above.

135. As set forth above, Defendant has violated numerous provisions of both the California <u>Labor Code</u> sections regulating hours and days of work as well as the applicable order of the IWC. Accordingly, Plaintiff seeks the remedies set forth in California <u>Labor Code</u> § 558 for himself, the State of California, and all other aggrieved employees.

136. Pursuant to PAGA, and in particular California <u>Labor Code</u> §§ 2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California

against Defendants, in addition to other remedies, for violations of California <u>Labor Code</u> §§ sections 200, 201-203, 226(a), 227.3, 500, 510, 1194, 1197, 1198.

137.   California <u>Labor Code</u> § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California <u>Labor Code</u> § 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

138.   During the relevant time period, Defendant failed to pay Plaintiff and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California <u>Labor Code</u> § 204.  During the relevant time period, Defendant failed to pay Plaintiff and other aggrieved employees all wages due to them including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, within any time period specified by California <u>Labor Code</u> § 204.

139.   Plaintiff has complied with the procedures for bringing suit specified in California <u>Labor Code</u> § 2699.3 and SB 836. By letter dated May 31, 2018, Plaintiff, on behalf of himself and the other aggrieved employees, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendant of the specific provisions of the California <u>Labor Code</u> alleged to have been violated, including the facts and theories to support the alleged violations.

/ / /

/ / /

/ / /

/ / /

/ / /

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

## EIGHTH CAUSE OF ACTION

## MISSED MEAL PERIODS IN VIOLATION OF

## CALIFORNIA *LABOR CODE* §§ 200, 226.7, 512

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

140. Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

141. For at least the four (4) years preceding the filing of this action, Defendant failed to provide meal breaks and second meal breaks as required by law.

142. There is no evidence that Plaintiff or members of the putative class signed a waiver for a second meal break.

143. Plaintiff and members of the plaintiff class were routinely denied meal breaks, second meal breaks or took late meal breaks and suffered an underpayment of wages as a result.

144. California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

145. California *Labor Code* § 512 provides that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

146. Section 11(A) of Wage Order No. 4-2001 provides that: "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an on duty meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall

state that the employee may, in writing, revoke the agreement at any time."

147.    California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

148.    Throughout the Class Period, Plaintiff and the members of the Plaintiff Class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

149.    Throughout the Class Period, Plaintiff and members of the Plaintiff Class did not waive their meal periods, by mutual consent with Defendant or otherwise.

150.    Defendant failed to comply with the required meal periods established by California *Labor Code* § 226.7, California *Labor Code* § 512, and the applicable Wage Order.

151.    Defendant failed to compensate Plaintiff and members of the Plaintiff Class with premium wages when meal periods were missed.

152.    Pursuant to Sections 11 and 12 of Wage Order No. 4-2001, and California *Labor Code* § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

153.    At all times relevant to this Complaint, Defendant failed, and has continued to fail, to timely provide Plaintiff and the members of the Plaintiff Class with meal periods.

154.   Thus, throughout the Class Period, Defendant regularly:

      a.   Failed to provide timely, 30-minute uninterrupted meal periods during which Plaintiff and the members of the Plaintiff Class were relieved of all duty for each five (5) hours of work;

      b.   Failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not permitted.

155.   Specifically, Plaintiff and Plaintiff Class members' meal breaks were routinely cut short, late, or entirely missed. Defendant did not provide second meal breaks for shifts in excess of ten (10) hours.

156.   As a direct and proximate result of the acts and/or omissions of Defendant, Plaintiff and the members of the Plaintiff Class have been deprived of meal period wages due in amounts to be determined at trial.

157.   Pursuant to California *Labor Code* §§ 226.7, 512, and applicable wage order, as a result of Defendant's failure to pay Plaintiff and the members of the Plaintiff Class for all meal periods and rest periods, Plaintiff and members of the Plaintiff Class are entitled to recover the unpaid meal period wages, plus interest, fees and costs thereon.

## NINTH CAUSE OF ACTION

## MISSED REST BREAKS IN VIOLATION OF

## CALIFORNIA *LABOR CODE* §§ 200, 226.7, 512

**(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

158.   Plaintiff hereby re-alleges, and incorporates by reference as though set fully forth herein, the allegations contained above.

159.   For at least the four (4) years preceding the filing of this action, Defendant failed to provide meal and rest breaks as required by law.

160.   Plaintiff and members of the plaintiff class were routinely denied rest breaks.

161. California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

162. California *Labor Code* § 512 provides that: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

163. Section 11(A) of Wage Order No. 4-2001 provides that: "Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an on duty meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

164. California *Labor Code* § 226.7(a) provides that: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

165. Throughout the Class Period, Plaintiff and members of the Plaintiff Class did not waive their rest periods, by mutual consent with Defendant or otherwise.

166. Defendant failed to comply with the required meal periods established by California *Labor Code* § 226.7, California *Labor Code* § 512, and the applicable Wage Order.

167. Defendant failed to compensate Plaintiff and members of the Plaintiff Class with premium wages when meal periods were missed.

168. Pursuant to Sections 11 and 12 of Wage Order No. 4-2001, and California *Labor Code* § 226.7(b) (which requires, in the event that "an employer

fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

169.   At all times relevant to this Complaint, Defendant failed, and has continued to fail, to timely provide Plaintiff and the members of the Plaintiff Class with rest periods.

170.   As a direct and proximate result of the acts and/or omissions of Defendant, Plaintiff and the members of the Plaintiff Class have been deprived of meal period wages due in amounts to be determined at trial.

171.   Pursuant to California *Labor Code* §§ 226.7, 512, and applicable wage order, as a result of Defendant's failure to pay Plaintiff and the members of the Plaintiff Class for all meal periods and rest periods, Plaintiff and members of the Plaintiff Class are entitled to recover the unpaid meal period wages, plus interest, fees and costs thereon.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the Plaintiff Class and FLSA Class, prays for judgment against Defendants as follows:

1.     For an order certifying the Plaintiff Class and FLSA Class;

2.     For nominal damages;

3.     That the Court issue an order certifying this action is a collective action brought pursuant to the FLSA, 29 U.S.C. §216 (b);

4.     Designation of the Plaintiff as the collective class representative of the FLSA Class;

5.      Certification of this class action on behalf of the proposed Plaintiff Class;

6.      Designation of Plaintiff as the class representative of the Plaintiff Class and FLSA Class;

7.      A temporary, preliminary, and permanent injunction requiring Defendants to pay Plaintiff and members of the Plaintiff Class and FLSA Class proper overtime wages, computed based upon the actual regular rate;

8.      A temporary, preliminary, and permanent injunction requiring Defendants to refrain from committing unlawful and unfair business practices proscribed by the California Business & Professions Code § 17200 et seq.;

9.      Equitable tolling of the applicable statute of limitations on claims of Plaintiff and members of the classes;

10.     A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law and have willfully violated the FLSA for purposes of calculating the applicable statute of limitations period:

a.      the FLSA, 29 U.S.C. §207 (a), by failing to provide compensation at time and a half rates for work in excess of 40 hours per workweek;

b.      California Labor Code §§ 510, 550-556, 1194 (a) and the applicable IWC Wage Order, by failing to pay all premium wages due for work in excess of 8 hours per workday, 12 hours per workday and/or 40 hours per workweek, and/or for work on the 7th day of a 7-day workweek;

d.      California Labor Code § 226, by failing to provide the information required with each payment of wages;

e.      California Labor Code §§ 201-203 and 227.3 by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

f.    California Business & Professions Code §§ 17200-08 by violating the provisions set forth herein above;

g.    the FLSA, 29 U.S.C. §206, by failing to provide minimum wages;

11.    An award of unpaid overtime premiums plus liquidated damages and interest pursuant to 29 U.S.C. §255 (a).

12.    An award of restitution or damages in the amount of unpaid overtime, minimum wage compensation (plus liquidated damages pursuant to California Labor Code §1194.2), including interest thereon, subject to proof at trial.

13.    An award of statutory penalties pursuant to California Labor Code §§ 203, 1174.5, and 2698-99 and California Business & Professions Code §17206, subject proof at trial.

14.    An award of waiting time penalties as to those class members who quit or have been discharged, pursuant to California Labor Code §203, subject proof at trial.

15.    An award of restitution of all amounts owed and unpaid overtime, minimum wage compensation and interest thereon, in an amount to be proved at trial, pursuant to California Business & Professions Code §17203.

16.    Disgorgement of profits and all other appropriate equitable relief authorized by California Business & Professions Code § 17203.

17.    Prejudgment and post judgment interest on all sums awarded.

18.    Attorneys' fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to 29 U.S.C. §216 (b), Labor Code §§ 226 (g), 1194 (a), 2699 (g) (1) and California Code of Civil Procedure §1021.5, and any other such provision as may be applicable.

19.    For penalties as permitted by the California Labor Code, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, penalties permitted by California Labor

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

Code §§ 203, 226(a), 226.3, 226.7, 510, 512, 512(a), 1174, 1194.2, 1194.5, 1197 and 1198.

20. Costs of suit.

21. Such other and further relief as is equitable, just, and proper.

Dated: January 24, 2020          **BRADLEY/GROMBACHER, LLP**
                                           **LAW OFFICES OF SAHAG MAJARIAN II**

                                 By: */s/Marcus J. Bradley*
                                     Marcus J. Bradley, Esq.
                                     Kiley L. Grombacher, Esq.
                                     Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: January 24, 2020          **BRADLEY/GROMBACHER, LLP**
                                           **LAW OFFICES OF SAHAG MAJARIAN II**

                                 By: */s/Marcus J. Bradley*
                                       Marcus J. Bradley, Esq.
                                     Kiley L. Grombacher, Esq.
                                     Attorneys for Plaintiff

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                                ) ss.
COUNTY OF LOS ANGELES  )

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address 31365 Oak Crest Drive, Suite 240, Westlake Village, California, 91361.

     On **January 24, 2020,** I served the foregoing documents described **CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT**  on all interested parties in this action as follows: **SEE ATTACHED SERVICE LIST**

[ X ]   **(VIA US MAIL)** I caused such envelope(s) to be deposited in the mail at Westlake Village, California with postage thereon fully prepaid.
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **(VIA FEDERAL EXPRESS)** I caused to have served such document(s) by depositing them in the drop box at Westlake Village, California, for priority overnight next day delivery.

[ ]   **(VIA FACSIMILE)** I caused such document to be faxed to the persons identified with fax numbers on the attached Mailing List.

[ ]   **(VIA PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee.

[ ]   **(BY ELECTRONIC FILING SERVICE PROVIDER**) I electronically filed the document(s) with the Clerk of the Court by using one of the court's approved electronic filing service providers (EFSP).  Participants in the case will be electronically served by the court's electronic filing service provider.  Participants in the case, who are required by statute or rule, will be served by mail or by other means permitted by the court rules.  My email address is sboucher@bradleygrombacher.com.  Said document(s) were served by email on _____.  The names and email addresses of the persons served are set forth in the service list.

[ ]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed **January 24, 2020** at Westlake Village, California.

                                        Suzette Boucher

-42-

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***GONZALEZ v. CARDINAL HEALTH, LLC***
***UNITED STATES DISTRICT COURT***
***CENTRAL DISTRICT CASE NO.:*** **EDCV 18-1574-GW(SPx)**

### Service List

| | |
|---|---|
| Chad D. Bernard (SBN 194162)<br>John P. Nordlund (SBN 286153)<br>**JACKSON LEWIS P.C.**<br>225 Broadway, Suite 2000<br>San Diego, California 92101<br>Telephone: (619) 73-4900<br>Facsimile: (619) 573-4901<br>Chad.bernard@jacksonlewis.com<br>John.nordlund@jacksonlewis.com | Attorney for the Defendants |

CLASS AND COLLECTIVE ACTION SECOND AMENDED COMPLAINT

EXHIBIT 4

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
sahagii@aol.com

David K. Montgomery (SBN 120066)
John P. Nordlund (SBN 286153)
Christine M. Fitzgerald (SBN 259014)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, California  92101
Telephone:  (619) 573-4900
Facsimile:   (619) 573-4901
David.Montgomery@jacksonlewis.com
John.Nordlund@jacksonlewis.com
Christine.Fitzgerald@jacksonlewis.com

Attorneys for Defendant
CARDINAL HEALTH 200, LLC

1

STIPULATION AND AGREEMENT
OF COMPROMISE AND CLASS SETTLEMENT
CASE NO. 5:18-cv-1574 GW (SPx)

**EXHIBIT 1**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>      v.<br><br>CARDINAL HEALTH 200, LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>       Defendants. | Case No.:   5:18-cv-1574 GW (SPx)<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND CLASS SETTLEMENT**<br><br>State Court Complaint filed:  May 31, 2018<br>Trial Date: |

2

**EXHIBIT 1**

**STIPULATION AND AGREEMENT**

**OF COMPROMISE AND CLASS SETTLEMENT**

This Stipulation and Agreement of Compromise and Class Settlement ("Settlement Agreement") is made and entered into between the Plaintiff and Class Representative JOSE GONZALEZ (Plaintiff), individually and on behalf of the Class (as defined below), by and through his counsel of record, Bradley/Grombacher, LLP, and Law Offices Of Sahag Majarian II (collectively, "Class Counsel"), and Defendant CARDINAL HEALTH 200, LLC ("Defendant"), by and through its counsel of record, Jackson Lewis P.C. ("Defendant's Counsel"), and is subject to the approval of the Court, as provided below. This Settlement Agreement is intended by Plaintiff and Defendant to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof, as follows:

**1.    DEFINITIONS.** As used herein, for the purposes of this Settlement Agreement only, the following terms shall be defined as set forth below:

  **1.1.    "The Action"** refers to the present class action filed in San Bernardino Superior Court on May 31, 2018, and removed to the United States District Court, Central District of California on July 25, 2018, which is entitled *JOSE GONZALEZ, an individual, on his own behalf and on behalf of all others similarly situated, Plaintiff v. CARDINAL HEALTH 200, LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive, Defendants,* Case No. 5:18-cv-1574 GW (SPx).

  **1.2.    "The Class"** or **"Class Members"** or **"Class Member"** refers to Plaintiff and all persons, or each of them, currently or formerly employed by Defendant in the State of California and classified as hourly, non-exempt employees during the time frame of September 28, 2016 through the date the Court grants preliminary approval of this Settlement Agreement.

  **1.3.    "Class Counsel"** refers to Bradley/Grombacher, LLP, and Law Offices of Sahag Majarian II, the attorneys of record for the Class Representative.

///

3

**1.4.** **"Class Notice"** refers to the form of direct-mail notice to Class Members, substantially in the form attached hereto as **"Exhibit A,"** as may be modified by the Court.

**1.5.** **"Class Payment"** shall be defined as the aggregate of the Individual Settlement Payments to be paid to each of the Class Members in accordance with the procedures set forth herein and as ordered by the Court.

**1.6.** **"Class Period"** refers to the time period for which Class Members may receive an Individual Settlement Payment, as defined below. The Class Period shall be the time period of September 28, 2016 through the date the Court grants preliminary approval of this Settlement Agreement.

**1.7.** **"Class Representative"** refers to Plaintiff Jose Gonzalez.

**1.8.** **"Court"** refers to the United States District Court, Central District of California, Honorable George H. Wu, presiding.

**1.9.** **"Defendant's Counsel"** refers to Defendant's counsel of record, Jackson Lewis P.C.

**1.10.** **"Employer Taxes"** refers to all applicable federal, state, and local income and employment taxes, including, but not limited to, any portion of such taxes that are to be paid by an employer, and including, but not limited to, Unemployment Insurance, Employment Training Tax, FICA (Social Security and Medicare), State Disability Insurance, and state and federal personal income taxes.

**1.11.** **"Exclusion Deadline"** refers to the date by which Class Members, as defined above, must submit to the Settlement Administrator a Request for Exclusion, which shall be the date that is forty-five (45) calendar days after the Notice Date, as defined below, or as such date may be modified by the Court.

**1.12.** **"Final Fairness Hearing"** refers to the hearing at which the Court will make a final determination whether the terms of the Settlement Agreement are fair, reasonable, and adequate for the Class and meet all applicable requirements for approval, and, if the settlement is so approved, whether a judgment should be entered thereon,

4

1  whether the Class Representative's application for representative enhancements should be

2  granted, and whether an application by Class Counsel for an award of reasonable attorneys'

3  fees and reimbursement of their reasonable costs and expenses should be granted.

4      **1.13. "Final Approval Order"** refers to the final order by the Court

5  approving the Settlement Agreement and entering Judgment following the Final Fairness

6  Hearing.

7      **1.14. "Final Effective Date"** refers to the date by which the last of the

8  following has occurred: (1) in the event there are written objections to the Settlement

9  Agreement that are denied or withdrawn, the date on which the time for filing any appeal,

10  writ, or other appellate proceeding opposing the Court's Final Approval Order has elapsed

11  without any appeal, writ, or other appellate proceeding having been filed; (2) in the event

12  there are written objections that are not denied or withdrawn and any appeal, writ, or other

13  appellate proceedings opposing the Court's Final Approval Order has been filed, the date

14  on which any appeal, writ, or other appellate proceedings opposing the Court's Final

15  Approval Order has been finally and conclusively dismissed with no right to pursue further

16  remedies or relief; or (3) if there are no written objections to the Settlement Agreement

17  filed or all written objections have been withdrawn prior to the close of the Final Fairness

18  Hearing and thirty-five (35) calendar days have passed since the Court has entered a Final

19  Approval Order and Judgment certifying the Class, entering Judgment of the Action, and

20  approving the Settlement Agreement. For purposes of determining the Final Effective Date,

21  the Settling Parties, as defined below, agree that only California Courts have jurisdiction

22  over any such appeals, except for any appellate procedure over which the United States

23  Supreme Court may exercise jurisdiction.

24      **1.15. "Final Funding Amount"** refers to the Maximum Settlement Amount,

25  defined below, that Defendant is obligated to fund, which shall be equal to the sum of: (i)

26  the total amount of Individual Settlement Payments properly calculated by the Settlement

27  Administrator in accordance with the claims process as set forth in Paragraphs 8.1 through

28  8.13, and as approved by the Court in the Final Approval Order; (ii) the Settlement

5

Administrator fee as set forth in Paragraph 5.2, and as approved by the Court in the Final Approval Order; (iii) the Class Counsel fees as set forth in Paragraph 5.1, and as approved by the Court in the Final Approval Order; (iv) the Class Counsel litigation costs as set forth in Paragraph 5.1, and as approved by the Court in the Final Approval Order; (v) the Class Representative enhancement as set forth in Paragraph 5.3, and as approved by the Court in the Final Approval Order; (vi) all Employer Taxes as set forth in Paragraphs 6.1 through 6.7; and (vii) the PAGA Payment, as set forth in Paragraph 5.4, and as approved by the Court in the Final Approval Order. Under no circumstances shall the Final Funding Amount exceed the Maximum Settlement Amount.

1.16. **"Final Funding Date"** refers to the date on which Defendant shall provide the Final Funding Amount to the Settlement Administrator for distribution, which shall be ten (10) days after the Final Effective Date.

1.17. **"Second Amended Complaint"** or **"SAC"** refers to the Second Amended Class and Collective Action Complaint, which shall be the operative complaint in this Action, and which shall allege ten (10) causes of action: (1) failure to pay all wages; (2) failure to pay overtime compensation; (3) failure to pay paid time off in violation of California Labor Code section 227.3; (4) failure to pay wages at the time of termination; (5) failure to provide proper wage statements; (6) violations of the Unfair Competition Law pursuant to the California Business and Professions Code section 17200 *et seq.*; (7) failure to pay all wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"); (8) violations of the California Private Attorneys General Act, Labor Code section 2698 *et seq.* (PAGA); (9) failure to provide meal periods; and (10) failure to provide rest breaks.

1.18. **"Individual Settlement Payment"** refers to the amount that shall be payable from the Net Settlement Amount to each Settlement Class Member as determined in accordance with the provisions of Paragraphs 4.2 through 4.4.

1.19. **"Information Sheet"** means the form that the Settlement Administrator shall prepare and send to each Class Member, substantially in the form

6

attached as **"Exhibit B,"** setting forth the total number of Workweeks worked by the Class Member, which the Settlement Administrator shall mail to each Class Member with the Class Notice.

**1.20.** **"Judgment"** refers to the final judgment by the Court approving this Settlement Agreement and adjudicating the Action.

**1.21.** **"Maximum Settlement Amount"** as used herein means the maximum cash consideration that may be paid by Defendant pursuant to this Settlement Agreement, in an amount not to exceed Eight Hundred Seventy-Five Thousand Dollars and Zero Cents ($875,000.00). The Maximum Settlement Amount includes the maximum sum of all monies that Defendant shall pay under this Settlement Agreement, including the Net Settlement Amount, as defined below, all payments to the Class, all costs of settlement administration, all attorneys' fees, all attorneys' costs, Class Representative enhancement, all Employer Taxes, as defined above, and all PAGA Payments, as defined below. Under no circumstances shall the Maximum Settlement Amount exceed Eight Hundred Seventy-Five Thousand Dollars and Zero Cents ($875,000.00).

**1.22.** **"Net Settlement Amount"** shall be defined as the Maximum Settlement Amount, less the amounts awarded by the Court for attorneys' fees, costs, administrative expenses, Class Representative enhancement, Employer Taxes, and PAGA Payments, as provided for in Paragraphs 5.1 through 6.7. The Net Settlement Amount is the maximum amount that shall be made available to Class Members. Under no circumstances shall the value of the Net Settlement Amount cause the Maximum Settlement Amount to exceed Eight Hundred Seventy-Five Thousand Dollars and Zero Cents ($875,000.00).

**1.23.** **"Notice Date"** refers to the date ordered by the Court for the dissemination of the direct mail notice, a date that is expected to be less than twenty-five (25) calendar days after the Preliminary Approval Order Date.

**1.24.** **"PAGA Payments"** refers to all payments made to satisfy the settlement of the PAGA claim in this Action, which shall be in the total amount of Ten

7

1  Thousand Dollars and Zero Cents ($10,000.00). The PAGA Payments shall be made in the

2  following allocation: seventy-five percent (75%), or Seven Thousand Five Hundred

3  Dollars and Zero Cents ($7,500.00), to be paid to the California Labor & Workforce

4  Development Agency (LWDA) and twenty-five percent (25%), or Two Thousand Five

5  Hundred Dollars and Zero Cents ($2,500.00) to be added to the Net Settlement Amount to

6  be distributed to Settlement Class Members in their Individual Settlement Payments.

7           **1.25. "Parties" or "Party"** refers to Plaintiff and Defendant, or either of

8  them.

9           **1.26. "Preliminary Approval Order"** refers to the order by the Court

10  granting preliminary approval to the Settlement Agreement and directing the Parties to

11  disseminate Class Notice to the Class.

12           **1.27. "Preliminary Approval Order Date"** refers to the date on which the

13  Court enters the Preliminary Approval Order.

14           **1.28. "Request for Exclusion"** refers to a request that a Class Member

15  submits to the Settlement Administrator requesting to be excluded from the Settlement

16  Class and this Settlement Agreement.

17           **1.29. "Response Deadline"** refers the date by which Class Members must

18  submit a valid Request for Exclusion or Objection to the Settlement Agreement, pursuant

19  to the terms below, which shall be the date that is forty-five (45) calendar days after the

20  Notice Date, as defined above, and as such date may be modified by the Court.

21           **1.30. "Settlement Administrator"** refers to Simpluris Class Action

22  Settlement Administration, an independent third-party that will be engaged by Class

23  Counsel and paid out of the Final Funding Amount, with the approval of Defendant, to

24  perform the notice, administration, and distribution functions further described in this

25  Settlement Agreement.

26           **1.31. "Settlement Agreement"** refers to this Stipulation and Agreement of

27  Compromise and Class Settlement, including any permitted and executed amendments

28  hereto.

STIPULATION AND AGREEMENT
OF COMPROMISE AND CLASS SETTLEMENT
CASE NO. 5:18-cv-1574 GW (SPx)

**EXHIBIT 1**

1.32. **"Settlement Class" or "Settlement Class Member"** as used herein means all Class Members, or each of them, who do not timely submit a valid Request for Exclusion, as defined herein.

1.33. **"Settling Parties"** refers to Plaintiff, the members of the Settlement Class, and Defendant.

2. **RECITALS**

2.1. **The Litigation.** On May 31, 2018, Plaintiff filed the Action in the Superior Court of California, County of San Bernardino, by and through the initial complaint, which alleged seven (7) causes of action: (1) failure to pay all wages; (2) failure to pay overtime compensation; (3) failure to pay paid time off in violation of California Labor Code section 227.3; (4) failure to pay wages at the time of termination; (5) failure to provide proper wage statements; (6) violations of the Unfair Competition Law pursuant to the California Business and Professions Code section 17200 *et seq.*; and (7) failure to pay all wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). On July 25, 2018, Defendant removed this Action to this Court. Thereafter, on November 11, 2018, Plaintiff filed the operative First Amended Complaint, which added the PAGA claim.

2.2. **Prior Class Settlement.** On March 15, 2017, final approval of class settlement was granted in a prior California wage and hour class action entitled *Rico v. Cardinal Health 200, LLC et al*, San Bernardino Superior Court, Case No. CIVRS1401451 ("*Rico* Action"). The *Rico* Action settlement encompassed the wage and hour claims of all "persons employed by Cardinal Health 200, LLC as a non-exempt employee in any of its locations and branches in the State of California at any time from March 12, 2010 through September 27, 2016." The class settlement and final approval order released claims of all *Rico* Action class members who did not opt out of the settlement. Accordingly, the Class Period for the purposes of this Settlement is September 28, 2016 through the date that the Court grants preliminary approval of this Settlement.

///

9

**2.3.   Amendment of the Complaint.** Before or contemporaneously with the filing of Plaintiff's Motion for Preliminary Approval of Class Settlement, Plaintiff shall file a Joint Stipulation seeking amendment of the Complaint to allow for the filing of the Second Amended Complaint. If the Court denies leave to file the Second Amended Complaint, or the Second Amended Complaint is not filed, this Settlement Agreement shall be null and void.

**2.4.   Claims Disputed.** Defendant disputes all claims alleged in this Action and do not, by this Settlement Agreement, admit any liability or wrongdoing whatsoever.

**2.5.   Mediation.** On May 5, 2019, the Parties participated in a mediation session with Michael E. Dickstein of Dickstein Dispute Resolution, an experienced employment law and class action mediator. The session lasted a full day. The Parties engaged in extensive, arms-length negotiations. Although the Parties did not reach a settlement during mediation, with the assistance of Mr. Dickstein, after continued settlement discussions, the Parties reached a class action settlement in accordance with the terms set forth in this Settlement Agreement.

**2.6.   Conditional Class Certification.** The Parties stipulate and agree to the certification of the Settlement Class for purpose of this Settlement Agreement only. In the event the Settlement Agreement does not become final for whatever reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement Agreement shall have no bearing on, and will not be admissible in connection with, the issue of whether any class should be certified in any subsequent proceeding. The Parties and their counsel further agree that they will not offer or make reference to this provisional stipulation to class certification for purposes of this Settlement Agreement in any subsequent proceeding in this Action (except for purposes of having this Settlement Agreement approved by the Court) or any other action. In the event that this Settlement Agreement is terminated for any reason, or otherwise not approved by the Court, the conditional class certification in this Action shall be deemed withdrawn, void, and nullified, as stated more fully in Paragraph 13.3 below.

10

2.7.   **No Admissions.** The Parties understand, acknowledge, and intend that this Settlement Agreement and the terms set forth herein represent a compromise of disputed claims, and neither the existence of this Settlement Agreement nor the conduct of any of the Parties hereto shall constitute or be construed as an admission of any liability or any wrongdoing whatsoever on the part of any of the Parties, as more fully set forth herein at Paragraph 14 below.

2.8.   **Settlement in the Interests of the Settlement Class.** Class Counsel has conducted a formal and informal investigation into the facts of the Action, including interviewing witnesses and conducting an extensive review of documents, and has diligently pursued an investigation of Class Members' claims against Defendant. Class Counsel also served written discovery on Defendant, including interrogatories and requests for production of documents as to the allegations in the Action. Based on Class Counsel's own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and numerous potential appellate issues. Defendant and Defendant's Counsel also agree that this Settlement Agreement is fair and in the best interest of the Settlement Class and each Class Member.

NOW, THEREFORE, in consideration of these Recitals, which are incorporated into the Settlement Agreement, and the mutual covenants, promises, and warranties set forth herein, the Settling Parties agree, subject to the Court's approval, as follows:

3.   **IDENTIFICATION OF CLASS MEMBERS**

3.1.   **Defendant's Employment Records.** Defendant's employment records shall take precedence and shall supersede any and all conflicting information regarding the identification of potential Class Members, including their employment histories.

///
///

11

**4.    COMPENSATION TO SETTLEMENT CLASS MEMBERS.**

**4.1.    Funding.** Provided all conditions to this Settlement Agreement are satisfied and no Terminating Event as defined in Par. 13.2 has occurred, Defendant agrees to pay the Final Funding Amount, which shall be equal to the sum of: (i) the total amount of Individual Settlement Payments properly calculated by the Settlement Administrator as set forth in Paragraphs 8.1 through 8.13, and as approved by the Court in the Final Approval Order; (ii) the Settlement Administrator fee as set forth in Paragraph 5.2, and as approved by the Court in the Final Approval Order; (iii) the Class Counsel fees as set forth in Paragraph 5.1, and as approved by the Court in the Final Approval Order; (iv) the Class Counsel litigation costs as set forth in Paragraph 5.1, and as approved by the Court in the Final Approval Order; (v) the Class Representative enhancement as set forth in Paragraph 5.3, and as approved by the Court in the Final Approval Order; (vi) all Employer Taxes as set forth in Paragraphs 6.1 through 6.7; and (vii) the PAGA Payment, as set forth in Paragraph 5.4, and as approved by the Court in the Final Approval Order. Under no circumstances will Defendant be required to pay more than the Maximum Settlement Amount in connection with the settlement of this Action. If the Final Funding Amount is greater than the Maximum Settlement Amount, then the Settlement Administrator will reduce Settlement Class Members' Individual Settlement Payments proportionally in amounts sufficient to cover the difference between the Final Funding Amount and the Maximum Settlement Amount as set forth in Paragraph 4.4 below, such that the Final Funding Amount shall not exceed the Maximum Settlement Amount under any circumstance. Defendant shall provide the Final Funding Amount to the Settlement Administrator on or before the Final Funding Date (*i.e.* ten (10) days after the Final Effective Date). The Net Settlement Amount shall be distributed to the Class according to the "Settlement Payment Formula," as set forth below.

**4.2.    Settlement Payment Formula.** The Net Settlement Amount shall be divided among Settlement Class Members based on the Settlement Class Members' number of workweeks worked during the Class Period. The Settlement Administrator will

12

calculate each Settlement Class Member's *pro rata* share of the Net Settlement Amount by dividing the total number of workweeks worked by all Settlement Class Members during the Class Period into the Net Settlement Amount (*i.e.,* the "Workweek Value"), and then multiplying the Workweek Value by the number of weeks actually worked by each Settlement Class Member during the Class Period.

**4.3.    Calculation of Workweeks.** Defendant shall provide the Settlement Administrator with the start and ending dates of each Class Member's employment within the applicable Class Period. Based on this employment history data provided to the Settlement Administrator by Defendant, the Settlement Administrator will calculate each Class Member's workweeks by dividing the total days employed as a Class Member during the applicable Class Period by seven (7). Partial workweeks will be rounded up to the nearest full workweek. Defendant's employment history data will be presumed to be correct, unless a Class Member proves otherwise to the Settlement Administrator by providing written documentation to support the correction. All workweek disputes will be resolved and decided by the Settlement Administrator, and the Settlement Administrator's decision on all workweek disputes will be final and non-appealable.

**4.4.    Setoff.** Any Class Members who have previously entered into settlements with, or received payments from, Defendant on account of the claims being released and settled will have the amounts of such settlements or payments deducted from the amount of their Individual Settlement Payments before payment by the Settlement Administrator. Any Class Members who have executed a release of claims in favor of Defendant for any and all claims being settled herein shall not receive an Individual Settlement Payment in this Action from Defendant and such Individual Settlement Payments to which they otherwise would have been entitled shall be added to the Net Settlement Amount, to be redistributed to the remainder of the Class pursuant to Paragraph 4.2. Additionally, as a result of the prior class settlement in the *Rico* Action, the Class Period for purposes of this Settlement is September 28, 2016 through the date the Court grants preliminary approval of this Settlement.

13

**4.5.** **Maximum Payment.** Under no circumstances shall the aggregate of Individual Settlement Payments paid to Settlement Class Members exceed the Net Settlement Amount, and under no circumstances shall the Final Funding Amount exceed the Maximum Settlement Amount. If the total value of Individual Settlement Payments exceeds the Net Settlement Amount, or if the Final Funding Amount exceeds the Maximum Settlement Amount, each Settlement Class Member's recovery shall be reduced on a *pro rata* basis so that the total amount of Individual Settlement Payments does not exceed the Net Settlement Amount, and/or that the Final Funding Amount does not exceed the Maximum Settlement Amount. This *pro rata* decrease shall be made until the total Class payment is equal to or less than the Net Settlement Amount, and/or until the Final Funding Amount is less than or equal to the Maximum Settlement Amount.

**4.6.** **Individual Settlement Payment Distribution.** The Settlement Administrator shall attempt to deliver each Settlement Class Member's Individual Settlement Payment to the Settlement Class Member's last known address as indicated in Defendant's records, or to a more recent address using reasonable efforts to locate a Settlement Class Member, as set forth more fully in Paragraph 8.2, within forty-five (45) days of the Final Effective Date. Any Individual Settlement Payment that is undeliverable due to an inaccurate or non-current address of a Settlement Class Member, following reasonable efforts by the Settlement Administrator to locate the Settlement Class Member, will be submitted to the unclaimed property fund, or similar state government fund, of the state in which the Settlement Class Member's last known address is located. Any checks that were delivered to a Settlement Class Member, but remain uncashed at the time the checks expire according to Paragraph 8.12, will similarly be submitted to the unclaimed property fund, or similar state government fund, of the state in which the Class Member's last known address is located.

**4.7.** **Individual Settlement Payment Check.** The Settlement Administrator shall mail each Settlement Class Member one check that shall constitute the Settlement Class Member's Individual Settlement Payment. The check shall represent

14

consideration for both non-FLSA claims and Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") claims released. The checks shall include writing indicating that they shall expire one hundred eighty (180) days from the date of issuance, as set forth below in Paragraph 8.12.

**4.8.    FLSA Opt-In Endorsement on Individual Settlement Payment Checks**. The Settlement Administrator shall print the statement: "My signature hereon constitutes my declaration, under penalty of perjury, that I am the individual to whom this check was made payable, or otherwise possesses a legal right to negotiate this check, and serves a record of my full and complete release of all 'Released Claims' including my decision opt-in to the release of my claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* as described more fully in the Stipulation and the Notice of Class Action Settlement," or words to that effect, on the back of each Individual Settlement Payment check above the area for the check negotiator's signature. The Class Notice shall state that by cashing and signing or endorsing their Individual Settlement Payment checks, Settlement Class Members shall be opting in to the release of any and all FLSA claims within the scope of the Released Claims, as defined below in Paragraph 7.1.

**5.    AWARD OF FEES, COSTS, AND REPRESENTATIVE ENHANCEMENT**

**5.1.    Attorneys' Fees and Litigation Costs**. Any attorneys' fees and litigation costs awarded to Class Counsel will be paid out of the Final Funding Amount. Class Counsel shall apply to the Court for approval of an award of attorneys' fees in an amount that will not exceed one-third (1/3) of the Maximum Settlement Amount, in accordance with the applicable legal precedents therefore, and conditioned upon the Settlement Agreement reaching its Final Effective Date. As long as the total amount requested or awarded does not exceed thirty-three percent (33%) of the Maximum Settlement Amount, Defendant agrees not to oppose the application for attorneys' fees and to pay such amounts as requested by Class Counsel and awarded by the Court, up to Two Hundred Ninety-One Thousand Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents

15

($291,666.67). Class Counsel shall not apply to the Court for an award of attorneys' fees that is greater than the amounts set forth in this Settlement Agreement, and, in no event shall Defendants be required to pay Class Counsel more than Two Hundred Ninety-One Thousand Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($291,666.67) in attorneys' fees. Class Counsel shall also apply to the Court for approval of an award of expenses in an amount not to exceed Twenty Thousand Dollars ($20,000.00) in accordance with the applicable legal precedents therefore, and conditioned upon the Settlement Agreement reaching its Final Effective Date. Defendant agrees not to oppose the application for expenses and to pay such amounts as requested by Class Counsel and awarded by the Court, up to Twenty Thousand Dollars ($20,000.00). Any reduction by the Court in attorneys' fees or litigation costs awarded to Class Counsel will be added to the Net Settlement Amount and distributed to Settlement Class Members on a *pro rata* basis, in accordance with Paragraph 4.2. Payment shall be made by the Settlement Administrator from the Final Funding Amount to Class Counsel as they direct, within ten (10) days of the Final Funding Date.

     **5.2.    Claims Administration Fees**. Class Counsel shall apply to the Court for approval of an award of claims administration fees not to exceed Seventeen Thousand Dollars and Zero Cents ($17,000.00). Defendant shall not oppose any request for claims administration fees not exceeding Seventeen Thousand Dollars and Zero Cents ($17,000.00). Any award of claims administration fees shall be paid from the Final Funding Amount. Expenses were not negotiated until a settlement was reached as to all major issues pertaining to the claims of the Class.

     **5.3.    Class Representative Enhancement**. Class Counsel will petition the Court for an enhancement for the Class Representative to compensate him for his time and energy spent in serving as the Class Representative. Class Counsel's application for enhancement for the Class Representative will not exceed Five Thousand Dollars and Zero Cents ($5,000.00). As long as the total amount requested or awarded does not exceed Five Thousand Dollars and Zero Cents ($5,000.00), Defendant agrees not to oppose the

**EXHIBIT 1**

application for the enhancements and to pay the amount awarded by the Court out of the Final Funding Amount. Class Representative will be provided an IRS Form 1099 for all amounts paid as an enhancement. The enhancement shall be independent of any other benefits to which the Plaintiff may be entitled as Class Members pursuant to this Settlement Agreement and plan of allocation. Enhancement payments to the named Plaintiff will be paid by the Settlement Administrator from the Final Funding Amount within ten (10) days of the Final Funding Date. Any reduction by the Court in the enhancement awarded to the Class Representative will be distributed to all Settlement Class Members on a *pro rata* basis proportionate to the amounts due to each Settlement Class Member under this Settlement Agreement, in accordance with Paragraph 4.2. The Class Representative shall be obligated to execute a separate general release of all claims under California Civil Code section 1542 as a condition precedent to payment of the Class Representative enhancement. Representative enhancement payments shall be deemed to be paid to the Class Representative solely in the year in which such payments actually are received by Class Representative. It is expressly understood and agreed that the receipt of such payments will not entitle Class Representative to additional compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Settlement Agreement, nor will it entitle Class Representative to any increased retirement, 401K benefits or matching benefits, or deferred compensation benefits. It is the intent of this Settlement Agreement that Class Representative is not entitled to any new or additional compensation or benefits outside of this Settlement Agreement as a result of having received the individual Class Representative enhancements.

    **5.4.**  **Payment to the LWDA.** Fifty Thousand Dollars and Zero Cents ($50,000.00) shall be paid from the Maximum Settlement Amount as PAGA Payment for payment for penalties under PAGA. The Settlement Administrator shall pay Thirty-Seven Thousand Five Hundred Dollars and Zero Cents ($37,500.00) from that amount directly to the LWDA. The remaining Twelve Thousand Five Hundred Dollars and Zero Cents

17

($12,500.00) shall be part of the Net Settlement Amount and shall be distributed to Settlement Class Members as part of their Individual Settlement Payments.

    **5.5.**   **Notice and Administration Costs**. All costs of settlement notice and settlement administration will be paid from the Final Funding Amount. Payment to the Settlement Administrator for the Notice and administration costs as expenses will be made in accordance with Paragraph 5.2, above. The Parties will be responsible for structuring and disseminating any notices in accordance with the Court's orders.

    **5.6.**   **Limitation on Costs and Fees.** Except as provided in this Settlement Agreement, Defendant shall not be required to pay any other expenses, costs, damages, or fees incurred by Plaintiff, by any Class Member, or by any of their attorneys, experts, advisors, agents, or representatives. Any award of attorneys' fees, costs, and expenses payable hereunder to Class Counsel shall be in complete satisfaction of any and all claims for such attorneys' fees, costs, and expenses, under state or federal law, which Plaintiff, the Class, Class Counsel, or any other counsel have or may have against Defendant arising out of or in connection with the Action and this Settlement Agreement, including, but not limited to, any claims for attorneys' fees, costs, and expenses involved in litigating the Action and in negotiating and implementing this Settlement Agreement, including attorneys' fees, costs, and expenses incurred through and after the final disposition and termination of the Action and including any and all appeals. Defendant shall not be responsible for distributing or apportioning any award of attorneys' fees and expenses among Class Counsel.

    **5.7.**   **Time for Distribution.** After Defendant funds the Final Funding Amount, as provided in Paragraph 4.1, the distribution of payments shall commence as soon as practicable thereafter, but no more than thirty (30) calendar days after the Final Funding Date. However, the deadlines for the provision of Individual Settlement Payments to particular Settlement Class Members may be extended to provide for the resolution of any disputes regarding the validity or amount of any claims.

///

**6.     EMPLOYER TAXES.**

**6.1.**   The Settling Parties agree that thirty-three percent (33%) of the Individual Settlement Payments to Settlement Class Members shall be considered payment of wages and subject to the withholding of all applicable local, state, and federal taxes including payroll taxes.

**6.2.**   The Settling Parties further agree that thirty-three and one-half percent (33.5%) of the Individual Settlement Payments to Settlement Class Members shall be considered as the payment of penalties associated with unpaid wages and other claims asserted and thirty-three and one-half percent (33.5%) of the Individual Settlement Payments to Settlement Class Members shall be considered payment of interest, and neither the penalties nor interest portions of the payments to Settlement Class Members shall be subject to any withholdings and shall be reflected on IRS Forms 1099 issued to Settlement Class Members.

**6.3.**   The Settlement Administrator shall pay, out of the Final Funding Amount, the employer's share of payroll taxes and withholdings on that portion of Individual Settlement Payments to Settlement Class Members that is allocated to wages to the relevant state and federal taxing agencies in accordance with applicable law and regulations on behalf of Defendant. The Settlement Administrator will also be responsible for issuing any required state and federal reporting documents (such as IRS Forms W-2s and 1099s) to Settlement Class Members, Class Counsel, and the Class Representative on behalf of Defendant.

**6.4.**   The Settlement Administrator shall withhold appropriate federal, state, and local income taxes and Class Members' share of FICA and Medicare taxes in accordance with the Settlement Agreement.

**6.5.**   The Settlement Administrator shall issue a W-2 and Form 1099, under the terms set forth in this Settlement Agreement, to Settlement Class Members receiving an Individual Settlement Payment.

STIPULATION AND AGREEMENT
OF COMPROMISE AND CLASS SETTLEMENT
CASE NO. 5:18-cv-1574 GW (SPx)

**EXHIBIT 1**

**6.6.**   Any employer contributions and deductions required by any and all applicable federal, state, and local tax regulations shall be paid out of the Final Funding Amount. If such funds are insufficient to cover said Employer Taxes, then the Settlement Administrator shall reduce the Individual Settlement Payments to each member of the Settlement Class on a *pro rata* basis pursuant to Paragraph 4.4, such that the Maximum Settlement Amount is not exceeded under any circumstances.

**6.7.**   For all purposes, Individual Settlement Payments shall be deemed to be paid to Settlement Class Members solely in the year in which payment of such Individual Settlement Payments are actually received by the Settlement Class Members. It is expressly understood and agreed that the receipt of such Individual Settlement Payments will not entitle any Settlement Class Member to additional compensation or benefits under any company bonus, contest, or other compensation, or benefit plan or agreement in place during the period covered by the Settlement Agreement, nor will it entitle any Settlement Class Member to any increased retirement, 401K benefits or matching benefits, or deferred compensation benefits. It is the intent of this Settlement Agreement that Individual Settlement Payments are the sole payments to be made by Defendant to the Settlement Class Members, and that the Settlement Class Members are not entitled to any new or additional compensation or benefits as a result of having received the Individual Settlement Payments.

**7.    RELEASE**. In exchange for the consideration set forth in this Settlement Agreement, Plaintiff and the Settlement Class Members agree to Release all claims as set forth in the Action, as set forth below.

**7.1.   Released Claims by Settlement Class**. Upon Final Approval of this Settlement Agreement, each Class Member who has not timely and appropriately opted out of this Settlement Agreement by way of submitting a Request for Exclusion (*i.e.* the Settlement Class), fully releases and discharges Defendant and all of its former, present, and future parent companies, subsidiaries, divisions, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, predecessors,

20

successors, and assigns, and any individual or entity that could be liable to any Class Member ("Released Parties") from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, punitive damages, penalties, action, or causes of action of any nature that are alleged, or could have been alleged based on the facts alleged in the Second Amended Complaint in the Action, including: (1) failure to pay all wages; (2) failure to pay overtime compensation; (3) failure to pay paid time off in violation of California Labor Code section 227.3; (4) failure to pay wages at the time of termination; (5) failure to provide proper wage statements; (6) violations of the Unfair Competition Law pursuant to the California Business and Professions Code section 17200 *et seq.*; (7) failure to pay all wages and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); (8) violations of the California Private Attorneys General Act, Labor Code section 2698 *et seq.* (PAGA); (9) failure to provide meal periods; (10) failure to provide rest breaks; and (11) any other claims that were or could have been brought by Plaintiff in the Action, including all claims under state, federal, or local law, whether statutory, common law, or administrative law, arising out of or related to allegations of, including, but not limited to, failure to pay wages, including overtime pay, meal period violations, rest break violations, failure to timely pay wages of terminated or resigned employees, failure to pay out accrued, unused vacation, wage statement violations, unfair competition law, injunctive relief, punitive damages, any claims arising under the California Labor Code, the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the California Private Attorneys General Act, Labor Code Section 2699 *et seq.*), Unfair Competition Law (Business and Professions Code Section 17200 *et seq.*), or penalties of any nature (including waiting time penalties under Labor Code section 203) and the applicable Wage Orders arising out of the facts alleged in the Second Amended Complaint in the Action, interest, fees, costs, and all other claims and allegations made in the Action during the Class Period ("Released Claims"). This Release also covers all claims for interest, attorneys' fees and costs related to the Action. In addition, any Class Member who has not timely and

21

1  appropriately opted out of this Settlement Agreement in accordance with the Claims
2  Process set forth in Paragraph 8.11 shall be a member of the Settlement Class and forever
3  agrees that he or she shall not institute a claim, nor accept back pay, unpaid wages,
4  liquidated damages, punitive damages, penalties of any nature, attorneys' fees and costs,
5  or any other relief from any other suit, class, collective action, or representative or
6  administrative claim, or other claim of any sort or nature whatsoever against the Released
7  Parties relating to the Released Claims.

8      **7.2.   Effective Dates of Release.** The Release set forth in paragraph 7.1 shall
9  cover all claims held by the Releasing Parties from May 31, 2014 through the date of the
10  Preliminary Approval Order.

11     **7.3.   Released Claims by the Class Representative.** The Class
12  Representative hereby fully and finally releases and discharges the Released Parties
13  (defined above in Paragraph 7.1) from any and all of the Released Claims (also defined
14  above in Paragraph 7.1) and from any and all claims, charges, complaints, liens, demands,
15  causes of action, obligations, damages and liabilities, known or unknown, suspected or
16  unsuspected, that the Class Representative had, now have, or may hereafter claim to have
17  against the Released Parties arising out of, or relating in any way to, the Class
18  Representative's hiring by, employment with, separation of employment with, or otherwise
19  relating to the Released Parties ("Class Representative's Released Claims"), arising or
20  accruing from the beginning of time up through the Preliminary Approval Order Date
21  ("Class Representative's Released Period"). The Class Representative's Released Claims
22  include all claims under state, federal or local law, whether statutory, common law or
23  administrative law, but are not limited to, claims arising from or dependent on the
24  California Labor Code, the Wage Orders of the California Industrial Welfare Commission,
25  California Business and Professions Code section 17200 *et seq.,* the California Fair
26  Employment and Housing Act (Cal. Gov't Code § 12900 *et seq.*), the California common
27  law of contract and tort, Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et*
28  *seq.*), the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*), the Employee

22

Retirement Income Security Act of 1974 (29 U.S.C. § 1001 *et seq.*), the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*), and the Portal to Portal Act (29 U.S.C. § 251 *et seq.*). Class Representative hereby acknowledges that he has read Section 1542 of the Civil Code of the State of California, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Class Representative further warrants that he understands that Section 1542 gives him the right not to release existing claims of which he is not now aware, unless he voluntarily chooses to waive this right. Having been so apprised, Class Representative hereby voluntarily waives the rights described in Section 1542.

**7.4.    All Members of The Settlement Class Are Settling Parties**. All Class Members shall be deemed to be within the Settlement Class for all purposes under this Settlement Agreement, shall be bound by the terms and conditions of this Settlement Agreement, including all orders issued pursuant thereto, and shall be deemed to have waived all unstated objections and opposition to the fairness, reasonableness, and adequacy of this Settlement Agreement, and any of its terms, except those who properly and timely exclude themselves from this Settlement Agreement pursuant to the procedure set forth below at Paragraph 8.11.

**7.5.    Effect of Settlement Agreement**. If the Settlement Agreement is given final approval, it shall operate as a full, complete, and final release of all the Released Claims of the Class Representative, all the Released Claims of the members of the Settlement Class, and all Releasing Parties.

23

**7.6.** **No Other Liability.** The Settlement Agreement shall be in full settlement, compromise, release and discharge of the Released Claims and each of them, and the Released Claims by the Class Representative, and the Released Parties shall have no further or other liability or obligation to any member of the Settlement Class, the Class Representative, or any other Releasing Party with respect to the Released Claims, except as expressly provided herein.

**8.** **SETTLEMENT ADMINISTRATION**

**8.1.** **Engagement of Settlement Administrator.** The Parties have agreed to retain Simpluris Class Action Settlement Administration as the Settlement Administrator to perform the Class Notice and other claims administration functions necessary for the Parties to fulfill their settlement obligations.

(a) The Settlement Administrator shall perform the customary duties of a Settlement Administrator including, but not limited to, the following:

(i) Preparing, printing, and disseminating the Class Notice and Information Sheet to Class Members;

(ii) Promptly furnishing to Class Counsel and Defendant's Counsel copies of all objections and Requests for Exclusion received;

(iii) Promptly furnishing to Defendant's Counsel copies and information regarding, and verifying the information contained within, all disputes submitted by Class Members regarding the Workweeks stated on their Information Sheets;

(v) Distributing an Individual Settlement Payment to each Settlement Class Member. Additionally, the Settlement Administrator will handle all tax document preparation and filing, including state and federal tax forms, if any.

24

(b) Also, on a weekly basis after the Notice Date, the Settlement Administrator shall provide Defendant's Counsel and Class Counsel with a summary report, including the total number of Class Notices that were returned as undeliverable, and the total number of Workweek Disputes, Requests for Exclusion, and objections received. The Settlement Administrator shall maintain records of its work, which shall be available for inspection upon request by Defendant's Counsel or Class Counsel.

8.2. **Identification of Class Members**. Defendant will complete a review of its records to identify the Class Members. Within fifteen (15) calendar days of the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the following information:

(a) The names, last known addresses, and social security numbers of each Class Member;

(b) The total number of eligible workweeks worked by each Class Member during the applicable Class Period; and

(c) Such other information that the Settlement Administrator requires to identify Class Members.

(d) The information described in Subparagraphs 8.2(a)-(c) shall be collectively referred to as the ("Class Data List").

Upon its receipt of the Class Data List, the Settlement Administrator shall access the National Change of Address ("NCOA") Database, and update the addresses maintained by Defendant before mailing the Class Notice and Information Sheet.

8.3. **Privacy of Class Information.** Any production of Class data to Class Counsel must be made in redacted form so that only the name and Individual Settlement Payment will be provided. Other private information, including address, phone number, social security number or other identifying information shall not be provided to Class Counsel.

STIPULATION AND AGREEMENT
OF COMPROMISE AND CLASS SETTLEMENT
CASE NO. 5:18-cv-1574 GW (SPx)

**EXHIBIT 1**

**8.4.   Modification of Class Data List.** If Defendant, Class Counsel, and the Settlement Administrator determine, based upon further review of available data, that a person previously identified as being a Class Member should not be so included or identify a person who should have been included as a Class Member but was not so included, Defendant and the Settlement Administrator shall promptly delete or add such person as appropriate and notify Class Counsel prior to such deletions or additions (and the reasons therefore). The time periods and methodologies set forth herein reflect Defendant's best current belief as to its ability to make such identifications and it is understood that Defendant, in undertaking the tasks set forth herein, shall use reasonable efforts to identify all Class Members and to determine their last known addresses and social security numbers, as provided above, and to do so within the stated time periods. Other than the obligations set forth in this Settlement Agreement, Defendant shall have no additional obligation to identify or locate any Class Member.

**8.5.   Information Sheets for Persons Identified as Class Members.** On or before the Notice Date (*i.e.,* within twenty-five (25) calendar days of the entry of the Preliminary Approval Order), the Settlement Administrator shall send the Class Notice and Information Sheets by bulk first class mail, forwarding requested, to the Class Members at the addresses identified through the process described above. The Information Sheet shall state the total number of workweeks worked by the Class Member to whom it is being sent during the Class Period according to Defendant's records, and that Defendant shall make available to the Class Member an Individual Settlement Payment as set forth in this Settlement Agreement, subject to the limitations set forth herein.

**8.6.   Notice Deemed Effective.** Unless the Settlement Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this Paragraph, that Class Notice shall be deemed mailed and received by the Class Member on the date it was sent. In the event that subsequent to the first mailing of a Class Notice and prior to the Response Deadline, Class Notice is returned to the Settlement Administrator by the United States Postal Service because the address of the

26

recipient is no longer valid or the envelope is marked "Return to Sender," the Settlement Administrator shall undertake another attempt to ascertain the current address of the particular Class Member as provided in Paragraph 8.2 and, if such an address is ascertained, the Settlement Administrator will re-send the Class Notice within three (3) business days of receipt of the returned Class Notice. If no updated address is obtained for that Class Member, the Class Notice shall be sent again to the last known address within three (3) business days of receipt of the returned Class Notice. In either event, the Class Notice shall be deemed received once it is mailed for the second time. In the event that subsequent to the first mailing of a Class Notice and on or after the Response Deadline, that Class Notice is returned to the Settlement Administrator by the United States Postal Service because the address of the recipient is no longer valid or the envelope is marked "Return to Sender," the Settlement Administrator shall be required to take no further action with Class Notice to that Class Member, and Class Notice shall be deemed to have been delivered to that Class Member. In the event that subsequent to the first mailing of a Class Notice and prior to the Response Deadline, or up to fifteen (15) calendar days after the Response Deadline, the Class Notice to that Class Member is returned to the Settlement Administrator by the United States Postal Service with a forwarding address for the recipient, the Settlement Administrator shall re-mail the notice to that address within three (3) business days of receipt of the returned Class Notice, the Class Notice will be deemed mailed and received by that Class Member at that time, and the forwarding address shall be deemed the updated address for that Class Member. In any event, if the Settlement Administrator does not receive notice from the United States Postal Service that Class Notice to a particular Class Member is undeliverable, or should be sent to a forwarding address, at least ten (10) calendar days prior to the deadline for the Settlement Administrator to provide the Declaration of Compliance pursuant to Paragraph 8.13 below, the notice procedures in this Paragraph will be deemed to have been effectuated as to that Class Member and no further action need be taken by the Settlement Administrator with regard to Class Notice to that Class Member, unless directed to by the Court.

27

STIPULATION AND AGREEMENT
OF COMPROMISE AND CLASS SETTLEMENT
CASE NO. 5:18-cv-1574 GW (SPx)

**EXHIBIT 1**

**8.7.   Time to Request Exclusion, or To Object.** Class Members will have until the Response Deadline (*i.e.*, forty-five (45) days after the Notice Date), to submit any Objections or postmark and mail a Request for Exclusion.

**8.8.   Extension for Response Due to Re-Mailing of Class Notice.** In the event the Settlement Administrator must re-mail any Class Notice due to being returned for an invalid address, the Response Deadline shall be extended for those re-mailings to no later than ten (10) calendar days from the date of the re-mailing of the Class Notice. The Settlement Administrator shall include a cover letter with any re-mailing informing the Class Member of the re-mailing of the Class Notice and specify the actual calendar date by which the Class Member must postmark any response, even if postmarked after the original Response Deadline. The new Response Deadline for that Class Member shall be calculated by taking the date of mailing and adding ten (10) calendar days. Compliance with the procedures described in this Paragraph shall constitute due and sufficient notice to Class Members of this Settlement Agreement and of the Final Fairness Hearing, and shall satisfy the requirements of due process. Nothing additional shall be required of or done by the Settling Parties, Class Counsel, Defendant's Counsel, or the Settlement Administrator to provide notice of this Settlement Agreement and the Final Fairness Hearing, unless the Court orders otherwise.

**8.9.   Disputes Regarding Eligible Workweeks.** The Information Sheets shall state each Class Member's number of eligible workweeks for which the Class Member is entitled to recovery. The Information Sheet shall also state that, if the Class Member disagrees with the information set forth thereon regarding the number of workweeks worked during the Class Period, the Class Member must submit to the Settlement Administrator the information that he or she believes is correct, explain the basis for such belief, and submit written documentation to support his or her challenge. Failure to submit written documentation to the Settlement Administrator to support such challenge will cause Defendant's information to be deemed controlling, without the need for a curative letter from the Settlement Administrator.

28

**8.10. Objections to the Settlement.** Any member of the Settlement Class may object to the proposed Settlement Agreement, or any portion thereof, by mailing a written objection, and supporting papers, if any, to the Settlement Administrator at the address that is set forth in the Class Notice. To be timely, all objections must be postmarked no later than the Response Deadline (*i.e.*, forty-five (45) days after the Notice Date), subject to the extensions stated above. A written objection must contain the objecting person's full name, current address, all objections and the reasons therefore, any and all supporting papers (including, without limitation, all briefs, written evidence, and declarations), and the signature of the objecting person. A Class Member who desires to object but who fails to comply with the objection procedure set forth herein, shall be deemed to have not objected. The Settlement Administrator shall send all objections by .pdf to Defendant's Counsel and Class Counsel. Any objecting Class Member may appear at the Final Fairness Hearing and present his or her objection to the Court orally; however, any Class Member who does not timely file written objections shall not be permitted to present his, her, or its objections at the Final Fairness Hearing. Any Class Member who files an objection remains a part of the Settlement Class, eligible to receive monetary compensation from the Settlement. Neither Defendant nor the Class shall be responsible for fees, costs, or expenses related to any Class Members who submit objections to the Settlement Agreement or any appeal by an objector arising from the Action for attorneys' fees, costs, or expenses of any kind.

**8.11. Request for Exclusion.** In order for a Class Member to validly and effectively Request for Exclusion from, and opt out of, this Settlement Agreement, the Class Member must submit a valid, fully-executed Request for Exclusion to the Settlement Administrator, which must be postmarked no later than the Response Deadline (*i.e.*, forty-five (45) calendar days after the Notice Date), subject to the extensions stated above. In the Request for Exclusion, the Class Member must provide his or her full name, last four digits of the Class Member's social security number, the Class Member's current physical mailing address, the Class Member's current telephone number, a written statement that

29

1   the Class Member does not want to be part of the Settlement, and the Class Member must

2   sign the Request for Exclusion to validly and effectively opt out of this Settlement. Any

3   Class Member who is validly excluded from this Settlement Agreement as provided in this

4   Paragraph shall not receive any payment pursuant to this Settlement Agreement, shall have

5   no right to object to this Settlement Agreement, and shall not be bound by any Release

6   provided for in this Settlement Agreement.

7        **8.12. Discharge of Obligations**. Defendant shall fully discharge its

8   obligations under this Settlement Agreement once the Final Funding Amount is provided

9   to the Settlement Administrator. The Settlement Administrator shall fully discharge its

10   obligations to those Class Members to whom it will provide payment of an Individual

11   Settlement Payment through the mailing of a check as set forth in Paragraph 4.6, above,

12   regardless of whether such checks are actually received and/or negotiated by Class

13   Members. Any check that is not negotiated within one hundred eighty (180) days of mailing

14   to a Class Member, or that is undeliverable, shall not be re-issued and those funds shall be

15   submitted to the unclaimed property fund, or similar state government fund, of the state in

16   which the Class Member's last known address is located. Any checks that were delivered

17   to a Class Member, but remain uncashed at the time the checks expire as set forth above,

18   will similarly be submitted to the unclaimed property fund, or similar state government

19   fund, of the state in which the Class Member's last known address is located. The Final

20   Funding Amount represents Defendant's complete and total financial obligation with

21   respect to the Settlement Agreement and shall be funded to the Settlement Administrator

22   via wire transfer or electronic funds transfer on or before the Final Funding Date. Upon

23   provision of the Final Funding Amount by Defendant to the Settlement Administrator, all

24   of Defendant's obligations under this Settlement Agreement shall be deemed complete.

25        **8.13. Settlement Administrator Declaration of Compliance.** No later than

26   fifteen (15) calendar days after the Response Deadline, the Settlement Administrator shall

27   provide Class Counsel and Defendant's Counsel with a declaration attesting to completion

28   of the notice process, including any attempts to obtain updated addresses for, and the re-

30

1   sending of, any returned Class Notices, including the steps set forth in Paragraphs 8.2

2   through 8.11 above ("Declaration of Compliance"), which shall be filed with the Court by

3   Class Counsel.

4       **9.    APPLICATION FOR PRELIMINARY APPROVAL ORDER.** Plaintiff

5   will file a Motion for Preliminary Approval of the proposed Settlement Agreement. In

6   connection with the Motion, the Parties shall apply for a Preliminary Approval Order that

7   contains the following provisions:

8           **(a)**    Making operative the Second Amended Complaint, if not previously

9           ordered by the Court;

10          **(b)**    Conditionally certifying the Class, pursuant to Paragraph 2.6;

11          **(c)**    Preliminarily approving the Settlement Agreement under the legal

12          standards relating to the preliminary approval of class action

13          settlements;

14          **(d)**    Approving the form of the Class Notice and finding that the proposed

15          method of disseminating the Class Notice meets the requirements of

16          Federal Rule of Civil Procedure 23(e)(1) and due process, and is the

17          best notice practicable under the circumstances;

18          **(e)**    Approving Simpluris Class Action Settlement Administration as the

19          Settlement Administrator;

20          **(f)**    Establishing the procedures and the deadline by which Class Members

21          may assert objections to the Settlement Agreement;

22          **(g)**    Directing the mailing of the Class Notice and Information Sheets by

23          first class mail to the Class;

24          **(h)**    Setting a date for the Final Fairness Hearing;

25          **(i)**    Setting a date that is approximately seven (7) days before the date of

26          the Final Fairness Hearing by which the Parties must file their

27          respective responses to any objections to the Settlement Agreement that

28          were filed by Class Members on or before the Response Deadline; and

(j)    Providing that, pending the Court's final determination of whether the proposed Settlement Agreement will be approved, and in aid of the Court's jurisdiction and to prevent a multiplicity of lawsuits, Plaintiff and all Class Members, and anyone acting on their behalf (including, but not limited to, attorneys, representatives, and agents of any Class Member), who have actual knowledge of this Settlement Agreement, are barred and enjoined from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself or herself, or in any other capacity of any kind whatsoever, any action in this Court, any other state or federal court, or any arbitration or mediation proceeding or any other similar proceeding, against any Released Party that asserts any claims that are Released Claims that would be released and discharged upon final approval of this Settlement Agreement, except as the Court may further order upon application of a Class Member and notice to all Parties, and unless and until any such Class Members have timely and appropriately opted-out of this Settlement Agreement.

**10.    FINAL FAIRNESS HEARING**. At the Final Fairness Hearing, Plaintiff and Defendant shall use their best efforts to urge the Court to grant final approval of the Settlement Agreement in its entirety (including any modification made thereto with the consent of the Settling Parties as provided herein), and to enter a Final Approval Order and Judgment as set forth in Paragraphs 11.1 and 11.2.

**11.    FINAL APPROVAL ORDER AND JUDGMENT**. If the Settlement Agreement (including any modification made thereto with the consent of the Settling Parties as provided herein) is finally approved by the Court following the Final Fairness Hearing, the Settling Parties hereto shall jointly request that the Court enter a Final Approval Order and Judgment as follows:

///

32

**11.1. Final Approval Order.** The Final Approval Order shall include the following provisions:

    **(a)**   Finding that the dissemination of the Class Notice in the form and manner ordered by the Court was accomplished as directed, met the requirements of due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto;

    **(b)**   Finding that the Class Representative and Class Counsel herein have fairly and adequately represented and protected the interests of the Class at all times in the Action;

    **(c)**   Finally approving the Settlement Agreement as fair, reasonable, and adequate, and directing consummation of the Settlement Agreement in accordance with its terms and provisions;

**11.2. Judgment.** The Judgment shall include the following provisions:

    **(a)**   Defining the Class;

    **(b)**   Directing the Settling Parties to implement the terms of the Settlement Agreement, including, without limitation, the provisions regarding the payment of the Individual Settlement Payments to each member of the Settlement Class as set forth in this Settlement Agreement;

    **(c)**   Entering judgment and permanently barring and enjoining all Class Members who did not timely opt out of this Settlement Agreement from prosecuting against any of the Released Parties, any individual, class, or collective claims based on any of the Released Claims released herein;

    **(d)**   Awarding reasonable attorneys' fees, costs, and expenses to Class Counsel and the Settlement Administrator as provided in Paragraphs 5.1 and 5.2, and subject to the limitations set forth in

33

Paragraphs 5.4 and 5.6, or reserving jurisdiction with respect thereto;

**(e)**    Awarding enhancements to the Class Representative as provided in Paragraph 5.3, and subject to the limitations set forth therein, or reserving jurisdiction with respect thereto; and

**(f)**    Reserving continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of this Settlement Agreement, over the enforcement, construction and interpretation of this Settlement Agreement, over the enforcement, construction, and interpretation of the Judgment, including, but not limited to, the provisions therein enjoining any further litigation of Released Claims, and over Plaintiff and all Class Members (and their attorneys and law firms) in connection therewith.

**12.    FINALITY; EFFECT OF THE SETTLEMENT NOT BEING FINAL.**

**12.1.   Finality.** The approval of the Settlement shall be considered final on the Final Effective Date. Except as expressly stated herein, none of the obligations of Defendant pursuant to the Settlement Agreement shall become effective until the Settlement Agreement becomes final, but Defendant may waive this condition in writing.

**12.2.   Settlement Not Final.** In the event that the Settlement Agreement does not become final, or does not become effective for any reason other than the failure of any Party to perform such Party's obligations hereunder (except as to the Settlement Agreement not becoming final because of any appeal, which circumstance can be waived by Defendant), then the Settlement Agreement shall become null and void and of no further force and effect, and all negotiations, proceedings, and statements relating thereto shall be without prejudice as to the rights of any and all Parties hereto and their respective predecessors and successors, and all Parties and their respective predecessors and successors shall be deemed to have reverted to their respective positions in the Action as

34

of the date and time immediately prior to the execution of this Settlement Agreement, and except as otherwise expressly provided, the effect shall be the same as if the Settlement Agreement was terminated pursuant to Paragraphs 13.2 and 13.3.

### 13. TERMINATION OF SETTLEMENT

**13.1. Right of Rescission.** In the event that Class Members representing more than an aggregate total of five percent (5%) of the total Class Members, by number or value of claim, elect to exclude themselves from this Settlement Agreement, Defendant will have the unilateral right to void this Settlement Agreement within fourteen (14) calendar days of the Response Deadline.

**13.2. Terminating Events.** This Settlement Agreement shall be void, the class certification order shall be nullified, and the Preliminary Approval Order and the Final Approval Order and Judgment shall be vacated upon application to the Court in the event that: (a) Defendant's Counsel exercises its rights under Paragraph 13.1 (subject to the terms and conditions set forth therein); (b) the Court declines to grant leave to amend the complaint in this Action or deem operative the Second Amended Complaint, or Plaintiff fails to file or make operative the Second Amended Complaint; (c) the Court declines to enter Preliminary Approval of this Settlement Agreement or declines to enter the Final Approval Order and/or Judgment or any part thereof as provided for herein, or the Parties hereto fail to consent to the entry of alternative forms of Judgment, in lieu thereof, or after such consent the Court declines to enter such alternate form of Judgment; (d) any other conditions to the Settlement Agreement are not satisfied; (e) the Court disapproves this Settlement Agreement, or any term contained in this Settlement Agreement, including any amendments hereto, and such disapproval becomes final by reason of its affirmance on appeal or lapse of time or otherwise; or (f) the Court approves this Settlement Agreement, including any amendments hereto, but any such Judgment and Final Approval Order is finally reversed on appeal.

**13.3. Effect of Termination.** Upon any such occurrence set forth above in Paragraph 13.2: (a) this Settlement Agreement (with the exception of Paragraphs 12.2 and

35

1  14) shall be terminated and become void and of no effect, except for the obligation of the

2  Settling Parties to pay, on an equal basis (except that Defendant will be responsible for the

3  Settlement Administrator's fees if Defendant exercises its right to rescind the Settlement

4  pursuant to Paragraph 13.1), for any and all expenses incurred in connection with the notice

5  and administration of the Settlement Agreement on or before the date on which the

6  Settlement Agreement is terminated; (b) any actions taken or to be taken in connection

7  with this Settlement Agreement and the Settlement Agreement shall become null and void

8  and of no effect; (c) this Settlement Agreement and any hearings or proceedings thereunder

9  shall not be referred to or used as evidence for or against any Party or Class Member in

10  this or any other action or proceeding; and (d) all pretrial proceedings, including discovery,

11  shall resume thirty (30) calendar days thereafter as if this Settlement Agreement had not

12  been submitted for approval of the Court.

13      **14.**    **No Admissions**. The Settling Parties understand and agree that this Settlement

14  Agreement is the result of a good faith compromise settlement of disputed claims, and

15  Defendant is entering into this Settlement Agreement solely to resolve doubtful and

16  disputed matters. No part of this Settlement Agreement or any conduct or written or oral

17  statements made in connection with this Settlement Agreement, whether or not the

18  Settlement Agreement is finally approved and/or consummated, may be offered as or

19  construed to be an admission or concession of any kind by Defendant or any of the

20  Releasing or Released Parties, or anyone else. In particular, but without limiting the

21  generality of the foregoing, nothing about this Settlement Agreement shall be offered or

22  construed as an admission that Defendant has failed to pay any Class Member in

23  accordance with its obligations set forth in the California Labor Code of Fair Labor

24  Standards Act, or of liability in general, or any wrongdoing, impropriety, responsibility, or

25  fault whatsoever on the part of Defendant and/or the Released Parties, as alleged in the

26  Second Amended Complaint, which shall be the operative complaint in this Action.

27  Similarly, nothing about this Settlement Agreement shall be construed as or deemed to be

28  evidence of, or an admission or concession that, the Class Representative or any Class

36

1    Member has suffered any damage. In addition, this Settlement Agreement shall not be

2    offered or be admissible in evidence against Defendant or any Released Party, except in

3    any action or proceeding brought by or against Plaintiff, the Class, Class Members, or

4    Defendant to enforce its terms, or by Defendant in defense of any claims brought by

5    Plaintiff, the Class, Class Members, or any member of the general public, including any

6    and all individuals who opted out of the Class. The provisions of this Paragraph shall

7    become effective when this Settlement Agreement is signed and shall be binding on the

8    Settling Parties and their counsel regardless of whether the Settlement Agreement is

9    preliminarily and/or finally approved or terminated for any reason or rendered null and

10   void.

11       **15.    Extensions of Time.** Without further order of the Court, the Parties hereto

12   may agree in writing to reasonable extensions of time to carry out any of the provisions of

13   this Settlement Agreement.

14       **16.    Construction.** This Settlement Agreement was entered into after substantial

15   good faith, arms-length negotiations between the Parties' counsel. This Settlement

16   Agreement is entered into freely and voluntarily only after each Party had carefully read

17   and reviewed it with counsel, and it reflects the conclusion of each Party that this

18   Settlement Agreement and the Judgment and the Releases, waivers, and covenants

19   contemplated hereby are in the best interest of said Party. This Settlement Agreement has

20   been entered into without any coercion and under no duress. The Settling Parties

21   acknowledge and agree that all Settling Parties had an equal hand in drafting this

22   Settlement Agreement so that it shall not be deemed to have been prepared or drafted by

23   one Party or another. All Settling Parties waive the provisions of California Civil Code

24   section 1654, which provides, in pertinent part, that "the language of a contract should be

25   interpreted most strongly against the Party who causes the uncertainty to exist." Except as

26   expressly provided herein, this Settlement Agreement is not intended to confer any rights

27   or remedies upon any person other than the Settling Parties.

28   ///

37

STIPULATION AND AGREEMENT
OF COMPROMISE AND CLASS SETTLEMENT
CASE NO. 5:18-cv-1574 GW (SPx)

**EXHIBIT 1**

**17.    Limited Confidentiality.** This Settlement Agreement shall remain confidential to the extent permitted by law. The Parties agree not to publicize the Settlement except as required by the operation of law.

**18.    No Public Comment.** Plaintiff and Class Counsel agree they will not issue any press releases, pass any information relating to the Settlement on their website or have any communications with the media, other than to direct the media to the public records of the Action on file with the Court or to respond with statements that have been previously agreed upon in writing by the parties.  Class Counsel will take reasonable steps to ensure the Plaintiff is aware of, and will adhere to, the restriction against any media comment on the Settlement and its terms.

**19.    Mutual Agreement to Cooperate.** The Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement. The Parties agree that they will not solicit, facilitate, or assist in any way, requests for exclusions or objections by putative or actual Class Members.

**20.    Entire Agreement.** This Settlement Agreement (including all Exhibits annexed hereto) sets forth the entire agreement of the Settling Parties with respect to its subject matter and supersedes any and all other prior agreements and all negotiations leading up to the execution of this Settlement Agreement, whether oral or written, regarding the subjects covered herein. The Settling Parties acknowledge that no representations, inducements, warranties, promises, or statements relating to the subjects covered herein, oral or otherwise, have been made by any of the Settling Parties or by anyone acting on behalf of the Settling Parties that are not embodied or incorporated by reference herein, and further agree that no other agreement, covenant, representation, inducement, promise, or statement relating to the subjects covered herein not set forth in writing in this Settlement Agreement, shall be valid or binding.

///

38

21.   **Modification or Amendment**. This Settlement Agreement may not be modified or amended except in a writing signed by all signatories hereto or their successors in interest.

22.   **Deadlines Falling on Weekends or Holidays**. To the extent that any deadline set forth in this Settlement Agreement falls on a Saturday, Sunday, or legal holiday in the State of California, that deadline shall be continued until the following business day.

23.   **Successors**. This Settlement Agreement shall be binding upon and inure to the benefit of the Settling Parties hereto (including Class Members) and their respective heirs, executors, administrators, successors, and assigns, and upon any corporation, partnership, or other entity into or with which any Settling Party hereto may merge, combine, or consolidate.

24.   **Severability**. In the event that any one or more of the provisions contained in this Settlement Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall in no way affect any other provision if Defendant's Counsel and Class Counsel, on behalf of the Settling Parties and the Class, mutually elect in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Settlement Agreement.

25.   **Counterparts**. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Facsimile transmission of the signatures of the Parties or their representatives shall be binding on the Parties.

26.   **Waivers**. The waiver by any Party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

27.   **Governing Law**. This Settlement Agreement shall be governed by and construed, enforced, and administered in accordance with the laws of the State of California, without regard for the law of the State regarding conflicts of laws or choice of law. Any orders or judgments entered by the Court in conjunction with the proceedings

39

relating to or arising out of this Settlement Agreement shall be construed and enforced under, and all issues relating to the preclusive effect of such orders or judgments shall be determined by, the Federal Rules of Civil Procedure and the common law of the United States Supreme Court, the Ninth Circuit Court of Appeal, and the United States District Court, Central District of California, relating to the construction, enforcement, and preclusive effect of orders and judgments entered by this Court.

28. **Continuing Jurisdiction**. The Court will have continuing jurisdiction over the Action for the purpose of implementing the Settlement Agreement, the Final Approval of the Settlement, entry of Judgment, and post-judgment issues, until all related matters are fully resolved. Except as provided in Paragraph 8.9, above, any dispute regarding the Parties' obligations pursuant to this Settlement Agreement and/or interpretation of the terms of this Settlement Agreement will be presented by written motion to, and be resolved by, the Court.

29. **Regulation**. In the event that any provision in this Settlement Agreement shall be affected by any rule, regulation, ordinance, order, directive, or statute by any unit of government, whether state, federal, or local, such rule, regulation, ordinance, order, directive, or statute shall supersede and take precedence over any such provision of this Settlement Agreement to the contrary, and in no event shall Defendant be in violation of this Settlement Agreement nor shall this Settlement Agreement be in any way affected should Defendant take any action or change any of its business practices to comply with such state, federal, or local rules, regulations, ordinances, or statutes currently in force or enacted in the future.

30. **Headings**. The headings contained in this Settlement Agreement are for convenience and reference purposes only and shall not be given weight in its construction.

31. **Notices**. Any notices, requests, demands, or other communications required or permitted to be given pursuant to this Settlement Agreement, other than notice to the Class or Class Members, shall be in writing and, except as provided elsewhere in this Settlement Agreement or in any communication to the Class, shall be delivered personally,

40

via overnight delivery or via postage pre-paid first class mail, as follows: (1) to Plaintiff, the Class, and Class Counsel to the attention of Marcus J. Bradley and Kiley L. Grombacher of Bradley/Grombacher, LLP, 2815 Townsgate Road, Suite 130, Westlake Village, California 91361; and (2) to Defendant and Defendant's Counsel to the attention of David K. Montgomery, John P. Nordlund, and Christine M. Fitzgerald of Jackson Lewis P.C., 225 Broadway, Suite 2000, San Diego, California 92101. By written notice given in accordance herewith, each Party may modify or change the addressee and/or address of any person identified above or pursuant hereto as the person or persons to whom all future notices shall be sent.

32. **Signatures of Plaintiff And Counsel For The Settling Parties.** Plaintiff and counsel for the Settling Parties indicate by signing below their approval of the form of this Settlement Agreement (and exhibits thereto), and, in the case of Class Counsel and the Class, their representation and warranty of authority to bind the Class as certified and the Class described herein (subject to the final approval of the Court) and their acceptance of the provisions regarding attorneys' fees.

33. **Disputes.** All disputes arising out of or related to this Settlement Agreement (except disputes as to Claims of Class Members, which are governed by the provisions of Paragraph 8.9) shall be resolved by the Court, as set forth in Paragraph 28 above.

**SO STIPULATED.**

JOSE GONZALEZ

DATED: 10/03/19 , 2019

_____
José Gonzalez
On behalf of himself, as Plaintiff, and as
Class Representative for the Class

STIPULATION AND AGREEMENT
OF COMPROMISE AND CLASS SETTLEMENT
CASE NO. 5:18-cv-1574 GW (SPx)

**EXHIBIT 1**

1

2

3

4   DATED: *October 25*        , 2019

5

6

7   **APPROVED AS TO FORM AND CONTENT**

8

9

10

11  DATED: **11/3**        , 2019

12

13

14

15

16

17

18  DATED: *October 25,* 2019

19

20

21

22

23

24

25  4831-3859-6009, v. 1

26

27

28

CARDINAL HEALTH 200, LLC

Jack Adams
SVP, Associate General Counsel
On behalf of Defendant
CARDINAL HEALTH 200, LLC

BRADLEY/GROMBACHER, LLP

Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Attorneys for Plaintiff
JOSE GONZALEZ and the Class

JACKSON LEWIS P.C.

David K. Montgomery
John P. Nordlund
Christine M. Fitzgerald
Attorneys for Defendant
CARDINAL HEALTH 200, LLC

42

STIPULATION AND AGREEMENT
OF COMPROMISE AND CLASS SETTLEMENT
CASE NO. 5:18-cv-1574 GW (SPx)

**EXHIBIT 1**

# EXHIBIT A

**NOTICE OF PROPOSED CLASS AND REPRESENTATIVE ACTION SETTLEMENT**

NAME
ADDRESS
CITY, STATE ZIP

> **To:   All current and former non-exempt individuals who were employed by Defendant Cardinal Health 200, L.L.C. in California from September 28, 2016 through [PRELIMINARY APPROVAL DATE]** ("Class Members").

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED.
YOU MAY BE ENTITLED TO RECEIVE MONEY FROM THIS PROPOSED SETTLEMENT.

**TO BE ELIGIBLE TO RECEIVE YOUR SHARE, YOU DO NOT NEED TO DO ANYTHING.**

This Notice is Court approved. This is not a solicitation from an attorney.

1.   **WHY DID I GET THIS NOTICE?**

You received this Notice because a proposed settlement (the "Settlement") has been reached of a class and representative action lawsuit entitled *Jose Gonzalez v. Cardinal Health 200, L.L.C.,* Case No. 5:18-cv-01574-GW (SPx), currently pending in the United States District Court, Central District of California, Case No. 2:17-cv-09206-GW-PLAx (the "Lawsuit").  Records show that you are a member of the proposed Settlement class ("Class Member").  Because the proposed Settlement would affect your legal rights as a Class Member, the Court ordered that this Notice be sent to you.

The Notice provides you with a brief description of the Lawsuit, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement, see Section 16, below.

2.   **WHAT IS THIS LAWSUIT ABOUT?**

Plaintiff Jose Gonzalez ("Class Representative") filed a Lawsuit against Cardinal Health 200, L.L.C. ("Cardinal" or "Defenant" on May 31, 2018 in the Superior Court for the State of California for the County of San Bernardino.  Defendant removed the case to the United States District Court for the Central District of California.  Plaintiff alleges that Cardinal did not pay all wages owed, overtime wages, final wages, final paid time off owed, did not provide proper wage statements and meal and rest periods, and engaged in unfair competition.  The Lawsuit includes a Private Attorneys General Act ("PAGA") claim.  For these alleged violations, the Class Representative sought monetary relief and statutory and civil penalties under the Labor Code as well as a claim under the Fair Labor Standards Act ("FLSA").

Defendants deny the allegations in the Lawsuit and are prepared to defend the action vigorously.  By entering into this proposed Settlement, Defendants are not admitting any violation or liability in any way to the Class Representative or to Class Members.  The Court has not made any rulings on the merits of the Lawsuit.

3.   **WHAT IS A CLASS ACTION?**

In a class action lawsuit, one or more persons sue on behalf of other people who may have similar claims.  The person suing and those he/she seeks to represent, together are called the class or class members.  A certified class action allows the Court to resolve the claims of all the class members who choose not to exclude themselves from the class.  A class member is bound by the determination or judgment entered in the case, whether the class wins or loses, and may not file his or her own lawsuit on the same claims that were decided in the class action.  A class member is also covered by any settlement reached in the case.  A class action allows one court to resolve all of the issues in a lawsuit for all the class members who choose not to exclude themselves from the class.

In this Lawsuit, Jose Gonzalez, a former employee of Cardinal, is the Class Representative, and asserts claims on behalf of herself and the putative class.  Cardinal Health 200, L.L.C. is the Defendant.  The Class Representative has reached a proposed class-wide Settlement with Defendants, including a settlement of the PAGA claim.  The Court has not made any rulings on whether the Lawsuit may proceed as a class action aside from the proposed class action Settlement.

4.   **WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

All current and former non-exempt individuals who were employed by Defendant in California from September 28, 2016 through [PRELIMINARY APPROVAL DATE] and who do not opt out of the Lawsuit, are included in the proposed Settlement.

5. **WHAT ARE THE TERMS OF THE SETTLEMENT?**

The proposed Settlement will resolve all claims for minimum wages, overtime pay, final pay, wage statements, and meal and rest periods pursuant to the California Labor Code, PAGA, and the FLSA.

The proposed Settlement represents a compromise of highly disputed claims. Nothing in the proposed Settlement is intended to or will be construed as an admission by Defendants that the claims in the Lawsuit have merit or that Defendants has any liability to the Class Representative or to the Class Members on those claims. The Court has made no ruling on the merits of the Lawsuit.

The Parties have agreed to settle the case for a maximum of $875,000 ("Gross Settlement Amount"). Under the terms of the proposed Settlement, the following payments have been agreed to: (1) attorneys' fees not to exceed $291,666.67; (2) all documented litigation costs to Class Counsel, in amounts set by the Court, not to exceed $20,000; (3) a service payment to the Class Representative for services in the Lawsuit, in an amount not to exceed $5,000; (4) settlement administration costs not to exceed $17,000; and (5) $37,500 will be paid to the California Labor and Workforce Development Agency representing the portion of the Gross Settlement Amount that is allocated as payment for civil penalties to the State of California in connection with Class Representative's PAGA claim alleged in this matter. The amount of money remaining after these payments, which is approximately $503,833, is the amount that will be distributed to Class Members who do not opt-out of the proposed Settlement ("Net Settlement Amount"). If the proposed Settlement is approved, the Net Settlement Amount will be distributed to Class Members based on the number of weeks that they were employed during the Class Period as described in more detail below.

The Net Settlement Amount will be allocated as follows: The Class Fund will be divided by the number of Participating Class Members to determine each Participating Class Member's share of the Class Fund. The number of pay periods in which each Class Member was employed by Cardinal from September 28, 2016 through <mark>PRELIMINARY APPROVAL DATE</mark> ("Qualified Pay Periods") will be aggregated to determine the Total Qualified Pay Periods. A Class Member's pro-rata share of the Net Settlement Amount will be calculated according to the following formula: *Class Member's Qualified Pay Period(s) ÷ Total Qualified Pay Periods = Class Member's pro-rata share*.

Additional information regarding your expected share of the Net Settlement Amount can be found on the Information Sheet included herein.

6. **HOW DOES THE SETTLEMENT AFFECT MY RIGHTS?**

If the proposed Settlement is finally approved, the Court will enter a Final Order and Judgment.

**Upon such Final Order and Judgment, you will release the following claims, and will be barred from prosecuting any and all such claims against Cardinal Health 200, L.L.C.**

The Released Claims include any and all causes of action and/or known and unknown claims which have been or could have been asserted against the Releasees alleging violations of California Labor Code sections asserted by Plaintiff in his Second Amended Complaint including, but not limited to, (1) failure to pay all wages; (2) failure to pay overtime compensation; (3) failure to pay paid time off in violation of California Labor Code section 227 .3; ( 4) failure to pay wages at the time of termination; ( 5) failure to provide proper wage statements; ( 6) violations of the Unfair Competition Law pursuant to the California Business and Professions Code section 17200 et seq.; (7) failure to pay all wages and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); (8) violations of the California Private Attorneys General Act, Labor Code section 2698 et seq. (PAGA); (9) failure to provide meal periods; (10) failure to provide rest breaks; and (11) any other claims that were or could have been brought by Plaintiff in the Action, including all claims under state, federal, or local law, whether statutory, common law, or administrative law, arising out of or related to allegations of, including, but not limited to, failure to pay wages, including overtime pay, meal period violations, rest break violations, failure to timely pay wages of terminated or resigned employees, failure to pay out accrued, unused vacation, wage statement violations, unfair competition law, injunctive relief, punitive damages, any claims arising under the California Labor Code, the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the California Private Attorneys General Act, Labor Code Section 2699 et seq.), Unfair Competition Law (Business and Professions Code Section 17200 et seq.), or penalties of any nature (including waiting time penalties under Labor Code section 203) and the applicable Wage Orders arising out of the facts alleged in the Second Amended Complaint in the Action, interest, fees, costs, and all other claims and allegations made in the Action during the Class Period ("Released Claims").

The Judgment will resolve the claims to the extent provided in the Settlement Agreement and will permanently bar all Class Members who do not opt out from prosecuting any and all such claims against Defendants. You will remain bound by the Settlement, and you cannot sue, continue to sue or be a part of any other lawsuit about the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you.

In addition, all Class Members who cash their settlement check will release the Releasees from any and all claims for violation of the FLSA during the Class Period.

The precise definitions of the capitalized terms in this Notice can be found in the Joint Stipulation of Class and Representative Action Settlement, which can be viewed at the Courthouse (United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012) during normal business hours.

7. **WHAT DO I NEED TO DO TO RECEIVE A SETTLEMENT PAYMENT?**

You do not need to do anything to participate in the proposed Settlement. If the proposed Settlement is finally approved, the Settlement Administrator will mail out settlement payments pursuant to the schedule provided in the Settlement Agreement. Class Counsel has been appointed and approved by the Court to represent you for settlement purposes only.

NOTE: It is your responsibility to keep a current address on file with the Settlement Administrator to ensure that your

settlement payment will be sent to the correct address. If you fail to keep your address current, you may not receive your settlement payment.

**8.     WHAT IF I DON'T WANT TO PARTICIPATE IN THIS SETTLEMENT?**

You have the right to request exclusion or opt out from the proposed Settlement. To do so, you must submit a written Request for Exclusion to the Settlement Administrator at the following address: Gonzalez v. Cardinal Health 200, L.L.C., c/o Simpluris, **********. Requests for Exclusion must: (1) contain your name, signature, address, telephone number, and the last four digits of your social security number; (2) clearly state that you do not wish to be included in the proposed Settlement; (3) be sent to the Settlement Administrator at the specified address; and (4) be postmarked on or before ******, 2020.

If you timely request to be excluded from the proposed Settlement, you will not receive any payment under the Settlement and will not be bound by the terms of the Settlement. Unless you timely request to be excluded from the proposed Settlement, you will be sent a settlement payment and you will be bound by the Judgment upon final approval of the Settlement, including the Release described in this Notice. Class Counsel will not represent your interests if you request to be excluded.

**9.     WHAT IF I WANT TO OBJECT TO THIS SETTLEMENT?**

If you do not request to be excluded, you can object to any of the terms of the proposed Settlement before the Final Approval Hearing in writing. To object, you must submit a written objection to the Settlement Administrator at the following address: Jose Gonzalez v. Cardinal Health 200, L.L.C., c/o Simpluris, ********** which must: (1) include your name, signature, address, telephone number, and the last four digits of your social security number; (2) state that you wish to object to the proposed Settlement; (3) state whether you intend to appear at the Final Approval Hearing; (4) be sent to the Settlement Administrator at the specified address; and (5) be postmarked on or before ******, 2020. If the Court rejects your objection and approves the proposed Settlement, you will still be bound by the terms of the Settlement, and you will also be sent a settlement payment.

**10.    WHAT IF I DO NOT EXCLUDE MYSELF FROM THIS SETTLEMENT?**

The proposed Settlement, if finally approved by the Court, will bind all Class Members who do not request to be excluded from the Settlement whether or not they cash their settlement payment checks. Final approval of the proposed Settlement will bar any Class Member who does not request to be excluded from the Settlement from hereafter initiating a lawsuit or proceeding regarding the Released Claims against the Releasees through [PRELIMINARY APPROVAL DATE].

**11.    WILL THE CLASS REPRESENTATIVE BE COMPENSATED FOR BRINGING THIS LAWSUIT?**

Jose Gonzalez will request a service payment of up to $5,000 for his service as Class Representative and for his efforts in bringing the Lawsuit. The Court will make the final decision as to the amount to be paid to the Class Representative.

**12.    DO I HAVE A LAWYER IN THIS CASE?**

The Court has ordered that the interests of the Class Representative and the Class Members for settlement purposes are represented by:

BRADLEY/GROMBACHER, LLP
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

Class Members will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    HOW WILL THE LAWYERS BE PAID?**

Class Counsel will be requesting from the Court an amount not to exceed $291,666.67 for their attorneys' fees and litigation costs not exceeding $20,000. The actual amount awarded to Class Counsel will be determined by the Court.

**14.    WHAT IS THE FINAL APPROVAL HEARING?**

The Court has preliminarily approved the proposed Settlement and will hold a hearing to decide whether to give final approval to the proposed Settlement. The purpose of the Final Approval Hearing will be for the Court to determine whether the proposed Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class Members; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service payment to the Class Representative.

**15.    WHEN AND WHERE IS THE FINAL APPROVAL HEARING?**

The Court will hold the Final Approval Hearing on ******, 2020 at *** a.m., in Courtroom 9D of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012 ("Final Approval Hearing"). The Final Approval Hearing may be continued without further notice to the Class Members. If the Settlement is not approved by the Court or does not become final for some reason, the Lawsuit may continue, and no settlement payments will be made.

You may attend the Final Approval Hearing, but it is not necessary for you to appear in order to receive your share of the Settlement. You have the right to attend the Final Approval Hearing without counsel or to be represented by your own counsel at your own expense. At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement. However, if you have requested exclusion from the proposed Settlement, you may not object or speak at the Final Approval Hearing. If you plan to attend the Final Approval Hearing, you may contact Class Counsel to confirm the date and time.

**16.       WILL I BE TAXED ON THE SETTLEMENT PAYMENT?**

Taxes will be withheld from 33% of the Total Settlement Payments to Class Members because this portion of the settlement payments are considered wage amounts paid to Class Members. Taxes will not be withheld from the remaining 67% of the Total Settlement Payments to Class Members which represent payments of interest, penalties, and other non-wage related payments. Neither of the Parties nor their respective counsel make any representations as to the taxability to any Class Members of any portions of the settlement payments or other consideration. Class Members who receive any settlement payment should consult their tax advisors concerning the tax consequences of the settlement payments they receive pursuant to the proposed Settlement.

**17.       HOW DO I GET MORE INFORMATION?**

To obtain a copy of the Joint Stipulation of Class and Representative Action Settlement (which defines the capitalized terms used in this Notice and provides a brief summary of what has happened in the Lawsuit), the operative Complaint filed in the Lawsuit, and other filed documents related to the Lawsuit and this proposed Settlement, you may contact the Clerk's Office at the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012 during normal business hours.

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact the Settlement Administrator at the address and telephone number listed below, toll free. Please refer to the Jose Gonzalez v. Cardinal Health 200, L.L.C. matter.

Simpluris, Inc.
***********
(***) *******

**18.       WHAT IF MY INFORMATION CHANGES?**

If this Notice was sent to the wrong address or if, after you receive this Notice, you change your postal address or telephone number, it is your responsibility to inform the Settlement Administrator of your updated information.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE**

# EXHIBIT B

# INFORMATION SHEET
*Gonzalez v. Cardinal Health 200, LLC*,
U.S. District Court, Central District of California, Case No. 5:18-cv-1574 GW (SPx).

**Calculation of Settlement Payments:** Each Settlement Class Member's share of the $875,000.00 Maximum Settlement Amount shall be based upon his or her "Individual Settlement Payment," the total amount received by each respective Settlement Class Member who is currently or was formerly employed by Cardinal Health 200, LLC in the State of California and classified as hourly, non-exempt employees during the time frame of September 28, 2016 through [Date of Preliminary Approval] ("Class Period").

Cardinal Health shall provide the Settlement Administrator with the dates worked by Settlement Class Member during the Class Period in California. and Settlement Administrator shall determine the amount to be paid per Workweek. Cardinal Health shall also provide the Settlement Administrator with the number of Workweeks worked by each individual Settlement Class Member. The formula for determining each Settlement Class Member's Individual Settlement Payment shall be calculated as follows:

The Settlement Administrator shall determine a Settlement Class Member's Individual Settlement Payment by: (1) dividing the Net Settlement Amount by the total number of Workweeks for all weeks worked by Settlement Class Members during the Class Period, resulting in the "Workweek Value"; and (2) multiplying the Workweek Value with the number of Workweeks worked by each Settlement Class Member. Partial workweeks will be rounded up to the nearest full workweek. The Individual Settlement Payment will be reduced by any required legal deductions for each Settlement Class Member. These calculations will yield the amount of the Settlement Class Member's Individual Settlement Payment.

**Your Individual Gross Wages and Estimated Individual Settlement Payment:** According to Cardinal Health's records, you worked a total of <<Total Workweeks>> Workweeks during the Class Period. Based on the Workweek Value of <<$**X.XX.00**>>, **your estimated Individual Settlement Payment is <<Estimated Settlement Payment>>** before all required legal deductions. Please note that the foregoing amount is only an estimate; your actual payment may be greater or smaller than the amount reported above.

**Procedure for Disputing Information:** If you disagree with the amount of Workweeks you worked stated above, you must send a letter to the Settlement Administrator stating the reasons why you dispute the amount of Workweeks you worked and provide any supporting documentation that you have (e.g., any paystubs). The information you provide should include the estimated amount of Workweeks you claim you performed work for Cardinal Health 200, LLC from September 28, 2016 through [Date of Preliminary Approval].

Any disputes and supporting documentation must be mailed to the Settlement Administrator at the address listed below by First Class U.S. Mail, postmarked no later than [RESPONSE DEADLINE].

*Gonzalez v. Cardinal Health 200, LLC*
[Settlement Administrator
Address]
[City, State Zip, Telephone Number]

If you dispute the amount of Workweeks you performed work for Cardinal Health stated above, Cardinal Health's records will be presumed determinative unless you are able to provide documentation to the Settlement Administrator that establishes otherwise. The Settlement Administrator will evaluate the evidence you submit and will make the final decision as to the Individual Settlement Payment that should be payable to you. Such a determination will be final and binding.

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION REGARDING THIS SETTLEMENT.**

4838-9912-2342, v. 1

EXHIBIT 5

**BRADLEY/GROMBACHER LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361-3089
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
kgrombacher@bradleygrombacher.com
mbradley@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:  (818) 609-0807
Facsimile:  (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, Jose Gonzalez

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, an individual on his own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CARDINAL HEALTH 200, L.L.C., a Delaware limited liability company, and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. ED 5:18 CV 18-1574-GW (SPx)<br>Hon. George H. Wu<br><br>**PLAINTIFF'S NOTICE OF UNOPPOSED MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:     May 1, 2020<br>Time:    8:30 a.m.<br>Location:  United States District Court<br>          Central District<br>          350 W. 1st Street<br>          9th Floor, Courtroom 9D<br>          Los Angeles, CA 90012 |

1

1

2

# NOTICE OF MOTION AND MOTION FOR
# PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

3

4

5

6

7

**PLEASE TAKE NOTICE THAT** on May 1, 2020, at 8:30 a.m. at the United States District Court for the Central District of California located at 350 W. 1st Street, Courtroom 9D, 9th Floor, Los Angeles, California, Plaintiff Jose Gonzalez, individually and on behalf of those similarly situated will, and hereby does, move this Court to:

8

9

10

11

12

13

14

15

1. Grant preliminary approval of the class action settlement reached between the Plaintiff, Jose Gonzalez ("Plaintiff") and Defendant, Cardinal Health 200, LLC. ("Defendant") (Plaintiff and Defendant collectively referred to as the "Parties") as set forth in the Parties' Stipulation and Agreement of Compromise and Class Settlement (the "Settlement Agreement"), which is attached as Exhibit 1 to the Declaration of Marcus J. Bradley, filed concurrently herewith in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Bradley Decl.");

16

17

18

19

2. Conditionally certify the Settlement Class defined as: all current and former non-exempt employees working in the State of California from September 28, 2016 through the date of preliminary approval by the Court of this Settlement Agreement (the "Settlement Class Period");

20

21

22

3. Approve the Notice of Settlement of Class Action Litigation and Information Sheet (in the form set forth as Exhibits A and B, respectively, to the Settlement Agreement);

23

4. Approve Jose Gonzalez as the Class Representative;

24

25

5. Approve Bradley/Grombacher LLP, and the Law Offices of Sahag Majarian, II, as Class Counsel;

26

6. Approve Simpluris, Inc. as the Settlement Administrator;

27

28

7.      Approve the establishment of a Qualified Settlement Fund pursuant to Treas. Reg. § 1.468B-1;

8.      Schedule the date for the final approval hearing; and

9.      Enter the [Proposed] Order Preliminarily Approving Class Action Settlement Agreement filed herewith.

This motion is unopposed as based on the Settlement Agreement.  This Motion is made on the grounds that:

a.      The Settlement Class meets all of the requirements for class certification for purposes of settlement pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

b.      The Settlement is fair, adequate and reasonable as required under Rule 23(e) of the Federal Rules of Civil Procedure;

c.      Plaintiff and his counsel are adequate to represent the Settlement Class as required by Rule 23(a)(4) and (g) of the Federal Rules of Civil Procedure;

d.      The notice procedures and related forms comport with all relevant due process requirements and the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure; and

e.      Based on the foregoing, notice should be directed to Settlement Class Members and a final fairness hearing should be scheduled.

This Motion is based upon:  (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement; (3) the Declaration of Marcus J. Bradley; (4) the Declaration of Jose Gonzalez; (6) the Declaration of Michael Bui; (6) the Parties' Stipulation and Agreement of Compromise and Class Settlement ("Settlement Agreement" or "Agreement"); (7) the Notice of Class Action

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT                    Case No. ED 5:18 CV 18-1574-GW (SPx)

Settlement; (8) the [Proposed] Order Granting Preliminary Approval of Class Action Settlement; (9) the records, pleadings, and papers filed in this action; and (10) such other documentary and oral evidence or argument as may be presented to the Court at or prior to the hearing of this Motion.

Dated: April 1, 2020           **BRADLEY/GROMBACHER, LLP**
                                 **LAW OFFICES OF SAHAG MAJARIAN, II**


By*: /s/ Marcus J. Bradley*
                Marcus J. Bradley, Esq.
                Kiley L. Grombacher, Esq.
                Sahag Marjarian, II, Esq.

                Attorneys for Plaintiff

## **<u>TABLE OF CONTENTS</u>**

I.  INTRODUCTION ................................................................................. 1

II. FACTS AND PROCEDURE ............................................................... 2

    A.  Facts Relevant to the Substantive Claims of the Litigation ............... 2

        1.  Overview of Defendant's Business Operations ........................ 2

        2.  Plaintiff's Long Employment History with Defendant ........................................................................... 2

        3.  Procedural Background ............................................................ 2

    B.  The Litigation and Resolution of the Litigation .............................. 4

        1.  The Parties Completed Significant Discovery and Investigation ........................................................................... 4

        2.  Mediation and Settlement ....................................................... 4

        3.  Summary of Settlement Terms ................................................ 5

            a.  The Settlement Consideration and Distribution ................. 5

            b.  The Settlement Class and Class Period ............................. 6

            c.  The Settlement Distribution Formula ................................ 6

            d.  The Class Release ............................................................. 7

III. The Court Should Conditionally Certify a Class for Settlement Purposes ............................................................................................ 7

    A.  The Settlement Class is Sufficiently Numerous .............................. 10

    B.  There are Questions of Law and Fact Common to the Class ........... 10

    C.  Plaintiff's Claims are Typical of the Class Claims ......................... 12

    D.  The Adequacy Requirement is Met ................................................ 13

    E.  The "(b)(3)" Requirements Have Been Met .................................... 13

        1.  Common Issues Predominate .................................................. 13

        2.  The Class Action Mechanism is Superior ............................... 14

IV. The Settlement is Fair, Adequate, and Reasonable ............................. 14

        1.  The Class Representative and Counsel Have Adequately Represented the Class .......................................................... 16

i

2. The Settlement Is the Product of Arms'-Length Negotiations and is Therefore Entitled to a Presumption of Fairness ........................................................ 16

3. The Relief Provided to the Class is Adequate ......................... 17

   a. The Costs, Risks, and Delay of Trial and Appeal Weigh in Favor of Settlement ..................................... 18

   b. Defendants have Asserted Defenses That Create Risks That the Class Would Receive No Recovery Absent Settlement ........................................... 21

   c. The Total Recovery is Fair Given the Realistic Potential Damages ........................................... 24

4. Estimated PAGA Damages and Distribution ...................... 25

   a. The Method of Distributing Relief is Appropriate ............... 29

   b. There Are No Obvious Defects in the Settlement ................. 30

   c. The Settlement Provides for Equitable Treatment of Class Members ............................................ 32

   d. The Court Should Approve Simpluris, Inc. As Third-Party Administrator ......................................... 33

V. CONCLUSION ................................................................ 34

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page No(s)**

*Allen v. American Multi-Cinema Inc.*,
   Case No. RG-11-585502 ................................................................... 27

*Amchem Prod., Inc. v. Windsor*,
   521 U.S. 591 (1997) .......................................................................... 9

*Amey v. Cinemark*,
   2015 WL 2251504 (N.D. Cal. May 13, 2015) .................................... 27

*Atempa v. Pama Inc.*,
   Case No. 37-2013-00058208-CU-OE-CT ............................................ 27

*Barbosa v. Cargill Meat Sols. Corp.*,
   297 F.R.D. 431 (E.D. Cal. 2013) ........................................................ 31

*Bolton v. U.S. Nursing Corp.*,
   No. C 12-4466 LB, 2013 WL 5700403 (N.D. Cal. Oct. 18, 2013) ................... 26

*Bowers v. First Student, Inc.*,
   2015 WL 1862914 (C.D. Cal. Apr. 23, 2015) .................................... 27

*Candy Shops, Inc. v. Superior Court*,
   210 Cal.App. 4th 889 (2012) ............................................................ 22

*Cf. Premier Elec. Const. Co. v. Nat'l Elec. Contractors Ass'n, Inc.*,
   814 F.2d 358 (7th Cir. 1987) ............................................................ 12

*Childers v. Anthony Shenouda Inc.*,
   Case No., BC517798 ........................................................................ 27

*Chun-Hoon v. McKee Foods Corp.*,
   716 F. Supp. 2d 848 (N.D. Cal. 2010) ............................................... 15

*Corbin v. Time Warner*,
   821 F.3d 1069 (9th Cir. 2016) .......................................................... 22

*Custom LED, LLC v. eBay, Inc*,
    2013 WL 6114379 (N.D. Cal. Nov. 20, 2013) ................................................. 30

*Delgado v. New Albertson's, Inc.*,
    Case No. SACV08-806 DOC-RBNx (CD. Cal.) ................................................. 6

*Edwards v. Nat'l Milk Producers Fed'n*,
    2014 WL 4643639 (N.D. Cal. Sept. 16, 2014) ................................................. 10

*Eisen v. Carlisle & Jacqueline*,
    417 U.S. 156, 173, 94 S. Ct. 2140, 2150, 40 L. Ed. 2d 732 (1974) ................... 29

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ................................................. 12

*Epic Sys. Corp. v. Lewis*,
    138 S. Ct. 1612 (2018) ................................................. 8

*Garcia v. Gordon Trucking, Inc.*,
    No. 1:10-CV-0324 AWI SKO, 2012 WL 5364575 ................................................. 26

*Gomez v. Amadeus Salon, Inc.*,
    Case No. BC392297 (L.A. Super. Ct.) ................................................. 6

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................. 8, 9,11,14,15

*Holak v. K Mart Corp.*,
    2014 U.S. Dist. LEXIS 139879 (E.D. Cal. Sept. 30, 2014) ................................................. 22

*Hopson v. Hanesbrands Inc.*,
    Case No. 08-00844, 2009 U.S. Dist. LEXIS 33900 (N.D. Cal. Apr. 3, 2009) ........... 28

*In re Activision Sec. Litig.*,
    723 F.Supp. 1373 (N.D.Cal.1989 ................................................. 31

*In re Apple Computer, Inc. Derivative Litig.*,
    No. C 06-4128 JF (HRL), 2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008) . 17

*In re Bluetooth Headset Prods. Liab. Litig. (Bluetooth)*,
   654 F.3d 935 (9th Cir. 2011) ................................................................ 8

*In re Volkswagen 'Clean Diesel' Mktg., Sales Practices, and Product
   Liab. Litig.*, 895 F.3d 597 (9th Cir. 2018) .............................. 15,18, 21

*Kleen Prod. LLC v. Int'l Paper Co.*,
   831 F.3d 919 (7th Cir. 2016) ............................................................. 12

*Lim v. Victoria's Secret Stores, Inc.*,
   Case No. 04CC00213 (Orange County Super. Ct.) ............................... 6

*Linney v. Cellular Ala. P'ship*,
   151 F.3d 1234 (9th Cir. 1998) ........................................................... 21

*Litty v. Merrill Lynch & Co.*,
   2014 WL 5904904 (C.D. Cal. Nov. 10, 2014) ................................... 27

*Maldonado v. Epsilon Plastics, Inc.*,
   22 Cal. App. 5th 1308 (2018) ............................................................ 22

*Milligan v. Am. Airlines, Inc.*,
   577 Fed. Appx. 718 (9th Cir. 2014) .................................................. 22

*Naranjo v. Spectrum Security Servs., Inc.*,
   40 Cal. App. 5th 444 (2019) .............................................................. 23

*Nat'l Rural Telecommunications Coop.*,
   221 F.R.D ............................................................................................ 19

*Neary v. Regents of University of California*,
   3 Cal.4th 273 (1992) .......................................................................... 20

*Nen Thio v. Genji, LLC*,
   14 F. Supp. 3d 1324 (N.D. Cal. 2014) ............................................... 32

*Nordstrom Com. Cases*,
   186 Cal. App. 4th 576 (2010) ...................................................... 26, 28

Table of Authorities

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d 615 (9th Cir. 1982) ......................................................... 15,18

*Ortiz v. CVS Caremark Corp.,*
   2014 WL 1117614 ............................................................................. 26

*Parsons v. Ryan,*
   754 F.3d 657 (9th Cir. 2014) ............................................................. 10

*Paz v. AG Adriano Goldschmeid, Inc.,*
   No. 14CV1372 DMS (DHB), 2016 WL 4427439 (S.D. Cal. Feb. 29, 2016) 8Ree

*Reed v. Thousand Oaks Toyota,*
   No.56-2012-00419282-CU-OE-VTA,2013 WL 8118716 (Cal.Super. Ct. Apr. 8,
   2013) ................................................................................................ 26

*Ridgeway v. Wal-Mart Stores, Inc.,*
   2014 U.S. Dist. LEXIS 126806 (N.D. Cal. Sept. 10, 2014).......................... 10,22

*Rodriguez v. West Pub. Corp.,*
   563 F.3d 948 (9th Cir. 2009 ............................................................... 18

*Singletary v. Teavana Corp.,*
   2014 WL 1760884  (N.D. Cal. Apr. 2, 2014) .................................... 23

*Sorenson v. PetSmart, Inc.,*
   Case No. 2:06-CV-02674-JAM-DAD (E.D. Cal.) ................................. 6

*Staton v. Boeing Co.,*
   327 F.3d 938  (9th Cir. 2003) ............................................................ 33

*Stearns v. Ticketmaster Corp.,*
   655 F.3d 1013 (9th Cir. 2011). ........................................................... 13

*Stovall-Gusman v. W.W. Granger, Inc.,*
   2015 U.S. Dist. LEXIS 78671 (N.D. Cal. 2015)................................. 23

*Torres v. Mercer Canyons Inc.,*
   835 F.3d 1125 (9th Cir. 2016) ........................................................... 12

Table of Authorities

*Tyson Foods, Inc. v. Bouaphakeo*,
    136 S. Ct. 1036 (2016) ............................................................ 8,11,12

*Van Brokhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) ..................................................... 15

*Villegas v. J.P. Morgan Chase & Co.*,
    2012 WL 5878390 (N.D. Cal. 2012) ................................. 21,23,33

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338, 359, 131 S. Ct. 2541180 L. Ed. 2d 374 (2011) .............. ..... 10, 11

*Weeks v. Kellogg Co.*,
    2013 WL 6531177 (C.D. Cal. Nov. 23, 2013) ................................ 16

*Wolin v. Jaguar Land Rover N. Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) ..................................................... 8

*Zinser v. Accufix Research Inst.*,
    253 F.3d 1180 (9th Cir. 2001) ..................................................... 7

## Statutes

Cal. Code Regs. Tit. 8, § 13520 ......................................................... 23

### California Labor Code

§ 226(e) ......................................................................................... 23

§2699(e) ................................................................................. 26, 27

### Federal Rules of Civil Procedure

23(a)(1) ..................................................................................... 2, 10

23(a)(4) ......................................................................................... 17

23(b)(3) ..................................................................................... 2, 14

23(e)(1)(B) .................................................................................... 15

23(e)(2) .......................................................................................... 15

23(e)(2)(C) ................................................................................. 2, 18

23(c)(2) ...................................................................................... 2, 30

Table of Authorities

23(g)............................................................................................ 2

**Other Authorities**

*Manual for Complex Litigation*, Third (Fed. Judicial Center 1995) ................ 29,30

**Treatises**

Treas. Reg. § 1.468B-1 ............................................................. 2

Table of Authorities

## MEMORANDUM OF POINTS AND AUTHORITIES

Named Plaintiff Jose Gonzalez ("Plaintiff") respectfully submits this memorandum of points and authorities in support of the Motion for Preliminary Approval of Settlement of the class action.

## I.    INTRODUCTION

Plaintiff and Defendant, Cardinal Health 200, L.L.C. ("Cardinal" or "Defendant") have reached a full and final settlement of the above-captioned class action, which is embodied in the Stipulation and Agreement of Compromise and Class Settlement ("Settlement Agreement," "Agreement," or "SA"), which is attached as Exhibit "1" to the Declaration of Marcus J. Bradley, filed concurrently herewith. By this motion, Plaintiff seeks preliminary approval of the Agreement as fair, reasonable and adequate, entry of the Preliminary Approval Order, and scheduling of the Final Approval Hearing to determine final approval of the Settlement.

The proposed $875,000 non-reversionary, class action and representative settlement of this wage and hour case was achieved after very hard-fought litigation. Nonetheless, this entire settlement will provide substantial monetary payments to 1,820 employees/class members with an average gross settlement award to class members in the amount of approximately $480.00. As set forth more fully below, the proposed settlement satisfies all the criteria for settlement approval under Federal Rule of Civil Procedure 23. The Settlement was reached after extensive investigation and discovery. The negotiations were at arms-length, and were facilitated by mediator Michael E. Dickstein, over the course of a full-day mediation session as well as through post-mediation settlement negotiations. Accordingly, Plaintiff requests that the Court preliminarily approve the proposed settlement, certify the proposed settlement class, approve distribution of notice of the proposed settlement, and set a final approval hearing.

## II.    FACTS AND PROCEDURE

Plaintiff asserts various claims on behalf of himself and other similarly situated employees of Defendant stemming from Defendant's alleged violation of the California Labor Code and FLSA.

### A.    Facts Relevant to the Substantive Claims of the Litigation

#### 1.  Overview of Defendant's Business Operations

Cardinal engages in the distribution of medical supplies throughout California. During the class period, Cardinal has operated twelve medical supply distribution centers across the State.  Plaintiff and members of the class were employed in various non-exempt positions within Cardinal's supply operations. The primary group of non-exempt employees are those in the position of warehouse operations associates, which is the position Plaintiff held.

#### 2.  Plaintiff's Long Employment History with Defendant

Plaintiff was employed with Defendant in its Ontario, California facility from approximately 1989 to June 2, 2017. From 2014 through June 2, 2017 Plaintiff was employed as a non-exempt employee in the warehouse operations division.

#### 3.  Procedural Background

On May 31, 2018, Plaintiff filed a putative class action Complaint against Cardinal, in the Superior Court of the State of California, County of San Bernardino, assigned Case No. CIVDS1813181 (the "State Court Action").  On July 25, 2018, Cardinal removed the State Court Action to the United States District Court for the Central District of California.  Thereafter, on November 11, 2018, Plaintiff filed the First Amended Complaint, which added the PAGA claim.  On January 24, 2020, Plaintiff filed a Second Amended Complaint ("SAC").

The SAC asserts numerous wage and hour claims against Defendant, brought on behalf of Plaintiff and on behalf of a putative class and collective and aggrieved employees.  Plaintiff alleges that Defendant (1) failed to pay all wages; (2) failed to

2

pay overtime compensation; (3) failed to pay paid time off in violation of California Labor Code § 227.3; (4) failed to pay wages at the time of termination; (5) failed to provide proper wage statements; (6) violated the Unfair Competition Law pursuant to the California Business and Professions Code § 17200 *et seq.*; (7) failed to pay all wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"); (8) violated the California Labor Code § 2698 *et seq.* ("PAGA"); (9) failed to provide meal periods; and (10) failed to provide rest periods.

Plaintiff's claims were brought on behalf of himself and a putative class of

> All employees who were or are employed by Defendants during the Class Period (The Class Period is the period from May 31, 2014, through and including the date judgment is rendered in this matter) in California as "non-exempt employees." As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the California Labor Code.

Plaintiff also alleged claims on behalf of a subclass of terminated employees

> All members of the Plaintiff Class whose employment ended during the Class Period (The Class Period is the period from May 31, 2014, through and including the date judgment is rendered in this matter).

Plaintiff's claims are based on the following alleged underlying behavior, which is common to all members of the class (and/or subclass):

1. Defendant's common practice of rounding its nonexempt employees' start and stop time entries while prohibiting employees from clocking in more than three minutes before their shift. (Bradley Decl., Exhibit 3 (CH00507-08); Exhibit 4 CH00615);

2. Defendant's common practice of failing to provide wage statements reflecting the hourly rate for double-time pay. (Bradley Decl., Exhibit 2 (CH000001));

3

3. Defendant's common practice of failing to pay all wages owed at the time of termination;

4. Defendant's common practice of failing to provide or permit its employees to take meal breaks including failing to have any policy permitting second meal breaks. (Bradley Decl., Exhibit 2 (CH000001));

5. In addition, Plaintiff asserted claims based on an alleged failure to pay overtime for all time worked, failure to pay vacation time upon termination, failure to provide or permit employees to take rest breaks. Counsel's analysis of the records provided by Defendant reveal that there is not a basis for recovery on these claims and counsel assigned de minimis value to these claims (Bradley Decl. ¶ 12, fn1).

## B. The Litigation and Resolution of the Litigation

### 1. The Parties Completed Significant Discovery and Investigation

The Parties engaged in substantial discovery and analysis of the underlying merits of Plaintiff's claims and potential damages. Defendant responded to requests for production and interrogatories served by Plaintiff and produced, *inter alia*, Plaintiff's personnel records including his wage statements and time records; Defendant's employment policies and procedures concerning the recording of time, overtime, attendance, meal and rest periods, and payment of wages; and a summary of electronic data regarding Class Member meal periods and time punch data. (Bradley Decl. ¶ 7).

In this regard, Defendant produced a 25% sample of class data and Plaintiff's counsel conducted an analysis of these records including engaging an expert to analyze the records and calculate damages for use in mediation. (Bradley Decl. ¶ 8).

### 2. Mediation and Settlement

On March 5, 2019, the parties engaged in mediation with attorney Michael

4

E. Dickstein, a highly experienced mediator with a substantial background in resolving employment cases. Although the parties were not able to reach a resolution during the mediation, they continued to negotiate with the input of Mr. Dickstein and executed the Settlement Agreement in November, 2019.

### 3. Summary of Settlement Terms

#### a. The Settlement Consideration and Distribution

Plaintiff and Defendant agreed to settle all claims alleged or that could have been alleged in exchange for a payment in the total amount of $875,000. (SA ¶ 1.2) The Gross Settlement Amount is to be distributed for the following purposes: (1) settlement payments to Participating Class Members; (2) a requested thirty-three and a third (33 1/3%) percent of the Gross Settlement Amount or $291,666.67 in attorneys' fees and up to $20,000 in litigation costs/expenses to Class Counsel (SA ¶ 5.1); (3) $50,000 allocated to settle PAGA claims of which a $37,500 payment will be made to the LWDA to account for the LWDA's portion of the PAGA settlement and the rest will be distributed in the net settlement amount (SA ¶ 5.4); (4) Settlement Administration Costs of up to $17,000 (SA ¶ 5.2); and (5) a requested Service Payment of up to $5,000 to Plaintiff (SA ¶ 5.3).

Based on the above, the minimum Net Settlement Amount is estimated to be $503,833.33, which is subject to increase if any of the amounts estimated for attorneys' fees and costs, service award, LWDA payment or settlement administration expenses prove to be less than the amount estimated.

Subject to the Court approving Attorneys' Fees and Costs, the payment to the LWDA, Settlement Administration Costs, and the Plaintiff's Service Payment, the Net Settlement Amount will be distributed to all Participating Class Members.

**<u>Because the Gross Settlement Amount is non-reversionary, 100% of the Net Settlement Amount will be paid to Participating Class Members, and <u>*without*</u> the need to a submit claim for payment.</u>** (SA ¶¶ 4.6, 8.12).

### b. The Settlement Class and Class Period

The Settlement contemplates a class certified for settlement purposes comprising "Plaintiff and all persons, or each of them, currently or formerly employed by Defendant in the State of California and classified as hourly, non-exempt employees during the time frame of September 28, 2016 through the date the Court grants preliminary approval of th[e] Settlement Agreement." (SA ¶ 1.2)

The Class Period runs from September 28, 2016 through the date of preliminary approval (as opposed to four years back from the filing of the Complaint) because the beginning date of the period is constrained by a class settlement in an earlier action which released the claims asserted through September 27, 2016. (SA ¶ 2.2).

### c. The Settlement Distribution Formula

The Net Settlement Amount shall be apportioned among Settlement Class Members based on the Settlement Class Member's qualification as a member of the Class. The Net Settlement amount will be distributed to each Class Member based on the number of workweeks worked during the Class Period. (SA ¶ 4.2).

Based on the estimated $503,833.33 Net Settlement Amount and the 1,820 Class Members, Plaintiff estimates that the average gross recovery (prior to taxes) will be $480.00. This recovery on behalf of the Class Members is well in excess of amounts that have been approved on the low end of the range of wage and hour settlements in California state and federal courts.[1]

---

[1] *See, e.g.*, *Sorenson v. PetSmart, Inc.*, Case No. 2:06-CV-02674-JAM-DAD (E.D. Cal.) (average net recovery of approximately $60); *Lim v. Victoria's Secret Stores, Inc.*, Case No. 04CC00213 (Orange County Super. Ct.) (average net recovery of approximately $35); and *Gomez v. Amadeus Salon, Inc.*, Case No. BC392297 (L.A. Super. Ct.) (average net recovery of approximately $20); *Delgado v. New Albertson's, Inc.*, Case No. SACV08-806 DOC-RBNx (CD. Cal.) (average net recovery of approximately $45.)

#### d.  The Class Release

In exchange for the Gross Settlement Amount, Plaintiff and Class Members who do not opt out will agree to release all claims alleged or that could have been alleged based on the facts alleged in the SAC. (SA ¶¶ 4.8, 7.1.).  The releases in this case are directly related to Plaintiff's claims and are therefore appropriate. *See International Union of Operating Engineers-Employers Canst. Industry Pension, Welfare and Training Trust Funds v. Karr*, 994 F. 2d 1426, 1430 (9th Cir. 1993) ("res judicata bars not only all claims that were actually litigated, but also all claims that 'could have been asserted' in the prior action").

### III.  The Court Should Conditionally Certify a Class for Settlement Purposes

A party seeking to certify a class must demonstrate that it has met all four requirements under Federal Rule of Civil Procedure 23(a), and at least one of the requirements of Rule 23(b)—in this case, Rule 23(b)(3). *See Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

The present case satisfies all of the necessary requirements of Federal Rule of Civil Procedure 23(a): Defendant's records show that the Class consists of approximately 1,820 individuals, making joinder of all Class Members impracticable.  Further, because all Class Members are either current or former employees of Defendant, the Class is readily ascertainable from its regular business records. The California statutes relating to each of Plaintiff's claims apply with equal force and effect to all Class Members, and Plaintiff's wage and hour claims are typical of the proposed Class because they arise from the same factual basis and are based on the same legal theories applicable to the other Class Members. Finally, Plaintiff is represented by competent counsel who have extensive experience in litigating wage and hour class action cases. (Bradley Decl. ¶¶ 21-34.)

1    Plaintiff also satisfies Rule 23(b)(3), as the "proposed classes are
2 sufficiently cohesive to warrant adjudication by representation." *Tyson Foods,*
3 *Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016).

4    One of the core purposes of Rule 23 is to allow claimants to aggregate their
5 common claims to achieve relief where they would otherwise not be able to
6 pursue their claims.  In the labor and employment context in particular, class
7 claims are generally too small to pursue individually.  Each claim by itself is a
8 "negative value claim" that could not realistically be pursued because the cost of
9 litigating the claim far exceeds the value of the claim itself and the risk of loss is
10 therefore too high.  *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1633 (2018)
11 (Ginsburg, J., dissenting) ("Individually, [employees' wage and hours] claims are
12 small, scarcely of a size warranting the expense of seeking redress alone.  But by
13 joining together with others similarly circumstanced, employees can gain effective
14 redress for wage underpayment commonly experienced.") (citation omitted).  *See*
15 *also Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir.
16 2010) (finding that superiority is satisfied where the court finds that maintenance
17 of the litigation as a class action is efficient and fair).

18    "Courts have long recognized that 'settlement class actions present unique
19 due process concerns for absent class members.'" *In re Bluetooth Headset Prods.*
20 *Liab. Litig. (Bluetooth)*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting Hanlon v.
21 Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).  "The reason for more
22 exacting review of class settlements reached before formal class certification is to
23 ensure that class representatives and their counsel do not secure a disproportionate
24 benefit 'at the expense of the unnamed plaintiffs who class counsel has a duty to
25 represent.'" *Paz v. AG Adriano Goldschmeid, Inc.*, No. 14CV1372 DMS (DHB),
26 2016 WL 4427439, at *2 (S.D. Cal. Feb. 29, 2016) (quoting *Lane v. Facebook,*
27 *Inc.*, 696 F.3d 811, 820 (9th Cir. 2012).

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT                          Case No. ED 5:18 CV 18-1574-GW (SPx)

Indeed, *Amchem* instructs that it is "those [factors] designed to protect absentees by blocking unwarranted or overbroad class definitions" that "demand undiluted, even heightened, attention in the settlement context." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Thus, *Amchem*'s command for heightened scrutiny does not mean that the Rule 23 factors must be better established than in an ordinary case. Rather, *Amchem* is effectively a directive that the Court should inquire to make sure that absent class members are not being inappropriately included to increase the size of the settlement or being treated unfairly by the settlement terms because of inherent conflicts. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Accordingly, even though heightened sensitivity to the Rule 23 factors is called for, at the preliminary approval stage, Courts have recognized that "despite the Supreme Court's cautions in *Amchem*, a cursory approach appears the norm when courts address motions for preliminary approval." *Van Lith v. iHeartMedia + Entm't, Inc.*, No. 1:16-CV-00066-SKO, 2017 WL 1064662, at *7 (E.D. Cal. Mar. 20, 2017) (citation omitted). Indeed, "[s]ince *Amchem*, approval of settlement classes is generally routine and courts are fairly forgiving of problems that might hinder class certification were the case not to be settled." *Id*. (quoting Newberg on Class Actions § 11:28 (4th ed.) (collecting cases)).

The danger of an incorrect decision on a motion for preliminary approval and certification is the "risk of unnecessary or erroneous class notice: confusion and waste." *Id*. (citation omitted). The cursory review of preliminary approval approach, "avoids the needless expenditure of resources by the parties and respects the parties' desire to settle this litigation at an early stage." *Id*. By contrast, the opposite approach would force parties to engage in protracted discovery in order to thoroughly and conclusively establish the Rule 23 factors when the parties have manifested a desire to avoid such protracted discovery by agreeing to settle the case.

Here, the proposed settlement class meets the Rule 23 factors and conditionally certifying the settlement class would not create confusion and waste.

### A. The Settlement Class is Sufficiently Numerous

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable[.]" Fed. R. Civ. P. 23(a)(1). Here, because the class has well over 1,000 individuals, joinder would be impracticable. *See, e.g., Edwards v. Nat'l Milk Producers Fed'n*, 2014 WL 4643639, at *4 (N.D. Cal. Sept. 16, 2014) ("Although there is no absolute minimum number of plaintiffs necessary to demonstrate that the putative class is so numerous so as to render joinder impracticable, joinder has been deemed impracticable in cases involving as few as 25 class members[.]" (internal quotation marks and edits omitted)).

### B. There are Questions of Law and Fact Common to the Class

Rule 23(a)(2) requires the existence of ─questions of law or fact common to the class[.] Fed. R. Civ. P. 23(a)(2). "[F]or purposes of Rule 23(a)(2) even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359, 131 S. Ct. 2541, 2556, 180 L. Ed. 2d 374 (2011) (internal quotation marks and brackets omitted); *see Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (finding it is not necessary "that every question in the case, or even a preponderance of questions, is capable of class wide resolution. So long as there is even a single common question, a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." (internal quotation marks omitted)).

Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury but "[t]his does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores*, 564 U.S. at 349-50 (internal quotation marks omitted). Rather, "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*.

10

---

The Commonality requirement is satisfied in this action. Here, the class claims of Defendants' employees turn upon answers to overarching common questions regarding Defendants' policies and procedures that are capable of class-wide resolution and which bind the class together as to each cause of action that is being settled.

In this regard, as indicated, Defendant rounded its employees' start and stop time entries. This raises a common question as to whether this practice violated the law with regard to payment of all wages owed and all overtime. (First and Second Causes of Action). It also ties together the class's claims regarding failure to pay wages at the time of termination, (Fourth Cause of Action),[2] failure to provide proper wage statements, (Fifth Cause of Action),[3] and the claim for violation of the Business and Professions Code § 17200 (Sixth Cause of Action) ("UCL Claim").

Defendant also had a common practice of failing to provide or permit its employees to take meal breaks and failing to pay all premiums for missed and late meal breaks. (Ninth Cause of Action). This uniform practice raises common questions as to whether Defendant violated the law with regards to the class as a whole. Likewise, Defendant's common practice of apparently permitting employees to take rest breaks, (Tenth Cause of Action), raises common questions as well.[4]

---

[2] The claim regarding Defendant's failure to pay wages at the time of termination is also tied together by evidence that wages were not paid immediately on termination raising the common question of whether this practice violated the class members' legal rights.

[3] The claim regarding Defendant's failure to provide proper wage statements also raises the common question of whether Defendant violated the law by failing to provide wage statements reflecting the hourly rate for double-time pay.

[4] The class mechanism allows the resolution of claims together both in the negative and the positive sense. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1047 (2016) ("When, as here, the concern about the proposed class is not that it exhibits some fatal dissimilarity but, rather, a fatal similarity—an alleged failure of proof as to an element of the plaintiffs' cause of action—courts should engage that question as a matter of summary judgment, not class

11

Finally, it appears that Defendant in fact had a common practice of paying vacation wages at the time of termination. (Third Cause of Action). This also raises a question of law common to the class that renders certification appropriate – did Defendant's practice of paying out vacation wages comport with the law.

Thus, for all of the claims that are subject to Rule 23's certification standard, at least one common question of law or fact exists.[5]

## C. Plaintiff's Claims are Typical of the Class Claims

Rule 23(a)(3) requires the representative parties' claims or defenses be "typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3). This "serves to ensure that 'the interest of the named representative aligns with the interests of the class.'" *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016) (quoting *Hanlon*, 976 F.2d at 508). Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Ellis v. Costco Wholesale Corp.*, 657 F.3d

---

certification.") (citation omitted). *See also Kleen Prod. LLC v. Int'l Paper Co.*, 831 F.3d 919, 929 (7th Cir. 2016) (affirming class certification order noting that class certification can also resolve the case in Defendant's favor -- "If in the end the Defendants win on the merits, this entire matter will be over in 'one fell swoop.'") (quoting William Shakespeare, Macbeth, act 4, sc. 3, l. 220 (David Bevington ed., Pearson Longman 6th ed. 2009)

Thus, there is no reason a class cannot be certified to settle a claim that appears to have little or no settlement value along with claims that have high settlement value. Indeed, it is the prospect of complete repose that is part of the inducement for defendants to settle cases. Few defendants would settle valuable claims on a class basis and leave themselves open to further litigation on an individual basis for claims of lesser value or where the question of liability is unclear or class certification is less tenable. *Cf. Premier Elec. Const. Co. v. Nat'l Elec. Contractors Ass'n, Inc.*, 814 F.2d 358, 363 (7th Cir. 1987) (analogizing the ability of plaintiffs to sue defendants repetitively under certain circumstances to being "pecked to death by ducks"). Indeed, as the Supreme Court indicated in *Tyson Foods*, a class can be certified even if it appears that some class members will prove to have no damages whatsoever from the alleged conduct. *Tyson Foods*, 136 S. Ct. 1036 at 1049-50.

[5] Plaintiff's seventh cause of action for violation of the FLSA is not certifiable under Rule 23 and is instead addressed by back of check opt-in/release. (SA ¶ 4.8). Likewise, Plaintiff's eighth cause of action under PAGA is a representative action that is not subject to Rule 23.

970, 984 (9th Cir. 2011). "Under the 'permissive standards' of this Rule, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Galvan*, 2011 U.S. Dist. LEXIS 127602, at *18 (quoting *Hanlon*, 150 F.3d at 1020).

Here, Plaintiff's claims are typical of those asserted by the class as a whole. For example, he contends that he, like the class, suffered damages from Defendant's practices of rounding start and stop time entries, failing to provide meal and rest breaks, and failing to provide accurate wage statements with double time, as discussed above. (Bradley Decl. ¶29). Plaintiff, a long-serving, non-exempt employee of Defendant, is well suited to represent other similarly situated employees in raising the common claims that they have against the Defendant. (Gonzalez Decl. ¶¶4, 12).

### D. The Adequacy Requirement is Met

As will be described in detail in the section regarding the sufficiency of the settlement, Plaintiff and counsel are adequate to represent the class and have adequately represented the class in these proceedings.

### E. The "(b)(3)" Requirements Have Been Met

A class may be certified under Rule 23(b)(3) when "questions of law or fact common to the class members predominate over any questions affecting only individual members" and the class action mechanism is "superior" to other methods of adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). Here, both prongs of the Rule 23(b)(3) analysis are satisfied.

### 1. Common Issues Predominate

"The predominance inquiry ... asks whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011). "The focus is on the relationship between the common and individual issues." *Id.* Here, the common issues that bind the class together described above (*e.g.*, time rounding, failure to

include double time rate on wage statements, failure to provide meal and rest breaks and all pay premiums) are central to the case. There are no individualized defenses or issues that preclude certification or take center stage over the common issues that can be resolved for the class in one fell swoop.

### 2. The Class Action Mechanism is Superior

Given the size of the class it is clear that the "superiority" element is satisfied. The fact that more than 1,000 individual claims "would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs" weighs heavily in favor of a class action. *See Hanlon* at 1023.

## IV. The Settlement is Fair, Adequate, and Reasonable

Per Rule 23, a class action may only be settled with court approval. Fed. R. Civ. P. 23(e). Before a court renders approval, it must determine that the settlement is "fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citing Fed. R. Civ. P. 23(e)(2)).

Recent amendments to Rule 23 provide new guidance on the "fair, adequate, and reasonable" standard at the preliminary approval stage. Rule 23 now clarifies that preliminary approval should be granted where the parties have "show[n] that the court will likely be able to ... approve the proposal under [the final approval factors in] Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(1)(B).

Accordingly, for the purposes of this motion, Plaintiff shall provide a discussion of the factors informing final approval, namely, whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

14

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT      Case No. ED 5:18 CV 18-1574-GW (SPx)

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3).

(D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

"[T]he decision to approve or reject a settlement is committed to the sound discretion of the trial judge because he is exposed to the litigants and their strategies, positions, and proof." *Hanlon*, 150 F.3d at 1026 (internal citations and quotations omitted). In exercising such discretion, the Court should give "proper deference to the private consensual decision of the parties ... [T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* at 1027 (internal citations omitted); *Federal Rules of Civil Procedure*, Rule 23(e).

This determination involves a balancing of several factors, including: "the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; [and] the extent of discovery completed"' among other factors. *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 850-51 (N.D. Cal. 2010) (quoting *Class Plaintiffs*, 955 F.2d at 1291).

The law favors the compromise and settlement of class-action suits. *See, e.g.*, *Churchill Vill. L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982). The Ninth Circuit recognizes the "overriding public interest in settling and quieting litigation ... particularly ... in class action suits ..." *Van Brokhorst v.*

15

1   *Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); see also *Weeks v. Kellogg*
2   *Co.*, 2013 WL 6531177, at *10 (C.D. Cal. Nov. 23, 2013) (quoting *In re*
3   *Synocor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008)) ("'[T]here is a
4   strong judicial policy that favors settlements, particularly where complex class
5   action litigation is concerned."'").

6      Despite the amendment of Rule 23, the "underlying question remains this:
7   Is the settlement fair?" *In re Volkswagen 'Clean Diesel' Mktg., Sales Practices,*
8   *and Product Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018). Here, as
9   demonstrated below, the settlement is for a fair amount and treats the Class
10   Members fairly.

### A. The Class Representative and Counsel Have Adequately Represented the Class.

13      Rule 23(a)(4) requires that the representative parties "fairly and adequately
14   protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "In making this
15   determination, courts must consider two questions: '(1) do the named plaintiffs
16   and their counsel have any conflicts of interest with other class members and (2)
17   will the named plaintiffs and their counsel prosecute the action vigorously on
18   behalf of the class?'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031
19   (9th Cir. 2012) (internal quotation marks omitted).

20      In this case, there is no conflict of interest between the class representative
21   and the proposed Class. Furthermore, Plaintiff and class counsel are well qualified
22   and willing to vigorously prosecute the interests of the Class and subclasses.
23   (Bradley Decl. ¶ 30; Gonzalez Decl. ¶¶ 3,12.)

### B. The Settlement Is the Product of Arms'-Length Negotiations and Is Therefore Entitled to a Presumption of Fairness

26      In evaluating the Settlement for preliminary approval, the Court "first
27   considers 'the means by which the parties arrived at settlement.'" *In re*
28   *Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*

(*"Volkswagen"*), 2016 WL 4010049, *14 (N.D. Cal. July 26, 2016). "Preliminary approval is appropriate if the proposed settlement is the product of serious, informed, non-collusive negotiations." *Id*.

Here, the Parties participated in a full-day mediation session with Michael Dickstein, an experienced wage and hour mediator. The Parties were unable to resolve the matter at mediation. However, with the continued assistance of Mr. Dickstein in continued negotiations, the Parties were eventually able to come to the Agreement. This participation weighs considerably against any inference of a collusive settlement. *See In re Apple Computer, Inc. Derivative Litig.*, No. C 06-4128 JF (HRL), 2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008). At all times, the Parties' negotiations were adversarial and non-collusive.

The Parties were represented by experienced class action counsel throughout the negotiations resulting in this Settlement. Plaintiff was represented by Bradley/Grombacher LLP, a firm that regularly litigates wage and hour claims through certification and on the merits, and have considerable experience settling wage and hour class actions. (*See* Bradley Decl. ¶¶ 33-44.) Defendants were represented by Jackson Lewis, which operates a highly-respected nationwide class action defense practice.

### C. The Relief Provided to the Class is Adequate

The third factor requires the Court to consider whether "the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C).

### 1. The Costs, Risks, and Delay of Trial and Appeal Weigh in Favor of Settlement

In accordance with Rule 23(e)(2)'s instruction to evaluate "the costs, risks, and delay of trial and appeal," courts assess "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; [and] the risk of maintaining class action status throughout the trial." *Hanlon*, 150 F.3d at 1026. This inquiry evaluates "plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1080.

To determine whether a settlement should be preliminarily approved, the Court should also evaluate whether it "falls within the range of possible approval." *Volkswagen*, 2016 WL 4010049, at *16. In assessing the probability and likelihood of success, "the district court's determination is nothing more than an amalgam of delicate balancing, gross approximations, and rough justice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (internal quotation marks omitted). There is "no single formula" to be applied, but the Court may presume that the parties' counsel and the mediator arrived at a reasonable range of settlement by considering Plaintiffs' likelihood of recovery. *Rodriguez v. West Pub. Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

During this matter's pendency, the Parties thoroughly investigated and researched the claims in controversy, and the defenses. The investigation entailed the exchange of information pursuant to formal and informal discovery methods, including interrogatories and requests for production. In the course of written discovery, Class Counsel received and analyzed adequate information to properly investigate and evaluate the claims, including: written discovery, and formally and informally produced documents including: Plaintiff's personnel records including his wage statements and time records; a production of a list of class members, and

18

their electronic time punch and payroll data; Defendant's employment policies and procedures concerning the recording of time, overtime, attendance, meal and rest periods, and payment of wages; and a summary of electronic data regarding Class Member meal periods and time punch data. The extensive document and data exchanges have allowed Class Counsel to appreciate the strengths and weaknesses of the claims alleged against the benefits of the proposed Settlement. (Bradley Decl. ¶¶7-9). As discussed below, the settlement is appropriate given the costs, risks, and delay associated with pursuing the case through trial and appeal.

In particular, there is substantial value to early resolution. Plaintiff recognizes that if the litigation continues, he may encounter significant legal and factual hurdles that could have prevented the Class from obtaining full recovery for their claims, or perhaps even any recovery (under the worst-case scenario). In particular, Plaintiff's decision to settle was influenced by the following considerations: (i) the strength of Defendants' defenses on the merits; (ii) the risk of losing on any of a number of dispositive motions that could have been brought between now and trial (e.g., motions to decertify the class, motions for summary judgment, motion to strike the PAGA claims as unmanageable, and/or motions *in limine*) which may have eliminated all or some of Plaintiff's claims, or barred evidence necessary to prove such claims; (iii) the risk of losing at trial; (iv) the chances of a favorable verdict being reversed on appeal; and (v) the difficulties attendant to collecting on a judgment.

The potential risks attending further litigation also support preliminary approval. Courts have long recognized the inherent risks and "vagaries of litigation," and emphasized the comparative benefits of "immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *Nat'l Rural Telecommunications Coop.*, 221 F.R.D. at 526. Proceeding to certification and subsequently through trial (and the inevitable appeals) could add years or more to the resolution of this case, which

19

1    has already been pending since 2018.

2        Moreover, as developments throughout this litigation have shown, the law

3    regarding certification of similar claims and class-wide proof of damages by just

4    and reasonable inference in wage and hour cases, among other issues, is

5    precarious. Additionally, in late 2015, the California Private Attorneys General

6    Act (PAGA) was amended to allow employers the right to "cure" certain

7    commonly litigated defects in employee wage statements within 65 days of notice

8    by the employee in order to avoid litigation. Such amendment represents the

9    general risk of the law changing over time. These are just a few examples of how

10   Plaintiff's claims could have been weakened or obviated by legislation or

11   unfavorable legal rulings during the pendency of litigation and appeal.

12       Additionally, early resolutions save time and money that would

13   otherwise go to litigation. Parties' resources, as well as the Court's, would be

14   further taxed by continued litigation. And if this action had settled following

15   additional litigation, the settlement amount would likely have considered the

16   additional costs incurred, such that there may have been less available for

17   Class Members. Cost savings is one reason why California policy strongly

18   favors early settlement. *See Neary v. Regents of University of California*, 3

19   Cal. 4th 273, 277 (1992) (explaining the high value placed on settlements and

20   observing that "[s]ettlement is perhaps most efficient the earlier the settlement

21   comes in the litigation continuum."). Moreover, given that the class members

22   in this case are primarily low wage workers, for whom receiving speedy

23   remuneration is particularly important, the potential for years of delayed

24   recovery is a significant concern. Considered against the risks of continued

25   litigation, and the importance of the employment rights and a speedy recovery

26   to plaintiff class members, the totality of relief provided under the proposed

27   Settlement is more than adequate and well within the range of reasonableness.

28   This concern also supports settlement.

In summary, although Plaintiff and his counsel maintained a strong belief in the underlying merits of the claims, they also acknowledge the significant challenges posed by continued litigation through trial. Accordingly, when balanced against the risk and expense of continued litigation, the Settlement is fair, adequate, and reasonable. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes").

### 2. Defendants have Asserted Defenses That Create Risks That the Class Would Receive No Recovery Absent Settlement

Because of the high levels of cost, risk, and delay described above and inherent in all class actions, the Ninth Circuit has adopted a "policy that favors settlements, particularly where complex class action litigation is concerned." *Linney v. Cellular Ala. P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998). "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not per se render the settlement inadequate or unfair." *In re Volkswagen "Clean Diesel Mktg., Sales Prac., & Prod. Liab. Litig.*, 229 F. Supp. 3d 1052, 1065 (N.D. Cal. 2017) (quoting *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (16.67% recovery)). "Rather, the fairness and the adequacy of the settlement should be assessed relative to risks of pursuing the litigation to judgment." *Villegas v. J.P. Morgan Chase & Co.*, 2012 WL 5878390, at *6 (N.D. Cal. 2012).

Throughout this litigation, Defendants have indicated that they intend to vigorously contest class certification and Plaintiff's claims on the merits. Though Plaintiff does not agree with Defendants' arguments regarding class certification or their defenses on the merits to Plaintiff's claims, Plaintiff recognizes that there is a risk that the Court and/or a jury will agree with Defendants, and thus, limit or eliminate Class Members' ability to recover on the claims at issue.

Specifically, with regards to the rounding claim, Defendant has argued that it has no liability because, its rounding practice is "fair and neutral on its face" and "used in such a manner that it [does] not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." *See See's Candy Shops, Inc. v. Superior Court*, 210 Cal. App. 4th 889, 907 (2012); *Corbin v. Time Warner* 821 F.3d 1069, 1078 (9th Cir. 2016).

With respect to Plaintiff's wage statement claim, Defendant contends that even if Plaintiff could show a technical deficiency in Defendants' pay stubs, they cannot establish any injury stemming from the purported deficiency sufficient to allow recovery under Cal. Lab. Code § 226(e). *See Milligan v. Am. Airlines, Inc.*, 577 Fed. Appx. 718, 719 (9th Cir. 2014) ("The injury requirement ... cannot be satisfied simply if one of the nine itemized requirements in [§ 226(a)] is missing from a wage statement."); *Holak v. K Mart Corp.*, 2014 U.S. Dist. LEXIS 139879, at *21 (E.D. Cal. Sept. 30, 2014) ("Because Plaintiff did not view her wage statements (even though the injury required to find a violation of California Labor Code § 226 is minimal) the minimal injury requirement is not met.") (internal citation omitted); *Ridgeway v. Wal-Mart Stores, Inc.*, 2014 U.S. Dist. LEXIS 126806, at *28-29 (N.D. Cal. Sept. 10, 2014) ("the statute requires that an employee may not recover for violations of section 226, subdivision (a) unless he or she demonstrates an injury arising from the missing information") (italics in original). Moreover, Defendant contends that Plaintiff cannot recover on a wage statement claim that is derivative of any other theory of liability, such as failure to pay overtime at the appropriate regular rate. *See Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1336-37 (2018).

With respect to the waiting time penalties, Defendant contends that (1) it had a policy and practice of paying wages due upon termination; (2) it did not act willfully to the extent any wages were not paid upon termination, and waiting time penalties are recoverable only when a *willful* violation has occurred (see Cal.

22

Code Regs. Tit. 8, § 13520; and (3) that a waiting time penalties claim cannot be based on failure to pay meal and rest period premiums. *See Singletary v. Teavana Corp.*, 2014 WL 1760884, *4 (N.D. Cal. Apr. 2, 2014) (holding that section 203 penalties for willful failure "to pay any wages of an employee" were not meant to include the payments under section 226.7); *Naranjo v. Spectrum Security Servs., Inc.*, 40 Cal. App. 5th 444, 463-75 (2019) (same). Moreover, Defendant contends that it pre-pays any penalty for untimely payment of final wages by adding additional "Post Termination Wages" into final paychecks to compensate class members for any delay in providing the final paycheck.

With respect to the meal period claims, Defendant contends that its policies and practices are in compliance with the law and that it paid meal period premiums when called for as reflected by the premiums that were included in the records produced to Plaintiff. Defendants also had additional arguments on the merits of the meal and rest period claims, including that, in accordance with its policies, Defendant provided class members the opportunity to take all legally compliant meal periods and any failure of class members to take timely, complete meal periods was a matter of class member choice.

As noted, Plaintiff has been unable to establish that there were rest period violations, significant unpaid PTO, or overtime pay violations based on discovery and the records produced. Again, Defendant has adamantly denied any liability on these claims.

Ultimately, the best alternative to a negotiated agreement is unknown, but there is substantial risk that it might be a loss or a partial win accompanied by significant delay.

The settlement of $875,000 represents a reasonable settlement based on the defenses asserted by Defendant and because it provides the surety of receiving payment right away. *See, e.g., Villegas v. J.P. Morgan Chase*, 2012 WL 5878390 (N.D. Cal. 2012) (district court approved settlement of 15% of potential recovery);

23

*Stovall-Gusman v. W.W. Granger, Inc.*, 2015 U.S. Dist. LEXIS 78671, at *12 (N.D. Cal. 2015) (the District Court granted final approval where "the proposed Total Settlement Amount represents approximately 10% of what class might have been awarded had they succeeded at trial").

### 3. The Total Recovery is Fair Given the Realistic Potential Damages

Based on an analysis of an estimated 89,442 shifts, representing a 25% sample of the full data, Plaintiff has determined that the rounding claim is worth a maximum of $203,553 if proven to its fullest extent. (Bradley Decl. ¶ 13)

Based on an analysis of 25% of employees' time records, Plaintiff determined that the maximum possible meal break damages for the class were $2,773,926 including interest. This amount includes a $368,177 credit for meal premiums paid by Defendant during the class period. (Bradley Decl. ¶14)

Plaintiff calculated waiting time penalties at a maximal value of $2,309,219. (Bradley Decl. ¶15) Plaintiff calculated the wage statement penalties at a maximal value of $2,810,950. (Bradley Decl. ¶15) Finally, Plaintiff calculated the PAGA penalties based on rounding at a maximal value of $5,621,900. (*Id.*).

The absolute total possible value of the claims is therefore $13,719,548.

However, these amounts do not reflect a realistic estimate of the value of the claims and the amounts that could be recovered if liability were established at trial. In particular, as noted above, there are significant defenses to the wage statement claims including the possibility that Plaintiff will not be able to establish the threshold minimal injury requirement. Thus, the value of this claim is likely nowhere near the $2,810,950 maximal value that has been calculated.

Likewise, the waiting time penalty is calculated for a full 30-day penalty period, but Plaintiff received his final pay only a day after he was terminated. While waiting time penalties might also be derivative of other violations, those

24

claims are substantially weaker because Defendant contends that they did not act willfully and that waiting time claims cannot be based on meal and rest break violations, which represent the most significant basis for imposition of derivative waiting time penalties. Accordingly, a more realistic estimate of the waiting time penalties that might be recovered is a small fraction of the $2,309,219 calculated and may indeed approach $0.

Finally, with respect to the PAGA penalties for rounding, the ~$5.6 million in maximum penalties far outstrip the ~$200,000 in damages and as discussed below is highly likely to be reduced dramatically by the Court. Additionally, the penalty is calculated for each pay period although Plaintiff would likely not be able to establish a violation for each employee for each pay period.

With respect to the meal break violations, Plaintiff does not think it is likely that the full $2,773,926 calculated is recoverable based on Defendant's contention that it maintained compliant meal period policies and practices and provided class members the opportunity to take legally-compliant meal periods.

In all events, the core claims in this case that are likely to be established are the claim for rounding for approximately $200,000 and the claim for meal breaks for an amount short of $2.75 million. The Class recovery of $875,000 is thus quite substantial in light of the value of the strongest claims.

### 4. Estimated PAGA Damages and Distribution

As noted above, the full PAGA penalties amount calculated is on the order of $5.6 million. However, PAGA expressly counsels against such awards that exceed restitution awards. *See* Lab. Code § 2699(e)(2) ("…a court may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory.") Plaintiff bears the heavy burden of establishing that Defendants' conduct was willful, knowing and intentional and, in the cases of civil penalties, not worthy of

25

discretionary reduction by the Court. *See* Labor Code § 2699(e)(2). There is a substantial risk that the Court could reduce civil penalties to an insignificant amount if it is unpersuaded by Plaintiff's evidence of willful and intentional conduct. Moreover, approval of PAGA allocations in the class context show wide variance in the amounts determined by the Court to be fair, reasonable and adequate. *See e.g.*, *Garcia v. Gordon Trucking, Inc.*, No. 1:10-CV-0324 AWI SKO, 2012 WL 5364575, at *2-3 (E.D. Cal. Oct. 31, 2012) (approving settlement for $3.7 million with $10,000 allocated towards PAGA); *Reed v. Thousand Oaks Toyota*, No. 56-2012-00419282-CU-OE-VTA, 2013 WL 8118716 (Cal. Super. Ct. Apr. 8, 2013) (class action settlement approved for $108,624, with $1,500 allocated towards PAGA penalties); *Bolton v. U.S. Nursing Corp.*, No. C 12-4466 LB, 2013 WL 5700403 (N.D. Cal. Oct. 18, 2013) (approving class action settlement for $1,700,000, with $15,000 allocated towards PAGA); *Nordstrom Commission Cases*, 186 Cal. App. 4th 576 (2010) (finding no abuse of discretion in approval over objection of more than $9 million settlement releasing California <u>Labor Code</u> Section 203 waiting time penalties and Private Attorney General Act (''PAGA''), Cal. Lab. Code §2699 et seq. penalties, based on evidence before trial court that such claims were pled, argued, evaluated and resolved as part of settlement, despite PAGA claims being allocated $0 value).

There are a number of manageability issues as to the PAGA claims as well. A PAGA claim will be deemed unmanageable if individualized inquiries—such as whether an employee was forced to forgo a meal period—are necessary to establish liability and ascertain which employees are aggrieved. *See, e.g., Ortiz v. CVS Caremark Corp.*, 2014 WL 1117614, at *4 (N.D. Cal. Mar. 19, 2014) (striking PAGA claim) ("[T]he circumstances of this case make the PAGA claim here unmanageable because a multitude of individualized assessments would be necessary … [p]roof of this [off-the-clock] claim would be unmanageable, and could not be done with statistical or survey evidence but only with detailed

26

inquiries about each employee claimed to have done so and her manager's knowledge thereof."); *Amey v. Cinemark*, 2015 WL 2251504, at *16 (N.D. Cal. May 13, 2015) (dismissing PAGA claims; "[W]hen the evidence shows, as it does here, that numerous individualized determinations would be necessary to determine whether any class member has been injured by [defendant's] conduct, then allowing a representative action to proceed is inappropriate."); *Bowers v. First Student, Inc.*, 2015 WL 1862914, at *4 (C.D. Cal. Apr. 23, 2015) (striking PAGA claim; "A PAGA claim can be considered unmanageable when 'a multitude of individualized assessments would be necessary.'") (internal quotations and citations omitted); *Litty v. Merrill Lynch & Co.*, 2014 WL 5904904, at *3 (C.D. Cal. Nov. 10, 2014) (striking PAGA claim) ("PAGA representative action allegations can be stricken where such claims would be unmanageable … The circumstances of this case make the PAGA claim unmanageable because a multitude of individualized assessments would be necessary.").

As is always the case when weighing the option of settlement against the prospect of attempting to proceed to trial, Plaintiff needed to accept that there was a possibility that he would not prevail at trial. Indeed, a number of PAGA trials have resulted in defense verdicts. *See e.g. Childers v. Anthony Shenouda Inc.*, Case No., BC517798 pending in the Superior Court for the State of California, County of Los Angeles (trial of misclassification case under PAGA resulting in a defense verdict after bench trial, the Honorable Elihu Berle presiding); *Allen v. American Multi-Cinema Inc.*, Case No. RG-11-585502, pending in the Superior Court for the state of California, County of Alameda (trial of seating claims under PAGA resulted in a defense verdict following a bench trial, the Honorable George C. Hernandez); *Atempa v. Pama Inc.*, Case No. 37-2013-00058208-CU-OE-CTL, pending in the Superior Court for the State of California, County of San Diego (verdict for plaintiff in the amount of $ 297,723 following bench trial on wage and

27

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT                Case No. ED 5:18 CV 18-1574-GW (SPx)

1  hour case on behalf of 70 aggrieved employees, the Honorable Joel R. Wohlfeil
2  presiding.)  Thus, in the face of such uncertainty, settlement was advantageous to
3  Plaintiff, the LWDA and the aggrieved employees as it secured some monetary
4  recovery.

5       Pursuant to the Settlement Agreement, $50,000 from the Class
6  Settlement Amount shall be allocated to the resolution of the PAGA claim, of
7  which 75% ($37,5000) will be paid directly to the LWDA, and the remaining
8  25% will be added to the Net Settlement Amount.  This result was reached
9  after good-faith negotiation between the parties.  Where PAGA penalties are
10  negotiated in good faith and "there is no indication that [the] amount was the
11  result of self-interest at the expense of other Class Members," such amounts
12  are generally considered reasonable.  *Hopson v. Hanesbrands Inc.*, Case No.
13  08-00844, 2009 U.S. Dist. LEXIS 33900, at *24 (N.D. Cal. Apr. 3, 2009); *see*,
14  *e.g.*, *Nordstrom Com. Cases*, 186 Cal. App. 4th 576, 579 (2010) ("[T]rial court
15  did not abuse its discretion in approving a settlement which does not allocate
16  any damages to the PAGA claims.").

17       The PAGA component of the Settlement is the product of arms'-length
18  negotiations between counsel well versed in the intricacies of PAGA litigation
19  and more importantly, wage and hour employment law.  Class Counsel
20  conducted extensive formal and informal investigation and discovery into the
21  claims at issue and have assessed both the strengths and weaknesses of the
22  claims and the risks of continued litigation.  Based on the preceding, Class
23  Counsel strongly believe that the PAGA component of the Settlement
24  appropriately reflects the relative strengths of the Parties' respective claims
25  and defenses, as well as the substantial risks presented in continuing the
26  litigation.

27       Plaintiff will submit a copy of this motion for preliminary approval to
28  the LWDA before the hearing of this Motion and Defendant will ensure

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT           Case No. ED 5:18 CV 18-1574-GW (SPx)

compliance with 28 U.S.C. § 1715 regarding notice to Federal and State officials.

### a. The Method of Distributing Relief is Appropriate

The Notice of Proposed Class and Representative Action Settlement ("Class Notice") and settlement administration procedure satisfy due process. Rule 23(c)(2) of the Federal Rules of Civil Procedure requires the Court to direct the litigants to provide Class Members with the "best notice practicable" under the circumstances, including "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 173, 94 S. Ct. 2140, 2150, 40 L. Ed. 2d 732, 746 (1974). Under Rule 23(c)(2), notice by mail provides such "individual notice to all members." *Id.* Where the names and addresses of Class Members are easily ascertainable, individual notice through the mail constitutes the "best notice practicable." *Id.* at 175.

The Class Notice was jointly drafted and approved by the Parties and provides Class Members with all required information so that each member may make an informed decision regarding his or her participation in the Settlement. The Class Notice provides information regarding the nature of the lawsuit; a summary of the substance of the settlement terms; the class definition and subclass definitions; the deadlines by which Class Members must submit Request for Exclusion or objection; the date for the final approval hearing; the formula used to calculate settlement payments; a statement that the Court has preliminarily approved the settlement; and a statement that Class Members will release the settled claims unless they opt out. Accordingly, the Class Notice satisfies the requirements of Rule 23(c)(2).

The Class Notice summarizes the proceedings and the terms and conditions of the Settlement in an informative and coherent manner, complying with the statement in *Manual for Complex Litigation*, *supra*, that

29

"the notice should be accurate, objective, and understandable to Class Members . . . ." *Manual for Complex Litigation*, Third (Fed. Judicial Center 1995) ("Manual") § 30.211. The Class Notice states that the Settlement does not constitute an admission of liability by Defendants, and that Final Approval has yet to be made. The Class Notice thus complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. Rule 23(c)(2) and (e); *Manual* §§ 8.21, 8.39; *Manual* §§ 30.211, 30.212.

The Settlement Administrator will mail the Class Notice to all Settlement Class Members via first class United States mail. (Bradley Decl., Ex. "1," Settlement Agreement at ¶¶ 7.2.1-7.2.3.) Prior to mailing the Class Notice, the Settlement Administrator will search the National Change of Address Database and update the Class Notice Data to reflect any identifiable address changes. Any Class Notices returned to the Settlement Administrator as undeliverable on or before the deadline for postmarking Opt Outs shall be sent promptly via First-Class U.S. Mail to the forwarding address affixed thereto. If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine the correct address using a single skip-trace or other search using the name, address and/or Social Security Number of the Settlement Class Member involved, and it shall then perform up to three re-mailings. This method was negotiated by the Parties to maximize the Class Member notification rate while ensuring cost effective administration of the Settlement.

### b. There Are No Obvious Defects in the Settlement

A Court should also consider possible deficiencies in a settlement including an overly broad release of claims, an insufficient timeframe for notice, an inadequate form of payment, an unrelated *cy pres* designee, or an unreasonable request for attorneys' fees, among other things. See *Custom*

30

*LED, LLC v. eBay, Inc*, 2013 WL 6114379, *7-8 (N.D. Cal. Nov. 20, 2013); *Deaver*, 2015 WL 4999953, *7. Here, Class Members will release only wage and hour claims, such as those that could arise from their employment and will not release claims for discrimination, wrongful termination, or personal injury.[6] The timeframe for notice is adequate, and class members will be given ample opportunity to submit claims. Likewise, the distribution will compensate the class member fairly, as discussed above. No unclaimed funds will revert to Defendants.

Likewise, the attorneys' fee provision is fair and does not give rise to any deficiency. Plaintiff's Counsel intends to apply for fees not to exceed $33^1/_3\%$ of the Gross Settlement Amount ("GSA") along with reimbursement of their reasonable cost not to exceed $15,000. The Settlement is not contingent upon the Court approving Counsel's application. "The typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value, with 25 percent considered a benchmark percentage." *Barbosa v. Cargill Meat Sols. Corp.,* 297 F.R.D. 431, 448 (E.D. Cal. 2013). However, "in most common fund cases, the award exceeds that benchmark percentage." *Id.; In re Activision Sec. Litig*., 723 F.Supp. 1373, 1377 (N.D.Cal.1989) ("nearly all common fund awards range around 30%"). Thus, here, a $33^1/_3\%$ fee is reasonable particularly given the complexity litigation.

---

[6] Although the release may seem overbroad at first glance because individuals who are not terminated will release waiting time claims asserted, they are not actually releasing any claims that they could assert because they have no such claim. Likewise, because Plaintiff was not able to establish that there is value in overtime claims, rest break claims, and claims for failure to pay vacation wages, that does not mean those claims should not be released. Rather, the prospect of global peace is part of what induces a defendant to settle and therefore allows the Class Members to recover for their claims that do have value. In other words, the inability to establish that a claim is independently valuable is not a basis for excluding it from the release. Rather, settling that claim is part of the consideration that allows the settlement to go forward as a whole and increases the settlement value of the more valuable claims.

1

2

### c. The Settlement Provides for Equitable Treatment of Class Members

The settlement funds will be distributed to the Class Members proportional to the length of time they were employed by Defendant during the Settlement Class Period. This proportional distribution treats Class Members equitably.

*See, e.g., Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1334–35 (N.D. Cal. 2014) (finding no undue preferential treatment where settlement payment for minimum wage and overtime compensation claims was allocated pro rata among the claimants based upon the number of hours of overtime worked).

Although the waiting time claim accrues only for terminated employees, it is not inappropriate to distribute the full settlement value on a pro rata basis across the class because the realistic recovery from the waiting time claims is low given the defenses that Defendant would assert, Defendant's practices, and in particular the difficulty that would be inherent in establishing that any of the waiting time was caused by willful actions on the part of the Defendant. As discussed above, Defendant maintains that its practice of incorporating "Post Termination Wages" into final paychecks to account for any delay eliminates any recovery on this claim. Further, Defendant maintains its rounding and vacation practices are legally compliant and that the class is not entitled to any recovery of waiting time penalties based upon meal period or rest break violations. The amounts recovered in the settlement on the basis of those claims are therefore de minimis as compared to the core claims and it does not create inequity to distribute those amounts throughout the class. Plaintiff himself has a waiting time claim and he still signed on to the Settlement Agreement distribution mechanism.

The Ninth Circuit has recognized that service awards to named plaintiffs in a class action are permissible and do not necessarily render a settlement

32

unfair or unreasonable. See *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). However, the service award must be "reasonable," and the Court "must evaluate their awards individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... the amount of time and effort the plaintiff expended in pursuing the litigation ... and reasonabl[e] fear [s of] workplace retaliation." *Id.* (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) ) (alterations in original). A "very large differential in the amount of damage awards between the named and unnamed class members" must be justified by the record. *Id.* at 978. An incentive award of $5,000 is considered "presumptively reasonable" in this District, but courts have approved higher awards where class representatives can make a strong showing on one or more of the *Staton* factors. See *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA EMC, 2012 WL 5878390, at *7 (N.D. Cal. Nov. 21, 2012). Here, the incentive award sought by Plaintiff is very reasonable given the time expended by Plaintiff on behalf of the Class.

### d. The Court Should Approve Simpluris, Inc. As Third-Party Administrator

The Parties have agreed to retained Simpluris, Inc. a company with substantial class action administration experience, as the Claims Administrator in the case. (Declaration of Michael Bui ("Bui Dec."), ¶¶ 2-3.) Simpluris, Inc. has extensive experience in disseminating class action notices and administering class action settlements, in more than 5,000 cases. (Bui Dec., ¶ 3.) Of these, more than 3,000 were Labor & Employment cases. (*Id.*) Simpluris has provided a bid of $17,000.00 to act as a class action Settlement Administrator for this case. (Bui Dec. ¶ 4.) A detailed list of Simpluris' responsibilities are detailed in the declaration of Mr. Bui. (*Id.*) In Class Counsel's experience, this bid is competitive for similar wage-and-hour class

33

action settlement administrations. (Bradley Decl., ¶ 48.)

## V. CONCLUSION

The Parties have negotiated a fair and reasonable settlement of claims. Having appropriately presented the materials and information necessary for preliminarily approval, the Parties request that the Court preliminarily approve the settlement.

Dated: April 1, 2020

**BRADLEY/GROMBACHER, LLP
LAW OFFICES OF SAHAG MAJARIAN, II**


By: */s/ Marcus J. Bradley*
    Marcus J. Bradley, Esq.
    Kiley L. Grombacher, Esq.
    Sahag Marjarian, II, Esq.

Attorneys for Plaintiff

# EXHIBIT 6

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:   (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
          kgrombacher@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:  (818) 609-0807
Facsimile:   (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, JOSE GONZALEZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, an individual, on his own behalf and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CARDINAL HEALTH 200, LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. ED CV 18-1574-GW(SPx) <br> Hon. George Wu <br><br> **PLAINTIFF'S NOTICE OF CORRECTED HEARING DATE RE: UNOPPOSED MOTION FOR PRELMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> **Incorrect Date: May 1, 2020** <br> **Correct Date:   May 7, 2020** <br> **Time: 8:30 a.m.** <br> **Location: United States District Court** <br> **      Central District** <br> **      350 W. 1st Street** <br> **      9th Floor, Courtroom 9D** <br> **      Los Angeles, CA 90012** |

TO THE COURT AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that Plaintiff 's unopposed Motion for Preliminary Approval of Class Action Settlement, filed on April 1, 2020 (Doc. No. 31) listed May 1, 2020 as the hearing date, which is incorrect.  The correct hearing date is Thursday, May 7, 2020.

Dated:  April 2, 2020                    **BRADLEY/GROMBACHER, LLP**
                                                          **LAW OFFICES OF SAHAG MAJARIAN II**


                                                  By: _/s/ *Marcus J. Bradley*_____
                                              Marcus J. Bradley, Esq.
                                                      Kiley L. Grombacher, Esq.
                                                      Sahag Majarian, II
                                                  Attorneys for Plaintiff

# EXHIBIT 7

**EXHIBIT 7**

*Jose Gonzalez v. Cardinal Health 200, LLC*
*United States District Court for the Central District of California,*
*Case No. 5:18 CV 18-1574-GW (SPx)*

**Class Action Fairness Act (CAFA) Notice**
**SUMMARY OF APPROXIMATE NUMBER OF CLASS MEMBERS IN EACH STATE**
**OR TERRITORY**

| State / Territory | Number of Class Members |
|---|---|
| Alabama | 0 |
| Alaska | 0 |
| Arizona | 0 |
| Arkansas | 0 |
| California | 1,817 |
| Colorado | 0 |
| Connecticut | 0 |
| Delaware | 0 |
| District of Columbia | 0 |
| Florida | 0 |
| Georgia | 0 |
| Hawaii | 0 |
| Idaho | 0 |
| Illinois | 0 |
| Indiana | 0 |
| Iowa | 0 |
| Kansas | 0 |
| Kentucky | 0 |
| Louisiana | 0 |
| Maine | 0 |
| Maryland | 1 |
| Massachusetts | 0 |
| Michigan | 1 |
| Minnesota | 0 |
| Mississippi | 0 |
| Missouri | 0 |
| Montana | 0 |
| Nebraska | 0 |
| Nevada | 0 |
| New Hampshire | 0 |
| New Jersey | 0 |
| New Mexico | 0 |
| New York | 0 |
| North Carolina | 0 |
| North Dakota | 0 |
| Ohio | 0 |

| | |
|---|---|
| Oklahoma | 0 |
| Oregon | 0 |
| Pennsylvania | 0 |
| Rhode Island | 0 |
| South Carolina | 0 |
| South Dakota | 0 |
| Tennessee | 0 |
| Texas | 1 |
| Utah | 0 |
| Vermont | 0 |
| Virginia | 0 |
| Washington | 0 |
| West Virginia | 0 |
| Wisconsin | 0 |
| Wyoming | 0 |
| Armed Forces/Military | 0 |
| Puerto Rico | 0 |
| Guam | 0 |
| US Virgin Islands | 0 |
| **TOTAL** | **1,820** |

4848-8584-1849, v. 1

EXHIBIT 8

**EXHIBIT 8**

*Jose Gonzalez v. Cardinal Health 200, LLC*
*United States District Court for the Central District of California,*
*Case No. 5:18 CV 18-1574-GW (SPx)*

**Class Action Fairness Act (CAFA) Notice**
**DISTRIBUTION LIST**

William P. Barr
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-00001

CAFA Coordinator
Office of Attorney General Xavier Becerra
Consumer Law Section
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102

Office of Attorney General Brian E. Frosh
Attn:  CAFA Coordinator
200 St. Paul Place
Baltimore, MD 21202

Office of Attorney General Dana Nessel
Attn:  CAFA Coordinator
Consumer Protection Division
525 W. Ottawa St.
Lansing, MI 48909

Office of Attorney General Ken Paxton
Attn:  CAFA Coordinator
300 W. 15th Street
Austin, TX 78701

4839-3052-3577, v. 1