1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JOSE GONZALEZ, an individual on his own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

CARDINAL HEALTH 200, L.L.C., a Delaware limited liability company, and DOES 1 through 20, inclusive,

    Defendants.

Case No. EDCV 18-1574-GW-SPx
Hon. George H. Wu

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND REPRESENTATIVE SETTLEMENT**

1    WHEREAS, Plaintiff Jose Gonzalez ("Plaintiff") has applied to this Court for an
2    Order preliminarily approving the Settlement of this Action in accordance with the
3    Joint Stipulation of Class and Representative Action Settlement ("Settlement
4    Agreement"), which sets forth the terms and conditions for a proposed Settlement; and

5    WHEREAS, the Court has read and carefully considered Plaintiff's Motion For
6    Preliminary Approval of Class and Representative Action Settlement, the supporting
7    Memorandum of Points and Authorities, the Declarations of Marcus J. Bradley, Jose
8    Gonzalez, and Michael Bui filed in support thereof, and in recognition of the Court's
9    duty to make a preliminary determination as to the reasonableness of this proposed class
10   action Settlement, and if preliminarily determined to be reasonable, to ensure proper
11   notice is provided to all Class Members in accordance with due process requirements
12   and to set a Final Approval Hearing to consider the fairness, adequacy and
13   reasonableness of the proposed Settlement, **THE COURT HEREBY MAKES THE**
14   **FOLLOWING DETERMINATIONS AND ORDERS:**

15   This Order incorporates by reference the definitions in the Settlement
16   Agreement and all terms defined therein shall have the same meaning in this Order
17   as set forth in the Settlement Agreement.

18   The Court finds, for settlement purposes only, the requirements of Federal
19   Rule of Civil Procedure 23(a) and (b) are satisfied. For settlement purposes, as
20   stipulated by the Parties, the proposed Settlement meets the requirements of
21   numerosity, commonality and typicality, and there is adequate and fair
22   representation for settlement purposes. It appears to the Court on a preliminary
23   basis that the Settlement is fair, adequate and reasonable. Indeed, the Court
24   recognizes the significant value of the monetary recovery provided to Class
25   Members and finds that such recovery is fair, adequate and reasonable when
26   balanced against further litigation related to liability and damages issues. It further
27   appears that extensive and costly investigation, formal and informal discovery,
28

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
REPRESENTATIVE ACTION SETTLEMENT
*Gonzalez v. Cardinal Health 200, L.L.C.* Case No.: 5:18 CV 18-1574-GW (SPx)

Case 5:18-cv-01574-GW-SP   Document 41   Filed 05/26/20   Page 3 of 11   Page ID #:744


research and litigation have been conducted such that Class Counsel and Defense Counsel are able to reasonably evaluate their respective positions at this time. It further appears to the Court that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Action. It also appears that the Settlement has been reached as the result of intensive, serious and non-collusive, arms-length negotiations. Thus, the Court finds on a preliminary basis that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The settlement of $875,000 is non-reversionary and this amount falls within the range of similar settlements as set forth in the motion. Accordingly, the Motion for Preliminary Approval of Class and Representative Action Settlement is hereby **GRANTED**.

For purposes of this Settlement only, the Court hereby conditionally certifies the Class, defined as: Plaintiff and all persons, or each of them, currently or formerly employed by Defendant in the State of California and classified as hourly, non-exempt employees during the time frame of September 28, 2016 through the date the Court signs this Order (date of preliminary approval of the Settlement Agreement).

Should for whatever reason the Settlement not become final, the fact that the Parties were willing to stipulate to certification of the Settlement Class shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context, the Settlement Agreement shall be deemed null and void, and the Parties to the Settlement Agreement shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of the Settlement Agreement

For Settlement purposes only, the Court hereby appoints Plaintiff Jose Gonzalez as the Class Representative.

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**
*Gonzalez v. Cardinal Health 200, L.L.C.* **Case No.: 5:18 CV 18-1574-GW (SPx)**

1    For Settlement purposes only, the Court hereby appoints Marcus J. Bradley
2    of Bradley/Grombacher LLP as Class Counsel.

3    The Court hereby appoints Simpluris, Inc. as the Settlement Administrator to
4    administer the Settlement of this matter as more specifically set forth in the
5    Settlement Agreement.

6    The Court approves, as to form and content, the proposed Notice of
7    Settlement (attached as Exhibit A to the Settlement Agreement) including the
8    "Information Sheet" (attached as Exhibit B to the Settlement Agreement).  The
9    Court finds that the Notice of Settlement fairly and adequately advises Class
10   Members of the terms of the proposed Settlement and the benefits available to Class
11   Members thereunder.  The Court further finds that the Notice of Settlement advises
12   of the pendency of the Action, of the proposed Settlement, of Class Members' right
13   to receive their share of the Settlement, of the scope and effect of the Settlement's
14   Released Claims, of Class Members' rights and obligations relating to the
15   prospective relief provided through the Settlement, of the preliminary Court
16   approval of the proposed Settlement, exclusion and objection timing and
17   procedures, of the date of the Final Approval Hearing, and of the right to file
18   documentation in opposition to the Settlement and to appear in connection with the
19   Final Approval Hearing.  Thus, the Court finds that the Notice of Settlement clearly
20   comports with all constitutional requirements, including those of due process.  The
21   Court further finds that the mailing of the Notice of Settlement to the last known
22   address of Class Members as specifically described within the Settlement
23   Agreement, with measures taken for verification of addresses, as set forth therein,
24   constitutes an effective method of notifying Class Members of their rights with
25   respect to the Action and this Settlement.

26   Within fifteen (15) calendar days after the entry of the Preliminary Approval
27   Order, Defendants will send to the Settlement Administrator the Class Notice Data.

28
-4-

Upon receipt of the Class Notice Data, the Settlement Administrator shall check the names of Class Members with the U.S. Postal Service National Change of Address Database and update any addresses with any new information found regarding the location of those Class Members.  The Settlement Administrator will update the Class Notice Data with the new contact information found pursuant to its obligations in this paragraph, or based on information provided by Class Members during the claims process.  The Class Notice Data shall be used by the Settlement Administrator solely for the purpose of administering the Settlement.  The Class Data shall be kept confidential by the Settlement Administrator and none of its contents shall be disclosed, shared with, or communicated to Class Counsel except for the names and Individual Settlement Payments of the Class Members.

Within twenty-five (25) calendar days of the entry of the Preliminary Approval Order, the Settlement Administrator will send via first class mail the Notice of Settlement approved by the Court to the Class Members using the Class Notice Data Defendants provided to the Settlement Administrator as updated by the Settlement Administrator.   If any Notices of Settlement are returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall run a skip-trace in an effort to attempt to ascertain the current address of the Class Member.  If such address is ascertained, the Settlement Administrator shall re-mail the Notice of Settlement within three (3) business days of receipt of the returned Class Notice.  If no updated address is obtained for that Class, Member, the Class Notice shall be sent again to the last known address of the Class Member within three (3) business days of receipt of the returned Class Notice.

Class Members, except Plaintiff, will have forty-five (45) calendar days from the date of mailing the Notices of Settlement within which to file an objection to the Settlement. To object, a Class Member must send to the Settlement Administrator a written objection as set forth in the Notice of Settlement, and

-5-

provide notice of any intent to appear at the Final Approval Hearing.  Plaintiff cannot object to the Settlement.  Plaintiff and Class Counsel agree that they will not solicit, encourage, or advise any individual to object to the Settlement.  Class Members, except Plaintiff, will have forty-five (45) calendar days from the date of mailing the Notices of Settlement within which to opt out of and be excluded from the Settlement.  To opt out, a Class Member must submit a written request to opt out of the Settlement Administrator ("Request for Exclusion") within this 45-day deadline.  Written requests to opt out from the Settlement that are post-marked after this 45-day deadline will be rejected, and Class Members submitting untimely requests to opt out shall be bound by the Settlement and its releases and will be Participating Class Members for settlement distribution purposes unless this Court orders that the request to opt out is a valid Request for Exclusion.

Defendants may withdraw from Settlement if 5% or more Settlement Class Members opt out of the Settlement.  In the event that Defendants exercise their right to withdraw and in the absence of a breach by Plaintiff or her counsel, Defendants shall be solely responsible for all costs of the Settlement. The Final Approval Hearing shall be held on  September 3, 2020  at 8:30 a.m., in the United States District Court, Central District of California, Courtroom 9D -  9th Floor, located at 350 W. 1st Street, Los Angeles, California, 90012, to consider the fairness, adequacy and reasonableness of the proposed Settlement and Class Counsel's requests for (a) the PAGA penalties; (b) Plaintiff's Service Payment; (c) the Class Counsel Fees Award; (d) the Class Counsel Costs Award; and (e) Settlement Administration Costs.  All briefs and materials in support of the Final Approval Order shall be filed with this Court on twenty-one (21) calendar days before the Final Approval Hearing.

Pending further orders of this Court, all proceedings in this matter except those contemplated in this Preliminary Approval Order and in the Settlement

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**
*Gonzalez v. Cardinal Health 200, L.L.C.* Case No.: 5:18 CV 18-1574-GW (SPx)

Agreement are stayed.  To the extent permitted by law, pending final determination as to whether the Settlement should be approved, the Court hereby orders that the Class Representative and all Class Members, whether directly, representatively, or in any other capacity, shall not prosecute any claims or actions against Releasees that would be released by the Released Claims if final approval of the Settlement is granted.

The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to Class Members.

This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Settlement Agreement.

If the Court grants Final Approval, each Settlement Class Member and their successors shall conclusively be deemed to have released the Released Claims as set forth in the Settlement Agreement and Class Notice, against Releasees (as defined in the Settlement Agreement), and all such Settlement Class Members and their successors shall be permanently enjoined and forever barred from asserting any Released Claims against Releasees.


**IT IS SO ORDERED.**


Date: May 26, 2020

_____
HON. GEORGE H. WU
U.S. DISTRICT JUDGE

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT**
*Gonzalez v. Cardinal Health 200, L.L.C.* Case No.: 5:18 CV 18-1574-GW (SPx)

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
*Jose Gonzalez v. Cardinal Health 200, L.L.C.*
Case No. 5:18-cv-01574-GW (SPx)

## NOTICE OF PROPOSED CLASS AND REPRESENTATIVE ACTION SETTLEMENT

NAME
ADDRESS
CITY, STATE ZIP

---

**To:**   All current and former non-exempt individuals who were employed by Defendant Cardinal Health 200, L.L.C. in California from September 28, 2016 through May 22, 2020 ("Class Members").

---

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED.
YOU MAY BE ENTITLED TO RECEIVE MONEY FROM THIS PROPOSED SETTLEMENT.

**TO BE ELIGIBLE TO RECEIVE YOUR SHARE, YOU DO NOT NEED TO DO ANYTHING.**

This Notice is Court approved. This is not a solicitation from an attorney.

**1.    WHY DID I GET THIS NOTICE?**

You received this Notice because a proposed settlement (the "Settlement") has been reached of a class and representative action lawsuit entitled *Jose Gonzalez v. Cardinal Health 200, L.L.C.,* Case No. 5:18-cv-01574-GW (SPx), currently pending in the United States District Court, Central District of California (the "Lawsuit").  Records show that you are a member of the proposed Settlement class ("Class Member").  Because the proposed Settlement would affect your legal rights as a Class Member, the Court ordered that this Notice be sent to you.

The Notice provides you with a brief description of the Lawsuit, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement, see Section 16, below.

**2.    WHAT IS THIS LAWSUIT ABOUT?**

Plaintiff Jose Gonzalez ("Class Representative") filed a Lawsuit against Cardinal Health 200, L.L.C. ("Cardinal" or "Defenant" on May 31, 2018 in the Superior Court for the State of California for the County of San Bernardino.  Defendant removed the case to the United States District Court for the Central District of California.  Plaintiff alleges that Cardinal did not pay all wages owed, overtime wages, final wages, final paid time off owed, did not provide proper wage statements and meal and rest periods, and engaged in unfair competition.  The Lawsuit includes a Private Attorneys General Act ("PAGA") claim.  For these alleged violations, the Class Representative sought monetary relief and statutory and civil penalties under the Labor Code as well as a claim under the Fair Labor Standards Act ("FLSA").

Defendants deny the allegations in the Lawsuit and are prepared to defend the action vigorously.  By entering into this proposed Settlement, Defendants are not admitting any violation or liability in any way to the Class Representative or to Class Members.  The Court has not made any rulings on the merits of the Lawsuit.

**3.    WHAT IS A CLASS ACTION?**

In a class action lawsuit, one or more persons sue on behalf of other people who may have similar claims.  The person suing and those he/she seeks to represent, together are called the class or class members.  A certified class action allows the Court to resolve the claims of all the class members who choose not to exclude themselves from the class.  A class member is bound by the determination or judgment entered in the case, whether the class wins or loses, and may not file his or her own lawsuit on the same claims that were decided in the class action.  A class member is also covered by any settlement reached in the case.  A class action allows one court to resolve all of the issues in a lawsuit for all the class members who choose not to exclude themselves from the class.

In this Lawsuit, Jose Gonzalez, a former employee of Cardinal, is the Class Representative, and asserts claims on behalf of herself and the putative class.  Cardinal Health 200, L.L.C. is the Defendant.  The Class Representative has reached a proposed class-wide Settlement with Defendants, including a settlement of the PAGA claim.  The Court has not made any rulings on whether the Lawsuit may proceed as a class action aside from the proposed class action Settlement.

**4.    WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

All current and former non-exempt individuals who were employed by Defendant in California from September 28, 2016 through May 22, 2020 and who do not opt out of the Lawsuit, are included in the proposed Settlement.

**5.      WHAT ARE THE TERMS OF THE SETTLEMENT?**

The proposed Settlement will resolve all claims for minimum wages, overtime pay, final pay, wage statements, and meal and rest periods pursuant to the California Labor Code, PAGA, and the FLSA.

The proposed Settlement represents a compromise of highly disputed claims.  Nothing in the proposed Settlement is intended to or will be construed as an admission by Defendants that the claims in the Lawsuit have merit or that Defendants has any liability to the Class Representative or to the Class Members on those claims.  The Court has made no ruling on the merits of the Lawsuit.

The Parties have agreed to settle the case for a maximum of $875,000 ("Gross Settlement Amount").  Under the terms of the proposed Settlement, the following payments have been agreed to: (1) attorneys' fees not to exceed $291,666.67; (2) all documented litigation costs to Class Counsel, in amounts set by the Court, not to exceed $20,000; (3) a service payment to the Class Representative for services in the Lawsuit, in an amount not to exceed $5,000; (4) settlement administration costs not to exceed $17,000; and (5) $37,500 will be paid to the California Labor and Workforce Development Agency representing the portion of the Gross Settlement Amount that is allocated as payment for civil penalties to the State of California  in connection with Class Representative's PAGA claim alleged in this matter.  The amount of money remaining after these payments, which is approximately $503,833, is the amount that will be distributed to Class Members who do not opt-out of the proposed Settlement ("Net Settlement Amount").  If the proposed Settlement is approved, the Net Settlement Amount will be distributed to Class Members based on the number of weeks that they were employed during the Class Period as described in more detail below.

The Net Settlement Amount will be allocated as follows:  The Class Fund will be divided by the number of Participating Class Members to determine each Participating Class Member's share of the Class Fund.  The number of pay periods in which each Class Member was employed by Cardinal from September 28, 2016 through May 22, 2020 ("Qualified Pay Periods") will be aggregated to determine the Total Qualified Pay Periods.  A Class Member's pro-rata share of the Net Settlement Amount will be calculated according to the following formula: *Class Member's Qualified Pay Period(s) ÷ Total Qualified Pay Periods = Class Member's pro-rata share*.

Additional information regarding your expected share of the Net Settlement Amount can be found on the Information Sheet included herein.

**6.      HOW DOES THE SETTLEMENT AFFECT MY RIGHTS?**

If the proposed Settlement is finally approved, the Court will enter a Final Order and Judgment.

**Upon such Final Order and Judgment, you will release the following claims, and will be barred from prosecuting any and all such claims against Cardinal Health 200, L.L.C.**

The Released Claims include any and all causes of action and/or known and unknown claims which have been or could have been asserted against the Releasees alleging violations of California Labor Code sections asserted by Plaintiff in his Second Amended Complaint including, but not limited to, (1) failure to pay all wages; (2) failure to pay overtime compensation; (3) failure to pay paid time off in violation of California Labor Code section 227 .3; ( 4) failure to pay wages at the time of termination; ( 5) failure to provide proper wage statements; ( 6) violations of the Unfair Competition Law pursuant to the California Business and Professions Code section 17200 et seq.; (7) failure to pay all wages and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); (8) violations of the California Private Attorneys General Act, Labor Code section 2698 et seq. (PAGA); (9) failure to provide meal periods; (10) failure to provide rest breaks; and (11) any other claims that were or could have been brought by Plaintiff in the Action, including all claims under state, federal, or local law, whether statutory, common law, or administrative law, arising out of or related to allegations of, including, but not limited to, failure to pay wages, including overtime pay, meal period violations, rest break violations, failure to timely pay wages of terminated or resigned employees, failure to pay out accrued, unused vacation, wage statement violations, unfair competition law, injunctive relief, punitive damages, any claims arising under the California Labor Code, the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the California Private Attorneys General Act, Labor Code Section 2699 et seq.), Unfair Competition Law (Business and Professions Code Section 17200 et seq.), or penalties of any nature (including waiting time penalties under Labor Code section 203) and the applicable Wage Orders arising out of the facts alleged in the Second Amended Complaint in the Action, interest, fees, costs, and all other claims and allegations made in the Action during the Class Period ("Released Claims").

The Judgment will resolve the claims to the extent provided in the Settlement Agreement and will permanently bar all Class Members who do not opt out from prosecuting any and all such claims against Defendants.  You will remain bound by the Settlement, and you cannot sue, continue to sue or be a part of any other lawsuit about the Released Claims.  It also means that all of the Court's orders will apply to you and legally bind you.

In addition, all Class Members who cash their settlement check will release the Releasees from any and all claims for violation of the FLSA during the Class Period.

The precise definitions of the capitalized terms in this Notice can be found in the Joint Stipulation of Class and Representative Action Settlement, which can be viewed at the Courthouse (United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012) during normal business hours.

**7.      WHAT DO I NEED TO DO TO RECEIVE A SETTLEMENT PAYMENT?**

You do not need to do anything to participate in the proposed Settlement.  If the proposed Settlement is finally approved, the Settlement Administrator will mail out settlement payments pursuant to the schedule provided in the Settlement Agreement.  Class Counsel has been appointed and approved by the Court to represent you for settlement purposes only.

NOTE:  It is your responsibility to keep a current address on file with the Settlement Administrator to ensure that your settlement payment will be sent to the correct address.  If you fail to keep your address current, you may not receive your settlement

payment.

**8.      WHAT IF I DON'T WANT TO PARTICIPATE IN THIS SETTLEMENT?**

You have the right to request exclusion or opt out from the proposed Settlement.  To do so, you must submit a written Request for Exclusion to the Settlement Administrator at the following address: Gonzalez v. Cardinal Health 200, L.L.C., c/o Simpluris, P.O. Box 26170, Santa Ana, CA 92799. Requests for Exclusion must: (1) contain your name, signature, address, telephone number, and the last four digits of your social security number; (2) clearly state that you do not wish to be included in the proposed Settlement; (3) be sent to the Settlement Administrator at the specified address; and (4) be postmarked on or before July 31, 2020.

If you timely request to be excluded from the proposed Settlement, you will not receive any payment under the Settlement and will not be bound by the terms of the Settlement.  Unless you timely request to be excluded from the proposed Settlement, you will be sent a settlement payment and you will be bound by the Judgment upon final approval of the Settlement, including the Release described in this Notice.  Class Counsel will not represent your interests if you request to be excluded.

**9.      WHAT IF I WANT TO OBJECT TO THIS SETTLEMENT?**

If you do not request to be excluded, you can object to any of the terms of the proposed Settlement before the Final Approval Hearing in writing.  To object, you must submit a written objection to the Settlement Administrator at the following address: Jose Gonzalez v. Cardinal Health 200, L.L.C., c/o Simpluris, P.O. Box 26170, Santa Ana, CA 92799, which must: (1) include your name, signature, address, telephone number, and the last four digits of your social security number; (2) state that you wish to object to the proposed Settlement; (3) state whether you intend to appear at the Final Approval Hearing; (4) be sent to the Settlement Administrator at the specified address; and (5) be postmarked on or before July 31, 2020.  If the Court rejects your objection and approves the proposed Settlement, you will still be bound by the terms of the Settlement, and you will also be sent a settlement payment.

**10.     WHAT IF I DO NOT EXCLUDE MYSELF FROM THIS SETTLEMENT?**

The proposed Settlement, if finally approved by the Court, will bind all Class Members who do not request to be excluded from the Settlement whether or not they cash their settlement payment checks.  Final approval of the proposed Settlement will bar any Class Member who does not request to be excluded from the Settlement from hereafter initiating a lawsuit or proceeding regarding the Released Claims against the Releasees through May 22, 2020.

**11.     WILL THE CLASS REPRESENTATIVE BE COMPENSATED FOR BRINGING THIS LAWSUIT?**

Jose Gonzalez will request a service payment of up to $5,000 for his service as Class Representative and for his efforts in bringing the Lawsuit.  The Court will make the final decision as to the amount to be paid to the Class Representative.

**12.     DO I HAVE A LAWYER IN THIS CASE?**

The Court has ordered that the interests of the Class Representative and the Class Members for settlement purposes are represented by:

BRADLEY/GROMBACHER, LLP
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

Class Members will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     HOW WILL THE LAWYERS BE PAID?**

Class Counsel will be requesting from the Court an amount not to exceed $291,666.67 for their attorneys' fees and litigation costs not exceeding $20,000.  The actual amount awarded to Class Counsel will be determined by the Court.

**14.     WHAT IS THE FINAL APPROVAL HEARING?**

The Court has preliminarily approved the proposed Settlement and will hold a hearing to decide whether to give final approval to the proposed Settlement.  The purpose of the Final Approval Hearing will be for the Court to determine whether the proposed Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class Members; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service payment to the Class Representative.

**15.     WHEN AND WHERE IS THE FINAL APPROVAL HEARING?**

The Court will hold the Final Approval Hearing on September 3, 2020 at 8:30 a.m., in Courtroom 9D of the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012 ("Final Approval Hearing").  The Final Approval Hearing may be continued without further notice to the Class Members.  If the Settlement is not approved by the Court or does not become final for some reason, the Lawsuit may continue, and no settlement payments will be made.

You may attend the Final Approval Hearing, but it is not necessary for you to appear in order to receive your share of the

Settlement.  You have the right to attend the Final Approval Hearing without counsel or to be represented by your own counsel at your own expense.  At the hearing, the Court will be available to hear any objections and arguments concerning the proposed Settlement.  However, if you have requested exclusion from the proposed Settlement, you may not object or speak at the Final Approval Hearing.  If you plan to attend the Final Approval Hearing, you may contact Class Counsel to confirm the date and time.

**16.      WILL I BE TAXED ON THE SETTLEMENT PAYMENT?**

Taxes will be withheld from 33% of the Total Settlement Payments to Class Members because this portion of the settlement payments are considered wage amounts paid to Class Members.  Taxes will not be withheld from the remaining 67% of the Total Settlement Payments to Class Members which represent payments of interest, penalties, and other non-wage related payments.  Neither of the Parties nor their respective counsel make any representations as to the taxability to any Class Members of any portions of the settlement payments or other consideration.  Class Members who receive any settlement payment should consult their tax advisors concerning the tax consequences of the settlement payments they receive pursuant to the proposed Settlement.

**17.      HOW DO I GET MORE INFORMATION?**

To obtain a copy of the Joint Stipulation of Class and Representative Action Settlement (which defines the capitalized terms used in this Notice and provides a brief summary of what has happened in the Lawsuit), the operative Complaint filed in the Lawsuit, and other filed documents related to the Lawsuit and this proposed Settlement, you may contact the Clerk's Office at the United States District Court, Central District of California, located at 350 West 1st Street, Los Angeles, California 90012 during normal business hours.

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact the Settlement Administrator at the address and telephone number listed below, toll free.  Please refer to the Jose Gonzalez v. Cardinal Health 200, L.L.C. matter.

Simpluris, Inc.
P.O. Box 26170
Santa Ana, CA 92799
(714) 824-8590

**18.      WHAT IF MY INFORMATION CHANGES?**

If this Notice was sent to the wrong address or if, after you receive this Notice, you change your postal address or telephone number, it is your responsibility to inform the Settlement Administrator of your updated information.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE**