JS-6

**BRADLEY/GROMBACHER LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361-3089
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
kgrombacher@bradleygrombacher.com
mbradley@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:  (818) 609-0807
Facsimile:  (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff, Jose Gonzalez, on his own
Behalf and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, an individual on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDINAL HEALTH 200, L.L.C., a Delaware limited liability company, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. EDCV 18-1574-GW-SPx<br>Assigned to Hon. George H. Wu<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS FEES, COSTS AND ENHANCEMENT AWARD**<br><br>Date:  September 3, 2020<br>Time:  8:30 a.m.<br>Location:  United States District Court<br>Central District<br>350 W. 1st Street<br> Floor, Courtroom<br>Los Angeles, CA 90012 |

1

WHEREAS, this matter has come before the Court for final approval of the Settlement as set forth in the Stipulation and Agreement of Compromise and Class Settlement ("Settlement Agreement"), and the Court having considered all papers filed and the proceedings had and otherwise being fully informed, **THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:**

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including Plaintiff Jose Gonzalez and Class Members.

3. Pursuant to the Preliminary Approval Order dated May 26, 2020, the appointed Settlement Administrator, Simpluris, Inc., mailed a Notice of Settlement to all known Class Members by First Class U.S. Mail.  The Notice of Settlement fairly and adequately informed Class Members of the terms of the proposed Settlement and the benefits available to Class Members thereunder.  The Notice of Settlement further informed Class Members of the pendency of the Action, of the proposed Settlement, of Class Members' right to receive their share of the Settlement, of the scope and effect of the Settlement's Released Claims, of Class Members' rights and obligations relating to the prospective relief provided through the Settlement, of the preliminary Court approval of the proposed Settlement, of exclusion and objection timing and procedures, of the date of the Final Approval Hearing, and of the right to file documentation in support of or in opposition to the Settlement and to appear in connection with the Final Approval Hearing.  Class Members had adequate time to consider this information and to use the procedures identified in the Notice.

///

4. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice provided in the Action was the best notice practicable, which satisfied the requirements of law and due process.

5. There were no objections to the Settlement. There was one requested exclusion from the Settlement.

6. The Court finds that the Settlement offers significant recovery to all Class Members. The Court further finds that extensive and costly investigation, formal and informal discovery, research and litigation have been conducted such that Class Counsel and Defense Counsel are able to reasonably evaluate their respective positions at this time. The Court finds that the proposed Settlement, at this time, will avoid substantial additional costs by all Parties, as well as avoid the risks and delay inherent to further prosecution of the Action. The Court further finds that the Settlement has been reached as the result of intensive, serious, and non-collusive, arms-length negotiations. Thus, the Court approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate, and reasonable and directs the Parties to effectuate the Settlement according to its terms.

7. The Court finds that Plaintiff Jose Gonzalez, as the Class Representative, and Class Counsel have fairly and adequately represented and protected the interests of the Class at all times in the Action.

8. The Court hereby enters final judgment in this case in accordance with the terms of the Settlement Agreement and the Order Granting Motion for Preliminary Approval of Class Action and Representative Settlement.

9. The Court hereby orders the Settlement Administrator to distribute the Individual Settlement Payments to Class Members in accordance with the provisions of the Settlement.

10. Pursuant to the Settlement Agreement and the Court's Order granting preliminary approval of this Settlement, for purposes of this Final Approval Order and for this Settlement only, the Court hereby defines and certifies the Class as: Plaintiff and all persons, or each of them, currently or formerly employed by Defendant in the State of California and classified as hourly, non-exempt employees during the time frame of September 28, 2016 through May 26, 2020.

11. For purposes of this Final Approval Order and this Settlement only, the Court hereby confirms the appointment of Plaintiff Jose Gonzalez as the class representative. Further, the Court finally approves the Service Award as fair and reasonable, to Plaintiff in the amount of Five Thousand Dollars ($5,000). The Court hereby orders the Settlement Administrator to distribute the Service Award to the Plaintiff in accordance with the provisions of the Settlement.

12. For purposes of this Final Approval Order and this Settlement only, the Court hereby confirms the appointment of Marcus J. Bradley and Kiley L. Grombacher of Bradley Grombacher, LLP, as Class Counsel for the Class. Further, the Court finally approves a Class Counsel Fees Award, as fair and reasonable, not to exceed to Two Hundred Ninety-One Thousand Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($291,666.67).

13. The Court approves a Class Counsel Costs Award, as fair and reasonable, not to exceed Fourteen Thousand Dollars ($14,000).

14. For purposes of this Final Approval Order and this Settlement only, the Court hereby confirms the appointment of Simpluris Inc. as the Settlement Administrator to administer the Settlement of this matter as more specifically set forth in the Settlement Agreement and further finally approves Settlement

Administration Costs, as fair and reasonable, of Nineteen Thousand Dollars ($19,000).

15.    The Court hereby enters final judgment in accordance with the Settlement Agreement, and all Class Members who did not timely and appropriately opt out of the Settlement by submitting a Request for Exclusion, and their successors, are hereby deemed to have released all Released Claims as set forth in the in the Settlement Agreement and Class Notice against all Released Parties (as defined in the Settlement Agreement), and all Class Members who did not timely and appropriately opt out of this Settlement are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties.

16.    After Settlement administration has been completed in accordance with the Settlement Agreement, and in no event later than 180 days after the Effective Date, Defendants shall file a report with this Court certifying compliance with the terms of the Settlement.

17.    Neither this Final Approval Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing, or liability whatsoever.  Nor is this Final Approval Order a finding of the validity of any claims in the Action or of any wrongdoing by Defendant or any of the other Released Parties.  The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant or any of the other Released Parties and shall not be offered in evidence against Defendant or any of the Released Parties in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Final Approval Order, the Settlement Agreement, or any related agreement or release.  Notwithstanding these

restrictions, any of the Released Parties may file, in this Action or in any other proceeding, this Final Approval Order, the Settlement Agreement, or any other papers and records on file in the Action as evidence of the Settlement and to support a defense of res judicata, collateral estoppel, release, waiver, or other theory of claim preclusion, issue preclusion or similar defense.

18. If, for any reason, the Settlement does not become final and effective in accordance with the terms of the Settlement Agreement, resulting in the return and/or retention of the Settlement funds to Defendants consistent with the terms of the Settlement, then this Final Approval Order and all orders entered in connection herewith, including any order certifying the Class, appointing class representatives or Class Counsel, shall be rendered null and void and shall be vacated. Upon such occurrence, the Parties shall return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

19. Without affecting the finality of this Final Approval Order in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED.**

Date: September 17, 2020

_____
HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE